**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| In re: ) | |
| ) | Case No. 23-217-ELG |
| Charles Paxton Paret, ) | |
| ) | Chapter 7 |
| Debtor. ) | |

**DEBTOR'S MOTION AND COMBINED MEMORANDUM
IN SUPPORT OF RELIF FROM THE ORDER FOR
RELIEF IN AN INVOLUNTARY CASE ENTERED ON AUGUST 31, 2023**

NOW COMES the Debtor, Charles Paxton Paret, by his attorney, Donald M. Temple of the Temple Law Offices, pursuant to Rule 9024 of the Federal Rules of Bankruptcy Procedure and Rule 60(a) and (b)(1) and (4) of the Federal Rules of Civil Procedure, and respectfully moves the Court to vacate its Order for Relief in an Involuntary Case Entered on August 31, 2023.  In support of this motion, Debtor states as follows:

**INTRODUCTION**

This case involves a Chapter 7 Involuntary Petition.  The Petition was served on Debtor solely by first-class mail to two addresses, neither of which is Debtor's place of residence.  On August 31, 2023 -- 22 days after mailing -- this Court entered an Order granting the relief that Petitioners sought.  For the reasons set forth below, it is respectfully submitted that the Order (1) was entered prematurely and (2) is void for lack of personal jurisdiction due to insufficient service of process.  The Order should be vacated under Rule 9024 of the Federal Rules of Bankruptcy Procedure and Rule 60(a) and (b)(1) and (4) of the Federal Rules of Civil Procedure.

## FACTUAL AND PROCEDURAL BACKGROUND

1.  On August 4, 2023, purported creditors 1Sharpe Opportunity Intermediate Trust, WCP Fund I LLC ("WCP Fund"), and DP Capital LLC (collectively referred to as "Petitioners") filed an Involuntary Petition for Chapter 7 bankruptcy against the Debtor in this Court. (Doc.[1] 1.)

2.  On August 9, 2023, Petitioners' counsel filed a Certificate of Service, in which he stated and affirmed that the Summons and a copy of the Involuntary Petition were served on Debtor by sending, via United States first-class mail, postage prepaid, a copy of the Involuntary Petition and Summons to the following addresses: (1) 343 First Street, Berryville, Virginia 22611 and (2) 1140 3rd St., NE, Suite 2152, Washington, D.C. 20002. (Doc. 3, at p. 2.)

3.  The Certificate of Service does not indicate any other form of service or attempted service on Debtor other than by first-class mail. (Doc. 3, at p. 2.)

4.  The Certificate of Service does not state or otherwise indicate that service was made on the undersigned counsel for Debtor. (Declaration of Donald M. Temple ("Temple Decl."), filed herewith, at ¶ 6; Doc. 3, at p. 2.)

5.  However, at the time Petitioners filed the Chapter 7 Involuntary Petition, they knew that Debtor was represented by the undersigned counsel. The undersigned counsel had previously filed a Complaint for Declaratory Relief on Debtor's behalf and against Daniel Huertas, the principal of purported creditor WPC Fund, in the Superior Court for the District of Columbia. (Temple Decl. at ¶ 7; Doc. 7-1.) That case bore the heading *Charles Paret v. Daniel Huertas* and was filed under Docket No. 2023-CAB-004507. (Doc. 7-1.)

---

[1] All "Doc." references throughout this Memorandum are to the filings listed in this Court's Electronic Docket.

6. As of August 9, 2023, the date of service, and continuing through the present time, Debtor has not resided at either of the two addressed listed in the Certificate of Service. (Affidavit of Charles Paxton Paret ("Paret Aff."), filed herewith, at ¶ 5.)

7. As of August 9, 2023, the date of service, Debtor did not reside at the D.C. address stated in the Certificate of Service. (Paret Aff., at ¶ 6.)

8. As of August 9, 2023, the date of service, Debtor owned the Virginia residence listed in the Certificate of Service. (Paret Aff., at ¶ 7.) Although Debtor formerly resided at this location, he no longer lived there on the date of service, nor does he reside there at the present time. (Paret Aff., at ¶ 7.)

9. Debtor was never personally served with the Summons and Involuntary Petition in this case. (Paret Aff., at ¶ 8.)

10. Debtor never received a copy of the Summons and Involuntary Petition in any mailing delivered to his actual place of residence. (Paret Aff., at ¶ 9.)

