Maurice B. VerStandig, Esq.
Bar No. MD18071
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, Nevada 89012
Phone: (301) 444-4600
Facsimile: (301) 444-4600
mac@mbvesq.com
*Counsel for WCP Fund I LLC*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | ) | Case No. 23-217-ELG |
| | ) | |
| Charles Paxton Paret | ) | (Chapter 7) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**OPPOSITION TO DEBTOR'S MOTION AND COMBINED
MEMORANDUM IN SUPPORT OF RELIEF FROM THE ORDER FOR
RELIEF IN AN INVOLUNTARY CASE ENTERED ON AUGUST 31, 2023**

Comes now WCP Fund I LLC ("WCP"), by and through undersigned counsel, pursuant to

Local Rule 9013-1(d), and in opposition to the Debtor's Motion and Combined Memorandum in

Support of Relief from the Order for Relief in an Involuntary Case Entered on August 31, 2023

(the "Motion," as found at DE #15) filed by Charles Paxton Paret (the "Debtor" or "Mr. Paret")

states as follows:

**I.      Introduction**

On August 9, 2023, the Debtor e-mailed counsel for WCP a copy of (i) the petition for

involuntary relief in this case; and (ii) a print out of the docket in this case. See Paret E-mail,

attached hereto as Exhibit A. The August 9 date is of some import, as it is the date on which the

summons in this matter was issued. *See* Summons, DE #3. And it is, also, the date on which Mr.

1

Paret was then formally served with a petition he already possessed. *See* Affidavit of Service, DE #4.

Mr. Paret, of course, did not file a motion challenging this involuntary case in the ensuing 21 days. Nor did he file one in the ensuing 27 days, being the time period he now suggests to have been applicable. And, as of the docketing of this opposition brief, he is yet to file one. Rather, the Debtor allowed an order for relief to be entered, allowed more time to go by, docketed a motion to reconsider (DE #10), withdrew that motion to reconsider (DE #11), allowed some more time to go by, and now asks this Honorable Court to vacate the order for relief, demand fresh service of process, and allow a new 21 day period for the Debtor to respond.

The Motion merits denial because (i) Mr. Paret was properly served, at his proper address, in accord with governing rules; (ii) application of the three day period in Federal Rule of Bankruptcy Procedure 9006 is moot since the Debtor did not file a motion (or other responsive pleading) within the subject time period; and (iii) Mr. Paret was not represented by counsel, in connection with this case, at any time relevant. The arguments set forth in the Motion are simply unavailing on their face and, for these reasons, as extrapolated upon *infra*, the Motion is properly denied.

## II.    Standard

The Debtor seeks relief pursuant to Federal Rule of Civil Procedure 60(a), Federal Rule of Civil Procedure 60(b)(1), and Federal Rule of Civil Procedure 60(b)(4), all made applicable through Federal Rule of Bankruptcy Procedure 9027. *See* Motion, DE #15, at p. 1. These provisions, in turn, allow:

> (a) Corrections Based on Clerical Mistakes; Oversights and Omissions. The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has

been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

…

(4) the judgment is void…

Fed. R. Civ. P. 60.

While the latter two provisions are dependent upon entry of final order, it does appear an order for relief is a final order. *See, e.g.*, *Fustolo v. 50 Thomas Patton Drive, LLC*, 816 F.3d 1, 5 (1st Cir. 2016) ("Although no party addresses whether a bankruptcy court's order for relief in favor of a petitioning creditor in an involuntary suit is the sort of final order over which this court has appellate jurisdiction, we follow our sister circuits in finding no apparent impediment.") (citing *In re HealthTrio, Inc.*, 653 F.3d 1154, 1160 (10th Cir. 2011); *In re McGinnis*, 296 F.3d 730, 731 (8th Cir. 2002); *In re Mason*, 709 F.2d 1313, 1315–18 (9th Cir. 1983); *Bullard v. Blue Hills Bank*, 575 U.S. 496, 506 (2015)).

