Case 23-00217-ELG    Doc 18-3    Filed 09/15/23    Entered 09/15/23 09:18:05    Desc
Exhibit C - State Court Complaint    Page 1 of 5

eFiled
07/24/2023 2:56:09 PM
Superior Court
of the District of Columbia

IN THE SUPERIOR COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHARLES PARET<br>343 First Street<br>Berryville, VA 22611<br><br>*Plaintiff,*<br><br>v.<br><br>DANIEL HUERTAS,<br>909 Chinquapin Road<br>McClean, VA 22102<br><br>*Defendant* | CIVIL ACTION NO. 2023-CAB-004507 |

## COMPLAINT FOR DECLARATORY RELIEF

COMES NOW, Plaintiff, Charles Paret, by and through the undersigned counsel, and hereby files this civil action for declaratory relief as follows.

### JURISDICTION AND VENUE

1. This court has subject matter and personal jurisdiction over this matter based on D.C. Code § 11-921. Venue is proper because the actions complained of herein occurred within the District of Columbia. ("D.C.").

### THE PARTIES

2. For the purposes of this Complaint, the term Plaintiff refers to Mr. Charles Paret (hereinafter "Paret").

3. Defendant Daniel Huertas is a resident of Virginia (hereinafter "Huertas").

## SUMMARY OF THE CASE

4. The case involves an alleged statutory and/or common law partnership relationship between the parties, to wit, Paret's financial and real estate dealings with Defendant Huertas.

## FACTS COMMON TO ALL CLAIMS

5. Under the D.C. Uniform Partnership Act at D.C. Code Section 29-602.029(a) "the association of two or more persons to carry on as co-owners of a business for profit shall form a partnership."

6. Notably, the test for determining the existence of a partnership is an objective one.

7. Courts generally look for precise indicia of partnerships such as the writings between Messrs. Paret and Huertas herein to show a partnership, including by not limited to profit sharing, joint control, and capital contributions.

8. The case involves the Paret-Huertas Partnership between the parties, a partnership to which Huertas agreed. On September 20, 2019, at 2:54 PM Huertas penned an email to Paret stating:

> "Here is further confirmation that by providing the below capital including future capital to the partnership, this is debt that will be split 51% Daniel Huertas, 49% Charles Paret. Charales Paret will manage day to day operation of all projects (construction, development, stabilization) including in this email. Daniel Huertas will manage all financial aspects related to capital, partnerships, ventures and will have final word related to execution of the real estate. Charles Paret is responsible solely for all debt obligations prior to 9/20/19. (payments) Charles Paret is not going to incur any additional debt or loans against real estate attached to this email or any purchases of any additional real estate. Please return with agree and confirm that we will operate as such."

9. On September 20, 2019, Paret replied to the above terms: "Agree."

10. Pursuant to the Paret-Huertas partnership, between September 12, 2019 through the present, the parties acted substantially and consistently with their expressed partnership

interests. Paret handled the day-to-day operations of all real estate projects. Huertas managed the financial aspects and enjoyed final approval of matters related to capital, partnerships, and ventures, among other things.

11. Since the last quarter of 2019, D.C. real estate purchases and WCF's corresponding loans facilitated by Huertas and/or the partnership, resulted in excess of $100,000,000.00 in total debt and equity.

12. The extent to which this partnership relationship between the parties was disclosed to principals of WCP Fund 1, LL.C. or its lender, 1Sharpe, is not presently known.

13. Paret's partnership interests potentially include, among other things, the profits and losses for all partnership properties, tax filings and implications thereof, security filings related to D.C. real estate transactions with the D.C. Recorder of Deeds, representations made to local government entities, the identification of debtors, and lenders, as well as the relationship and involvement of WCP's primary lenders relative to partnership properties.

14. The Washington, D.C. properties involving the partnership at issue include but are not limited to: 5419 First Street, NW, 205 West Madison St., NW, 1260 Holbrook St., NE, 1249 Bladensburg, Rd., NE, 1264-66-68 Holbrook St., NE, 107 Rhode Island Ave. NW, 1471 Girard St. NW, 4910 Georgia Ave. NW, 71 Kennedy Street, NW, 423 Kennedy St., NW, 429, 431, 433 Kennedy Street NW, 1736-1758 Trinidad Ave. NE, and 1236 Simms Place NE., as well as 159 Fairfield Lane, Berryville, VA.

15. Upon information and belief, Huertas acted on behalf of the partnership relative to its interest in these multiple properties.

16. Huertas was also involved in certain aspects of the property transactions as a trustee and/or substitute trustee in multiple real estate loan transactions in which he or this attorney

enjoyed a dual role and obligation owed to both the borrower and the lender. To this extent, Huertas' role directly affected the partnership interests.

## PLAINTIFF'S CLAIM

## (DECLARATORY JUDGMENT REGARDING PARTNERSHIP)

17. Plaintiff incorporates by reference all allegations in Paragraphs 1-16 of this Complaint as if fully alleged herein.

18. Plaintiff seeks appropriate declaratory relief in order to ascertain the parties' respective partnership interests including, but not limited to the aforementioned real estate properties in which the partnership has been involved as purchasers, lenders, investors or otherwise.

19. Plaintiff seeks a complete and detailed accounting regarding the partnership's assets.

20. Plaintiff seeks a constructive trust to establish and clarify the parties' intentions, sharing of profits and losses, joint business control, capital investment, and common ownership of partnership property, among other things.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff urges this court to award the following relief:

A. A declaratory judgment that the parties agreed to and acted as partners, and formed a partnership under D.C. Law;

B. That an accounting be done regarding all partnership assets, income, and exposure, if any;

C. That a constructive trust be established pertinent to any and all partnership assets; and

D. Any and all other injunctive, equitable, or other relief deemed appropriate by this court.

Dated: July 24, 2023                                     Respectfully submitted,

*/s/Donald M. Temple*
Donald Temple, Esq. #408749
1310 L Street, NW
Suite 750
Washington, DC  20005
Tel: (202) 628-1101
Fax: (202) 217-2774
Counsel for Plaintiff

Jury Trial Demanded for Non-declaratory Relief.

5