IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | ) | |
| Charles Paxton Paret | ) | Case No. 23-217-ELG |
| Debtor | ) | Chapter 7 |

### DEBTOR' S REPLY TO OPPOSITION TO DEBTOR'S MOTION AND COMBINED MEMORANDUM IN SUPPORT OF RELIEF FROM THE ORDER FOR RELIEF IN AN INVOLUNTARY CASE ENTERED ON AUGUST 31, 2023

Comes Now, Charles Paret and respectfully replies to the Opposition to Debtor's Motion and Combined Memorandum in support of Relief from the Order for Relief. In an Involuntary case entered into on August 31, 2003.  Debtor's arguments are stated more fully below.

I.  ARGUMENT

A.  No Summons was received by Debtor on August 9, 2023.

WCP asserts that the Debtor has received actual notice.  As argued, Mr. Paret inquired of opposing counsel regarding the petition for relief and the docket.  However, there is no mention of Mr. Paret indicating that he received a copy of the summons, which is fatal to the Creditor's argument.  The Federal Rule of Civil Procedure is clear.  No summons. No actual service.

Valid service of process serves two purposes: to assert personal jurisdiction over a defendant and to notify the defendant that a party has commenced legal action against it. *See Williams v. GEICO Corp.*, 792 F. Supp. 2d 58, 65 (D.D.C. 2011); *see also Toms v. Hantman,* 530 F. Supp. 2d 188, 190 (D.D.C. 2008) ("Before a court may exercise personal jurisdiction over a defendant, the procedural requirement of proper service of summons must be satisfied to assure notice to the defendant."). Proper service of process therefore "is not some mindless technicality." *See Williams v. GEICO Corp.*, 792 F. Supp. 2d at 65 (*quoting Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991)).

According to FRCP 4©,  a summons must be served with a copy of the complaint.  The complainant is responsible for having the summons and complaint served within the time allowed by Rule 4(m). 4e 2(A).  delivering a copy of the summons and complaint to the individual

personally. As a premise here, there is no argument that Mr. Paret received or reviewed the summons herein. The summons is indeed instructive as to the petitioner's rights and timeline for certain responses. Notably, despite that Petitioner requested additional information in his referenced August 9, 2023 email, at no time did the Creditor's Counsel confirm the extent to which he received the summons or provide any of the requested information.

The absence of a summons precludes actual notice. The summons specifies instructively how and when a party should respond to an action. WCP's arguments regarding actual serviced is not completely analogous and would essentially amend Rule 4 to require service of only the actual pleading. See *also LSJ Investment Co., Inc. v. O.L.D., Inc*., 167 F.3d 320, 322 (6th Cir. 1999) (stating that defendant's actual knowledge of lawsuit was no substitute for proper Rule 4 service of process); *BPA Intern., Inc. v. Kingdom of Sweden*, 281 F. Supp. 2d 73, 84 (D.D.C. 2003) ("Actual notice does not fulfill the requirements of Rule 4(h)(1) .").

An essential requirement of due process is 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the action and afford them an opportunity to present their objections.' In light of the comparatively lenient procedure in bankruptcy, persons effecting service must provide correct notice in accord with the Rules. Thus, strict compliance with Rule 7004 serves to protect due process rights as well as to assure bankruptcy matters proceed expeditiously."); *Addison v. Gibson Equip. Co. (In re Pittman Mechanical Contractors)*, 180 B.R. 453, 457 (Bankr.E.D.Va.1995) ("In light of the comparatively lenient procedure in bankruptcy, it is of great importance that persons effecting service provide correct notice in accord with the Rules. Here, [the defendant] did not receive the summons on August 9, 2023. Despite knowing as much, this significant omission reflects a want of actual notice. Accordingly, [the defendant's] right to due process was improperly denied.") (internal citations omitted); *In re Wilkinson*, 457 B.R. 530, 543-44 (Bank. W.D. Tex. 2011). Of course, having not been served with the summons combined with the Creditor's non-responsiveness, obviates Mr. Paret responding thereto in any particular number of days.

**B. The Creditor cannot overcome the three-day Bankruptcy Mailing Rule.**

The Creditor concedes that the three-day rule is applicable here and thus that the court's entry of an order on August 31, 2023, is premature and invalid. To that extent, there is presently no alternative corrected order docketed. A corrected order might be issued *ex post facto* or contemporaneously subject to this court's consideration of the immediate motion. To date, prior to this court's ruling,

Mr. Paret has filed an amended complaint, a motion to dismiss, and an Opposition to the Creditors' motion to dismiss, all of which note a significant claim on Mr. Paret's part regarding an alleged partnership between him and Mr. Huertas. The alleged partnership, we submit, substantiates the disputed nature of both DP Capital, LL.C's, and WCP's claims, even though the pleading woefully lacks any documentation or explanation of the specific claims, including references to contracts, noted, Deeds of Trust, and HUD1s. Further, in lieu of the adversarial nature of the partnership relationship between Huertas and Paret, the present filings confirm adversarial circumstances that require the dissolution of said Huertas-Paret partnership. DC Code Section 29-608.01(5)(A) and (B. In that dissolution process, Huertas the principal of DP Capital, LL.C. and Chief Executive Officer of WCP, the entity by which Huertas infused funding into the partnership for renovation purposes, is precluded from taking an adverse position against Paret and the partnership to which he is a party in the dissolution process.

Should the court enter a corrected order, it should not do so in a manner that essentially punishes the Debtor for bringing an appropriate motion to his attention based on the Bankruptcy court's own three-day rule. Hence, the Debtor's rights hereunder should be protected until such time that a corrected order is entered rather than in the prejudicial hypothetical vacuum that the Creditor suggests. To be clear, until such time as this court enters a corrected order, it arguably lacks jurisdiction. The court should not simply change the date on the order as a result of s pending motion and then apply it retroactively to Plaintiff from a due process point of view.

Finally, the arguments in this brief reply supersede the Creditor's service of process issues and arguments, given the three-day rule requirement and absence of a summons in Paret's August 9, 2013 inquiry. Absent a corrected proper order, given a clear procedural error, until such time the error is corrected the court should not exercise jurisdiction of the immediate involuntary bankruptcy.

## II.     CONCLUSION

Accordingly, Mr. Paret's timely motion to vacate the court's August 31, 2023 Order should be granted.

Respectfully submitted,

*/s/Donald M. Temple*
Donald M. Temple #408749
1310 L Street, N.W. Suite 750
Washington, D.C. 20005
(202) 628-1101
dtemplelaw@aol.com

Attorney for Debtor