The order below is hereby signed.

Signed: October 2 2023



Elizabeth L. Gunn
U.S. Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF COLUMBIA**

In re:

**Charles Paxton Paret,**
    **Debtor.**

Case No. 23-00217-ELG

Chapter 7

## ORDER DENYING MOTION TO VACATE

Before the Court is the above captioned Debtor's *Motion for Relief from the Order of Relief in an Involuntary Case* (ECF No. 15) (the "Motion") filed under Federal Rule of Civil Procedure 60(b) made applicable herein by Federal Rule of Bankruptcy Procedure 9024.[1] The Court held a hearing (the "Hearing") on the Motion on September 27, 2023. The Debtor seeks relief from the Order for Relief in this involuntary chapter 7 case (the "Order for Relief") (ECF No. 5) for mistake, inadvertence, and/or excusable neglect under Civil Rule 60(b)(1). In support of his request, the Debtor states that he was not properly served and did not receive notice of the case. For the reasons stated on the record at the Hearing and as further stated herein, the Debtor's Motion is denied.

On August 4, 2023, three petitioning creditors filed an involuntary chapter 7 petition (the "Involuntary Petition") against Charles Paxton Paret (the "Debtor"). ECF No. 1. On August 9,

---

[1] Unless specified otherwise, all chapter, code, and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. The Federal Rules of Civil Procedure are referred to as "Civil Rules."

1

2023, the Court issued a summons in this case for the Debtor that was served on him in accordance with Bankruptcy Rule 7004(b)(1) by first class mail postage pre-paid at two addresses, one in Berryville, Virginia (the "Berryville Address") and one in Washington, D.C. (the "D.C. Address"). (Of course, as of the date of service, the Debtor was a putative debtor.) On August 31, 2023, the Court entered the Order for Relief.

As a preliminary matter, the Court acknowledges that the Order for Relief was entered prior to expiration of the additional three-day period provided by Bankruptcy Rule 9006(f) for items served by mail. Therefore, the Court will enter a modified Order for Relief dated September 6, 2023. Notwithstanding this modification, the remainder of the Motion shall be denied failure to show, under Civil Rule 60(b), mistake, inadvertence, and/or excusable neglect in the Court's entry of the Order for Relief in a case where no timely objection was filed to the involuntary petition.

The deadline to respond to an involuntary petition is set forth in Bankruptcy Rules 1010 and 1011, which provide for service in the manner set forth in Bankruptcy Rule 7004(a) and (b). Bankruptcy Rule 7004(b)(1) allows for service to be made by first class mail at an "individual's dwelling house or usual place of abode *or* to the place where the individual regularly conducts a business or profession." Fed. R. Bankr. P. 7004 (emphasis added). This Bankruptcy Rule does not require service to be on a residence, domicile, or the principal place of business, but instead simply a usual place of abode or a place where business is regularly conducted. The question in this matter therefore is whether either the Berryville Address or D.C. Address meet the requirements of Bankruptcy Rule 7004(b)(1) such that the mailing of the summons to those addresses constituted valid service on the Debtor.

The Debtor argues, by counsel, that neither address is his "residence" or "primary place of business." However, two weeks prior to the filing of the Involuntary Petition, the Debtor caused a

2

complaint to be filed in the Superior Court of the District of Columbia (the "Superior Court") in which he listed his address as the Berryville Address. Further, the Debtor caused the Superior Court complaint to be served on the defendant therein after the date of the filing of the Involuntary Petition, again utilizing the Berryville Address as his address of record. At the Hearing, counsel for the Debtor conceded that the Berryville Address was "an" address used by the Debtor for business purposes. Therefore, the Court finds that the Berryville Address was a valid address for service of the Involuntary Petition on the Debtor under Bankruptcy Rule 7004(b)(1), and that the Debtor would have had until September 5, 2023 to answer or otherwise respond to the Involuntary Petition.

Finding that service was proper, the Court next looks to the requirement under Bankruptcy Rule 1013 to enter an order for the relief "if no pleading or other defense to a petition is filed within the time provided by [Bankruptcy] Rule 1011 . . . the next day, or as soon thereafter as practicable." Fed. R. Bankr. P. 1013(b). The "next day" in this case would appropriately be September 6, 2023, and the Court shall modify the Order for Relief to reflect that date. Had the Debtor filed a responsive document on or prior to September 5, 2023, reconsideration would be appropriate. However, the Debtor did not respond timely.

Seventeen days after the response deadline, on September 22, 2023, the Debtor filed a substantive response to the Involuntary Petition seeking dismissal (the "Motion to Dismiss"). The Motion to Dismiss was untimely. Any motion to extend the deadline to the respond to the Involuntary Petition is governed by Bankruptcy Rule 9006(b)(1). Because the Motion to Dismiss was filed after the expiration of the response deadline, the Court could only extend the time to file a response upon a showing of a failure to act due to excusable neglect. The Court finds that there is no evidence of excusable neglect in this case. The Debtor was on actual notice of the Involuntary

Petition as early as August 9, 2023, was served appropriately, and did not file a response or motion to extend the time to respond prior to the original deadline. Therefore, the Court finds no cause to extend the time to respond to the Involuntary Petition and will deny the Motion to Dismiss as moot.

Therefore, for the reasons stated on the record at the Hearing and herein, it is **ORDERED**, **ADJUDGED**, and **DECREED** that

1) The Motion (ECF No. 15) is DENIED.

2) The Order for Relief will be modified to reflect the date of entry to be September 6, 2023.

3) The Motion to Dismiss (ECF No. 22) is DENIED as MOOT.

[Signed and dated above.]

Copies to: Debtor; recipients of electronic notice; all entities on the mailing list.