The order below is hereby signed.

Signed: October 18 2023



_____
Elizabeth L. Gunn
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| **In re:** | **Case No. 23-00217-ELG** |
| **Charles Paxton Paret,**<br>**Debtor.** | **Chapter 7** |

### <u>ORDER TO SHOW CAUSE</u>

An *Amended Order for Relief* (the "Amended Order for Relief") (ECF No. 29) was entered on October 2, 2023 in the above captioned case. Under Bankruptcy Rule 1007(a)(2),[1] "in an involuntary case, the debtor shall file, within seven days after entry of the order for relief, a list containing the name and address of each entity included or to be included on Schedules D, E/F, G, and H as prescribed by the Official Forms." Under Bankruptcy Rule 1007(c) the actual schedules, statements, and other documents required under Bankruptcy Rule 1007(b) (collectively, the "Required Documents") are due within fourteen days of entry of an order for relief.

In this case, the Debtor's list of creditors was due on October 9, 2023, and the Required Documents were due on October 16, 2023. There has not been a motion to extend the time to file the list of creditors or the Required Documents filed, nor have the Required Documents been filed.

---

[1] Unless specified otherwise, all chapter, code, and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, and the Federal Rules of Bankruptcy Procedure, Rules 1001–9037. The Federal Rules of Civil Procedure are referred to as "Civil Rules."

Bankruptcy Rule 1007(k) provides that if any required document is not filed by a debtor, the Court may order, *inter alia*, the trustee or a petitioning creditor to prepare such documents and may approve reimbursement of costs for compliance with such order as an administrative expense. The Court shall provide the Debtor one final opportunity to complete the Required Documents before ordering another party to complete them, with any such costs of completion to be allowed as an administrative expense in this case.

The Debtor has filed two motions to convert (together, the "Motion to Convert") this matter to chapter 11. ECF Nos. 30, 32. However, because the Debtor has not filed the Required Documents, the Motion to Convert has not been served on all creditors required to receive notice. Furthermore, even if all creditors were on notice, the notice filed with the Motion to Convert do not comply with Bankruptcy Rule 2002(a)(4). Bankruptcy Rule 9013(b), applicable to a motion to convert under § 706(a), states that the moving party shall serve a motion to convert on any other entities that the court directs and specifies must be served. Given the facts and circumstances of this case, the Court finds that it is necessary to specifically order that the Motion to Convert be served on all creditors and parties in interest of the Debtor. Until the Debtor files the Required Documents, the Court is unable to determine if the Motion to Convert has been properly served, and shall defer a ruling thereon until such time as the Required Documents are filed and a further certificate of service is filed.

Therefore, it is hereby **ORDERED, ADJUDGED,** and **DECREED** that:

1)      On or before October 25, 2023, the Debtor shall file the Required Documents. If the Required Documents are not timely filed, the Debtor and counsel shall appear on November 1, 2023 and show cause as to why the Court should not order another party to complete the Required Documents with the cost of such completion allowed as an administrative expense under

§ 503(b) (the "Show Cause Hearing"). The Show Cause Hearing will be held both in Courtroom 1, United States Courthouse, 333 Constitution Ave NW, Washington, DC 20001 and by Zoom for Government. Parties should contact Aimee Mathewes for the Zoom information and should familiarize themselves with General Order 2023-01, *Order Establishing Hearing Protocols Before Judge Gunn*.

2)      The Debtor's Motion to Convert is stayed generally, pending further service on all the Debtor's creditors and other parties in interest in this matter.

[Signed and dated above.]

Service to: recipients of electronic notice.