11. At no point in time was there any communication between Petitioners' counsel and the undersigned counsel regarding the filing of the involuntary bankruptcy matter. (Temple Decl., at ¶ 8.)

12. On August 31, 2023, this Court signed and entered an Order granting relief to Petitioners on the Involuntary Bankruptcy Petition on the grounds that the time had expired under Fed. R. Bankr. P. 1011 for Debtor to file an answer or motion in response to the Involuntary Petition and Debtor had not done so. (Doc. 5.)

13. This Order was entered 22 days after service by mail was performed. (Doc. 3; Doc. 5.)

14. On September 1, 2023, Daniel Huertas removed the District of Columbia Superior Court case referenced above to this Court. (Doc. 7.)

15. However, counsel for Daniel Huertas and the purported Creditors did not engage in any communication with the undersigned counsel either prior to or after the removal. (Temple Decl. at ¶ 10.)

16. Debtor has filed herewith an Affidavit stating under oath that he waives his right to receive service of the Summons and Involuntary Petition in this matter, and that he authorizes his undersigned counsel to accept service of these documents on his behalf. (Paret Aff., at ¶ 10.)

17. The undersigned will accept service of the Summons and Involuntary Petition in this matter on Debtor's behalf. (Temple Decl. at ¶¶ 11-12.)

18. For the reasons detailed in the Memorandum of Law, below, it is respectfully submitted that the Court should vacate its Order entered on August 31, 2023, order the Clerk of Court to issue a new Summons, order Petitioners to properly serve the new Summons and Involuntary Petition on the undersigned (on Debtor's behalf), and direct Debtor to file an Answer or responsive motion within 21 days from the date that service of process on the undersigned is properly effectuated.

WHEREFORE, Debtor respectfully moves the Court for an Order vacating the Order for Relief in an Involuntary Case entered on August 31, 2023, ordering the Clerk of Court to issue a new Summons, ordering Petitioners to properly serve the Summons and Involuntary Petition on the undersigned (on Debtor's behalf), and directing Debtor to file his Answer or responsive motion within 21 days after service is properly effectuated.

## **MEMORANDUM OF LAW**

**I.    THE COURT'S ORDER OF AUGUST 31, 2023, WAS ENTERED PREMATURELY**

Pursuant to Fed. R. Bankr. P. 1010 and 7004(b)(1), a summons and an involuntary bankruptcy petition may be served on an individual debtor by United States first-class mail, postage prepaid, addressed to the individual's dwelling house or usual place of abode or to his/her regular place of business. On August 9, 2023, Petitioners herein mailed the Summons and Involuntary Petition to Debtor by first-class mail addressed to the Debtor at two (2) residential addresses, one of which was in Virginia and the other in Washington, D.C. (Doc. 3, at p. 2.)

Under the Bankruptcy Rules, "[s]ervice of process and service of any paper other than process or of notice by mail is complete on mailing." Fed. R. Bankr. P. 9006(e). Hence, assuming for purposes of this section of the Memorandum only that service on Debtor was properly mailed to Debtor's place of residence, such service was deemed complete on August 9, 2023.

Pursuant to Rule 1011(b), Debtor had 21 days to file his answer or responsive motion. Rule 9006(a) provides that the time for filing began to run on the day after mailing and ended 21 days thereafter. However, the "mailbox rule" set forth in Rule 9006(f) extended the 21-day filing period by three additional days. In this regard, Rule 9006(f) states: "When there is a right or requirement to act or undertake some proceedings within a prescribed period after being served and that service is by mail . . ., three days are added after the prescribed period would otherwise expire under Rule 9006(a)." Fed. R. Bankr. P. 9006(f).

Because Petitioners here served Debtor solely by mail, Debtor had 21 days under Rule 1011(b) plus three additional days under Rule 9006(f) to file an Answer or responsive motion. This 24-day period began to run on August 9, 2023, and expired on Saturday, September 2, 2023.

5

Rule 9006(a)(1)(C) states that "if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Here, September 2, 2023, was a Saturday, and the next Monday, September 4, 2023, was a legal holiday (Labor Day). Thus, the true deadline for Debtor to file his Answer or motion was Tuesday, September 5, 2023.