### III.    Factual Timeline

The following events, and their correlative dates, are of some import to evaluation of the Motion:

August 4, 2023 – WCP, alongside two other entities, files a petition for involuntary relief against Mr. Paret. *See* DE #1.

August 9, 2023 – Mr. Paret e-mails counsel for the petitioning creditors, attaching a copy of the involuntary petition and a copy of the docket herein. *See* Paret E-mail, attached hereto as Exhibit A.

3

August 9, 2023 – A summons is issued and served, via US Mail, postage prepaid, upon Mr. Paret. *See* DE #3; DE #4.

August 17, 2023 – Daniel Huertas is served with a lawsuit by Mr. Paret, filed in the District of Columbia Superior Court, in which Mr. Paret identifies his address as 343 First Street, Berryville, Virginia 22611. *See* Affidavit of Service, attached hereto as Exhibit B; State Court Complaint, attached hereto as Exhibit C.

August 31, 2023 – An order for relief is entered against Mr. Paret. DE #5.

September 5, 2023 – The date on which Mr. Paret contends his response to the involuntary petition should have come due. *See* Motion, DE #15, at p. 6.

September 11, 2023 – Mr. Paret first appears herein, through counsel. DE #9.

September 11, 2023 – Mr. Paret files a motion to reconsider the order for relief. DE #10.

September 12, 2023 – Mr. Paret withdraws his motion to reconsider the order for relief. DE #11.

September 14, 2023 – The Motion is filed. DE #15.

## IV.    Argument: Service is Proper

The crux of Mr. Paret's contention is that service of the involuntary petition and summons was improper and, as such, (i) he is yet to be properly served; and (ii) he is entitled to a fresh 21 day period. This is of particular import because Mr. Paret did not respond even in the elongated time period he suggests to have been proper (i.e., by September 5, 2023) and, in point of fact, is yet to file an answer or responsive motion. So he must show that he has never been properly served or his remaining arguments, as noted below, are moot. Plainly, however, this contention is flatly without merit.

4

Familiarly, service of an involuntary petition and summons may be effectuated "by mailing a copy of the summons and complaint to the individual's dwelling house or usual place of abode or to the place where the individual regularly conducts a business or profession." Fed. R. Bankr. P. 7004(b)(1). *See also* Fed. R. Bankr. P. 1010 (allowing service pursuant to the foregoing rule).

As observed by the United States District Court for the District of Minnesota, "[s]ervice of process is intended to give notice to a defendant and, thus, service of process must be reasonably calculated to reach the defendant." *United States v. House*, 100 F. Supp. 2d 967, 973 (D. Minn. 2000) (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *Minnesota Mining & Mfg. Co. v. Kirkevold*, 87 F.R.D. 317, 324 (D. Minn. 1980)).

As the Supreme Court observed in *Mullane*, "[a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane*, 339 U.S. at 314 (citing *Milliken v. Meyer*, 311 U.S. 457 (1940); *Grannis v. Ordean*, 234 U.S. 385 (1914); *Priest v. Board of Trustees of Town of Las Vegas*, 232 U.S. 604 (1914); *Roller v. Holly*, 176 U.S. 398 (1900)).

Where, as here, "a party *was* afforded *actual* notice consistent with constitutional standards, then that party cannot claim a violation of its *constitutional* rights to due process of law simply because the technical requirements for service of process might not have been met." *In re Wilkinson*, 457 B.R. 530, 544 (Bankr. W.D. Tex. 2011) (emphasis in original). *See also*, *In re AMF Bowling Worldwide, Inc.*, 2013 WL 5575470, at *5 (Bankr. E.D. Va. 2013) (Huennekens, J.) ("All the alleged technical inadequacies with service aside, Movant, nevertheless, did receive notice consistent with Mullane. There is simply no basis for setting aside the Court's Omnibus Objection