Even so, this Court entered an Order granting the relief the Petitioners sought on August 31, 2023 – which was only 22 days after service was completed upon mailing. (Doc. 3; Doc. 5.) In entering the Order, the Court incorrectly found that the time for Debtor to file his Answer or motion had expired as of August 31, 2023. (Doc. 5.) Because this Order was entered five days **prior** to the actual filing deadline of September 5, 2023, the Order was entered prematurely and in violation of Rule 9006(a) and (f).

Rule 9024 of the Federal Rules of Bankruptcy Procedure provides that Rule 60 of the Federal Rules of Civil Procedure "applies in cases under the [Bankruptcy] Code." Fed. R. Civ. P. 60(a), applicable here through Fed. R. Bankr. P. 9024, provides that a bankruptcy court "may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." The court may correct such a mistake either on motion by a party or on its own. Fed. R. Civ. P. 60(a).

The limitation contained in Fed. R. Civ. P. 60(a) provides that the Rule is applicable only to clerical mistakes and mistakes arising from oversight and omission. This means that a party cannot invoke Rule 60(a) "to change the substance of an order or judgment." *Fanning v. George Jones Excavating, L.L.C*., 312 F.R.D. 238, 239 (D.D.C. 2015). Instead, "'a motion under Rule 60(a) only can be used to make the judgment or record speak the truth[.]'" *Id.* (quoting 11 Charles Alan Wright et al., *Federal Practice and Procedure* § 2854 (3d ed. 2012)).

6

Even so, Fed. R. Civ. P. 60(b) and Fed. R. Bankr. P. 9024, authorize a bankruptcy court to relieve a party from an order or proceeding on the grounds of a substantive judicial mistake that amounts to a clear error. *See In re Salas*, No. 18-00260 (Chapter 11), 2020 Bankr. LEXIS 2867, at *43 (Bankr. D.D.C. Oct. 13, 2020) ("Rule 60(b)(1) relief based on an asserted mistake of the court is not warranted except when there is a need to correct a clear error or prevent manifest injustice"), *aff'd,* Civil Action No. 20-3091 (FYP), 2022 U.S. Dist. LEXIS 71764, at *1 (D.D.C. Apr. 19, 2022); *Elec. Privacy Info. Ctr. v. United States Dep't of Homeland Sec.*, 811 F. Supp. 2d 216, 227 n.3 (D.D.C. 2011) (stating that "the majority of circuits allow a party to file a Rule 60(b)(1) motion for relief upon reconsideration for a judicial mistake of the law").

Here, it is respectfully submitted that the Court's Order of August 31, 2023, granting the relief the Petitioners sought was based on the misapprehension that the deadline for Debtor to file his Answer or motion had expired. As explained above, under the "mailbox rule" contained in Fed. R. Bankr. P. 9006(f), the time for Debtor to file his Answer or responsive motion would not expire until September 5, 2023. The Court's premature entry of the August 31, 2023, Order should be classified as a clear mistake in calculation. This mistake is remediable under either Fed. R. Civ. P. 60(a) as one arising from oversight or as a substantive mistake under 60(b)(1). *See Chanofsky v. Chase Manhattan Corp.*, 530 F.2d 470, 472 (2d Cir. 1976) (ruling that where district court's judgment "resulted from a misunderstanding between court and counsel," plaintiff's motion for relief under Rule 60(b)(1) due to mistake should have been granted); *In re Schwartz & Meyers*, 64 B.R. 948, 957 (Bankr. S.D.N.Y. 1986) (determining that if judge's "extension was based on her misapprehension that the Goldhagen Group was at least informally represented by Chang, relief under rule 60(b)(1) is appropriate"). In either case, Debtor's motion for relief should be granted.

7

II. **THE ORDER OF AUGUST 31, 2023, SHOULD BE VACATED FOR LACK OF PERSONAL JURISDICTION ARISING FROM INSUFFICIENCY OF SERVICE ON DEBTOR AND HIS COUNSEL**

Pursuant to Fed. R. Civ. P. 60(b)(4), a court has the authority to vacate a void judgment or order. This Rule is applicable to this Court through Fed. R. Bankr. P. 9024.