13 Order under Civil Rule 60(b)(4) as incorporated by Rule 9024 of the Federal Rules of
Bankruptcy Procedure.").

Thus, even if, *arguendo*, there was a defect in service (and, as explained below, there was
not), the Debtor would not have grounds to urge the order for relief be vacated unless he could
show a violation of his constitutional right to due process:

> Service of process required under Rule 7004 is similarly not constitutionally
> mandated. Therefore, a movant must both identify a technical inadequacy in the
> notice provided and establish the denial of a right to due process in order to prove
> a judgment is void. A party afforded actual notice consistent with constitutional
> standards cannot claim a violation of its constitutional due process rights simply
> because the technical requirements for service of process were not met.

*In re Braden*, 516 B.R. 672, 679 (Bankr. S.D. Ga. 2014) (citing *In re Fusco*, 2008 WL 4298584,
at *4–7 (6th Cir. BAP 2008); *In re Manchester Ctr.*, 123 B.R. 378, 381 (Bankr. C.D. Cal. 1991)
(citing *In re Center Wholesale, Inc.*, 759 F.2d 1440, 1448 (9th Cir. 1985)); *In re Wilkinson*, 457
B.R. at 544).

There are thusly two questions that control the sufficiency of service on Mr. Paret: (1)
whether or not he received actual notice of this case in a timely manner; and (2) whether, if he did
not receive actual notice, he was given notice in a manner "reasonably calculated, under all the
circumstances, to apprise" him of this case. Both questions are answered in the affirmative.

Initially, it bears notation that Mr. Paret's affidavit appears to have been carefully worded
so as to deny receipt "of the Summons and Involuntary Petition **in any mailing** delivered to my
actual place of residence." Declaration of Debtor, DE #15-1, at ¶ 9 (emphasis added). He does not
attest to not receiving the involuntary petition, nor does he attest to not being on notice of the case
from at least the date on which the summons was issued. *Id.* And, to be sure, that is because he
cannot since, as noted *supra*, Mr. Paret e-mailed counsel for WCP, attaching a copy of the
involuntary petition, on the very day the summons was issued.

Yet even if, somehow, Mr. Paret could feign ignorance of this case, service would still be proper. Mr. Paret was served at two addresses, one in Washington, DC and one in Berryville, Virginia. The Washington, DC address is the one WCP had on file for Mr. Paret; it is conceivable he has since left that address and, as such, that he did not receive notice there. But, as evidenced by the lawsuit Mr. Paret served on Daniel Huertas *after* Mr. Paret was served with the involuntary petition herein, the Berryville address is the very address used by Mr. Paret on a complaint in Superior Court just weeks prior.

This is of some import, since Mr. Paret insists, in his affidavit, that "[t]he Virginia residence I own is listed in the Certificate of Service.  Although I formerly resided at this location back in 2018, I no longer lived there on the date of service nor do I reside there at the present time." *Id.* at ¶ 7. Yet, if true, that would mean Mr. Paret misrepresented his address when filing a complaint in Superior Court less than two weeks before this bankruptcy was commenced, and then served a defendant with that misrepresentation nearly two weeks *after* this bankruptcy was commenced.[1]

As noted above, the veracity of Mr. Paret's representation concerning the Berryville address is immaterial since he was on actual notice of this proceeding before every being formally served. But the delicate language in his affidavit, coupled with his apparently-simultaneous (i) use of that address in a court filing; and (ii) denial of use of that address in a separate court filing, renders his contention generally devoid of credibility.

## V.    Argument: Mr. Paret Was Not to be Served Through His State Court Counsel

The Motion next suggests service to be improper because Mr. Paret is represented by Donald Temple in a proceeding filed in the Superior Court of the District of Columbia, to which a

---

[1] Notably, Mr. Paret has been a debtor in this Honorable Court since August 31, 2023, but is yet to "file a statement of any change of the debtor's address." Fed. R. Bankr. P. 4002(a)(5).

principal of WCP is a party (but to which neither WCP nor any other petitioning creditor is a party). This argument presupposes that if a lawyer represents a client on one proceeding, that lawyer is *ipso facto* deemed to represent the same client in *all* proceedings, even if brought in different courts and even if involving different parties. There is no legal foundation for this contention.