A judgment is void for lack of personal jurisdiction where defective service of process exists. *Combs v. Nick Garin Trucking*, 825 F.2d 437, 442 (D.C. Cir. 1987). This is so because "federal courts lack the power to assert personal jurisdiction over a defendant unless the procedural requirements of effective service of process are satisfied." *Mann v. Castiel*, 681 F.3d 368, 372 (D.C. Cir. 2012) (internal quotation marks omitted).

Here service of the Summons and Involuntary Petition were defective because (1) the documents were not mailed to Debtor's actual place of residence, and (2) the Certificate of Service does not show that the documents were served on Debtor's counsel. As a result, the Court never obtained personal jurisdiction over Debtor, and the resulting Order of August 31, 2023, granting relief to Petitioners is void and should be vacated.

A. **Failure to Address Mail to Debtor's Residence**

"Courts require 'a higher standard of care when serving a party defendant' using 'the abbreviated procedure of service by mail,' *McElhaney v. Student Loan Services (In re McElhaney)*, 142 B.R. 311, 313 (Bankr. E.D. Ark. 1992), because of the jurisdictional and 'due process ramifications' of improper service. *DuVoisin v. Arrington (In re Southern Indus. Banking Corp.)*, 205 B.R. 525, 533 (E.D. Tenn. 1996), *aff'd*, 112 F.3d 248 (6th Cir. 1997)." *Rockstone Capital, LLC v. Walker-Thomas Furniture Co. (In re Smith)*, Nos. 04-01581, 04-10457, 2006 Bankr. LEXIS 737, at *10 (Bankr. D.D.C. Feb. 27, 2006). "Thus, a moving party in a contested matter '**must comply strictly with Rule 7004, which requires that service by mail be made using the**

**correct address for the party defendant**.'" *In re Barry*, 330 B.R. 28, 33 (Bankr. D. Mass. 2005) (quoting *Green v. Sheppard (In re Sheppard)*, 173 B.R. 799, 805 (Bankr. N.D. Ga. 1994)) (emphasis added).

Under these principles, mailing a summons and involuntary petition to the debtor's last known address "is not sufficient to effect service under this rule if the [debtor] is not living at that address at the time service is attempted." *In re Smith*, 2006 Bankr. LEXIS 737, at 10 *(*quoting *In re Barry*, 330 B.R. 28, 33 (Bankr. D. Mass. 2005)). *Accord in re Southern Indus. Banking Corp.*, 205 B.R. at 533. Technically defective service is insufficient and, therefore, invalid even if the debtor receives actual notice of the suit, as no personal jurisdiction exists over the debtor in such cases. *In re Smith*, 2006 Bankr. LEXIS 737, at *11.

Here, it appears that Petitioners mailed the Summons and Involuntary Petition to Debtor at the last known address they had for Debtor, which was 343 First Street, Berryville, Virginia 22611. (Doc. 3, at p. 2.) Debtor, however, no longer resided at this location on August 9, 2023, the date of service. (Paret Aff., at ¶ 7.) Petitioners also mailed the documents to Debtor at the Washington, D.C., to which he did not reside. (Paret Aff., at ¶ 6; Doc. 3, at p. 2.)

Because the Summons and Involuntary Petition were not mailed to Debtor at his correct residential address, Petitioners failed to strictly comply with the service requirements contained in Fed. R. Bankr. P. 7004. As a result, the Court does not have personal jurisdiction over Debtor. *See Mann*, 681 F.3d at 372; *Combs*, 825 F.2d at 442; *In re Smith*, 2006 Bankr. LEXIS 737, at *11. Consequently, the Order of August 31, 2023, is void, and it should be vacated.

### B.     Failure to Serve Debtor's Counsel

Rule 7004(g) of the Federal Rules of Bankruptcy Procedure "requires service not only on the debtor but also on the debtor's counsel" in accordance with Rule 5(b) of the Federal Rules of

9

Civil Procedure. *In re Bennington Corp.*, No. 20-00321, 2020 Bankr. LEXIS 2276, at *1-2 (Bankr. D.D.C. Aug. 25, 2020). The Petitioners herein failed to comply with this requirement.