Mr. Paret relies on a provision in the Federal Rules of Bankruptcy Procedure that instructs, *inter alia*, "If the debtor is represented by an attorney, whenever service is made upon the debtor under this Rule, service shall also be made upon the debtor's attorney by any means authorized under Rule 5(b) F.R.Civ.P." Fed. R. Bankr. P. 7004(g); Motion, DE #15, at pp. 9-10.

Quite plainly, at the time service was made in this case, Mr. Paret was not "represented by an attorney" in this case. To the contrary:

> …an attorney eligible to practice in this Court enters an appearance in a case or proceeding by filing a pleading, paper, or a notice of appearance signed by the attorney. Such an appearance must be entered when an attorney is appearing on behalf of a party not otherwise represented in the matter.

Local Rule 9010-1(a). *See also*, *Glob. Enterprises, LLC v. Montgomery Purdue Blankenship & Austin PLLC*, 52 F. Supp. 3d 1162, 1168 (W.D. Wash. 2014) ("It is true that once MPBA accepted Global as a client, MPBA could not take a position in any case that would be adverse to Global's interests. However, not being able to take a position adverse to Global in the EVYA case is different from affirmatively representing Global in the EVYA case."); *Watts v. Geico Advantage Ins. Co.*, 2019 WL 13254567, at *2 (D.D.C. 2019) ("The fact that Perla's counsel in the Superior Court action declined to accept service cannot be viewed as an attempt to evade service without more; as counsel for Perla points out, that lawyer may not have wanted to expand the scope of his representation, and an attorney representing an individual in one case is not required to accept service for all matters that arise thereafter.").

Indeed, as observed by the United States Bankruptcy Court for the District of New Jersey, in connection with a discussion of service of process being made on a party versus their putative attorney:

> It is common knowledge that one cannot serve initial process on an attorney for a party unless the attorney agrees to accept service after authorization from the party. Moreover, it doesn't necessarily follow that because an attorney has represented a client in one case, they will automatically be representing the client in subsequent cases regarding the same issues. It follows that the only safe way to ensure proper service of notices is to serve the creditor directly.

*In re Kouterick*, 161 B.R. 755, 759 (Bankr. D.N.J. 1993).

The regime suggested by the Debtor is, facially, problematic. If every party subjected to service of process had to be served personally and through any counsel they may have, in any court in the United States, the mere act of service would involve not only a PACER search but, too, a review of the records of every state court in America (many of which are yet to make such records available online). Neither WCP nor the other petitioning creditors is a party to the state court suit in which Mr. Paret is represented by Donald Temple, and Daniel Huertas – WCP's principal – was not served with that suit until *after* the Debtor was served herein. To suggest that Mr. Temple's representation of Mr. Paret in a separate proceeding, in a separate court, invokes the rigors of Rule 7004(g) is *reductio ad absurdum*.

## VI.    The Alternative Response Date is Immaterial

Mr. Paret's final argument is that the order for relief was prematurely docketed since he had until September 5, 2023 to file an answer or responsive pleading. If he had done so on or

before September 5, 2023, this might be an interesting line of argument.[2] But since the alternative proposed deadline was missed, this is an immaterial assertion.

Whether an order for relief was entered on August 31, 2023 (the date on which such an order was entered) or September 6, 2023 (the first day after the deadline suggested by Mr. Paret) is of no moment unless Mr. Paret filed an answer or responsive pleading between August 31, 2023 and September 6, 2023. Quite plainly, he did not. And, equally, he still has not, instead opting to rely on the counterfactual and legally-flawed assertion that he is entitled to a fresh 21 day period.