The Certificate of Service does not state or otherwise indicate that service was made on Debtor's counsel as required by Rule 7004(g). (Doc. 3, at p. 2.) At the time Petitioners filed the Chapter 7 Involuntary Petition, they knew that the undersigned counsel represented Debtor. (Temple Decl., at ¶ 7; Doc. 7; Doc. 7-1.) Despite this knowledge, Petitioners and their counsel did not serve Debtor's counsel regarding the filing of the Involuntary Petition. (Temple Decl. at ¶¶ 8, 10.) As a result, Petitioners failed to meet the service requirements of Rule 7004 and, therefore, no personal jurisdiction over Debtor exists. *See Mann*, 681 F.3d at 372; *Combs*, 825 F.2d at 442; *In re Smith*, 2006 Bankr. LEXIS 737, at 11. It follows that the Court's Order of August 31, 2023, is void, and it should be vacated.

To correct the deficiencies in service to Debtor's counsel, a new Summons should be issued by the Clerk of Court. The Certificate of Service for the new Summons should expressly state that Debtor's counsel has been served with the Summons and Involuntary Petition through filing in the Court's electronic filing system. *See In re Bennington Corp.*, 2020 Bankr. LEXIS 2276, at *1-2 ("The Notice of Electronic Filing generated upon the filing of the Motion reflects that the Motion was served on the debtor's counsel electronically, which complied with Fed. R. Bankr. P. 7004(g) and Fed. R. Civ. P. 5(b)(2)(E)").

**III.   DEBTOR AUTHORIZES HIS COUNSEL TO ACCEPT SERVICE OF THE INVOLUNTARY PETITION AND A NEW SUMMONS ON HIS BEHALF**

Neither the Federal Rules of Bankruptcy Procedure nor the Federal Rules of Civil Procedure preclude a party from waiving his/her right to receive proper service of process. *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 278, 130 S. Ct. 1367, 1381 (2010). As explained above, a new Summons should be issued by the Clerk of Court in this case. Debtor

agrees to waive his right to receive proper service of the Involuntary Petition and new Summons, and he has authorized his undersigned counsel to accept service of these documents on his behalf. (Paret Aff., at ¶ 10; Temple Decl. at ¶¶ 11-12.) Debtor's counsel also agrees to accept service of these documents on Debtor's behalf. (Temple Decl., at ¶¶ 11-12.)

Accordingly, the Court's Order of August 31, 2023, should be vacated, and a new Summons should be issued by the Clerk of Court. Petitioners should be directed to properly serve the new Summons and Involuntary Petition on Debtor's counsel, who has agreed to accept service on Debtor's behalf, in a manner that accords with Fed. R. Bankr. P. 7004. In addition, Debtor should be directed to file his Answer or responsive motion within 21 days after service has been properly accomplished.

## **CONCLUSION**

For the foregoing reasons, Debtor requests that the Court vacate its Order for Relief in an Involuntary Case entered on August 31, 2023. The Court should Order the Clerk of Court to issue a new Summons in this matter, and the Certificate of Service thereto should expressly state that Debtor's counsel has been served with the Summons and Involuntary Petition through filing in the Court's electronic filing system. In addition, Petitioners should be ordered to serve the new Summons and Involuntary Petition on Debtor's counsel, who has agreed to accept service on Debtor's behalf, in a manner that accords with Fed. R. Bankr. P. 7004. Further, the Court should direct Debtor to file his Answer or responsive motion within 21 days after service on his counsel has been properly effectuated.

Dated: September 14, 2023

                                                  Respectfully submitted,

                                                  */s/ Donald M. Temple*
                                                  Donald M. Temple #408749
                                                  Temple Law Offices
                                                  1310 L Street, N.W., Suite 750
                                                  Washington, D.C. 20005
                                                  Tel: (202) 628-1101
                                                  Fax: (202) 628-1149
                                                  dtemplelaw@gmail.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on this September 14, 2023, I served, by electronic filing, a copy of this document on:

Maurice B. VerStandig, Esq.
The VerStanding Law Firm, LLC
1452 W. Horizon Ridge Pkwy., #665
Henderson, Nevada 89012
mac@mbvesq.com
Counsel for the Petitioning Creditors

                              */s/ Donald M. Temple*
                              Donald M. Temple #408749
                              Temple Law Offices
                              1310 L Street, N.W., Suite 750
                              Washington, D.C. 20005
                              Tel: (202) 628-1101
                              Fax: (202) 628-1149
                              dtemplelaw@gmail.com
                              Counsel for Debtor