This matters because where an issue will not have any impact upon a proceeding, the issue is moot as a matter of law. *See, e.g.*, *Pianko v. Gen. R.V. Ctr., Inc*., 2023 WL 4686429, at *3 (E.D. Mich. 2023) ("…it has no impact on this case and is therefore moot.") (citing Black's Law Dictionary (11th ed. 2019)); *Taylor v. CSB Nutrition Corp*., 2019 WL 636945, at *2 (D. Utah 2019) ("…Plaintiff's remaining motion should be denied or deemed moot as it lacks merit and would have no impact upon the disposition of this case"); *United States v. Hand-Bostick*, 816 F. Supp. 2d 343, 356 (N.D. Tex. 2011) ("Because this evidence had no impact or effect on the court's opinion, the court denies as moot the Moving Defendant's evidentiary objections."); *Harris v. Bailey*, 521 F. Supp. 562, 565 (W.D. Va. 1981), aff'd in part, rev'd in part, 675 F.2d 614 (4th Cir. 1982) ("The court now finds that the case at bar is moot because a ruling by this court on the issues presented by the plaintiff would have no impact upon the plaintiff's circumstances").

---

[2] Mr. Paret refers to the three day buffer period in Federal Rule of Bankruptcy Procedure 9006 as the "mailbox rule." *See* Motion, DE #15, at pp. 5, 7. This appears to be a misnomer, as "[t]he common law mailbox rule establishes a rebuttable presumption of receipt upon evidence that a properly addressed piece of mail has been placed in the mail system." *Eddington v. United States Dep't of Def*., 35 F.4th 833, 839 (D.C. Cir. 2022) (citing *Henderson v. Carbondale Coal & Coke Co.*, 140 U.S. 25, 36–37 (1891); *Rosenthal v. Walker*, 111 U.S. 185, 193–94 (1884)). The provision for added time in the Federal Rules of Bankruptcy Procedure is simply an allowance governing the computation of temporal periods, not an invocation of the classical "mailbox rule."

Familiarly, "[a] federal court may only exercise jurisdiction over cases and controversies and lacks authority over moot issues." *In re Ealy*, 396 B.R. 20, 22 (B.A.P. 8th Cir. 2008) (citing U.S. CONST., art. III, § 2, cl. 1; *Mills v. Green*, 159 U.S. 651, 653 (1895); *Church of Scientology of California v. U.S.*, 506 U.S. 9, 12 (1992)).

To be sure, if this Honorable Court were to vacate the order for relief presently on the docket, such would be of no effect since the time for Mr. Paret to answer or file a responsive motion has, even by his estimation, now elapsed. Since no such answer or responsive motion has been docketed, this Honorable Court would be vacating one order for relief only to then immediately reenter the same exact order for relief. And such would, in the words of the *Taylor* Court, "have no impact upon the disposition of this case."

**VII.    Conclusion**

WHEREFORE, the Defendant respectfully prays this Honorable Court (i) deny the Motion; and (ii) afford such other and further relief as may be just and proper.

Respectfully submitted,

Dated: September 15, 2023

By: /s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar No. MD18071
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, Nevada 89012
Phone: (301) 444-4600
Facsimile: (301) 444-4600
mac@mbvesq.com
*Counsel for WCP Fund I LLC*

*[Certificate of Service on Following Page]*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of September, 2023, a copy of the foregoing

was served electronically upon filing via the ECF system, with copies to:

Donald M. Temple, Esq.
1310 L Street, NW
Suite 750
Washington, DC 20005
*Counsel for the Plaintiff*

Wendell W. Webster, Esq.
1101 Connecticut Avenue, NW
Suite 402
Washington, DC 20036
*Chapter 7 Trustee*

Justin Philip Fasano, Esq.
McNamee Hosea, P.A.
6404 Ivy Lane
Ste 820
Greenbelt, MD 22070
*Counsel for the Trustee*

/s/ Maurice B. VerStandig
Maurice B. VerStandig