IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re:

**Charles Paxton Paret,**

　　　　　　　Debtor.

Case No. 23-00217-ELG

Chapter 11

## U.S. TRUSTEE'S MOTION TO CONVERT OR DISMISS CHAPTER 11 CASE

Gerard R. Vetter, Acting United States Trustee for Region 4, by counsel, moves this Court to convert this chapter 11 case to chapter 7 or in the alternative, to dismiss this case, whichever is in the best interests of the creditors and the estate.

In support of this motion the following representations are made:

1. The Court has authority to hear and decide this matter. 28 U.S.C. § 1334.

2. This is a core matter. 28 U.S.C. § 157(b)(2)(A).

3. On August 4, 2023, a chapter 7 involuntary petition was filed against the Debtor. Doc. No. 1.

4. On October 17, 2023, the Debtor filed a Motion to Convert Case to Chapter 11. Doc. No. 32.

5. On November 15, 2023, the Debtor filed his Schedules and Statement of Financial Affairs. Doc. No. 50.

6. On November 22, 2023, this Court entered an Order converting this case to Chapter 11. Doc. No. 54.

Kristen S. Eustis, Trial Attorney
Federal Bar No. MD28984
Office of the United States Trustee
1725 Duke St., Suite 650
Alexandria, VA 22314
(703) 557-7227- Direct Dial
Kristen.S.Eustis@usdoj.gov

1

7. The Bankruptcy Code at 11 U.S.C. § 1112(b)(1) provides that when a movant establishes cause, the Court shall either convert to chapter 7 or dismiss a case filed under this chapter based on whichever is in the best interests of creditors and the estate.

8. At the time of filing this Motion, the Debtor has failed to file monthly operating reports for the months of November and December 2023.

9. The Debtor has also failed to pay the fees due to the U.S. Trustee's office in the estimated amount of $250.00 for the fourth quarter of 2023 as of the date of the filing of this Motion. This amount could be higher based on disbursement amounts listed in the delinquent monthly operating reports mentioned above.

10. The Debtor has also failed to respond to requests from the U.S. Trustee and provide certain reasonably requested documents to the U.S. Trustee, including but not limited to copies of the debtor's paystubs, insurance policies, tax returns, bank statements, evidence of closing pre-petition bank accounts, and opening of new DIP accounts.

11. Additionally, the Debtor failed to appear at his continued meeting of creditors. The initial 341 meeting of creditors was held on December 20, 2023 and was continued to January 22, 2024 to provide the Debtor with sufficient time to satisfy the document requests and amendments that were requested by undersigned counsel at the 341 meeting.

12. Debtor's counsel requested an emergency continuance of the January 22, 2024 continued meeting of creditors due to an emergency hearing that was scheduled in one of counsel's other cases. The U.S. Trustee agreed to a continuance to February 5, 2024 at 1:00 p.m. under the circumstances of the case.

13. The Debtor and counsel failed to appear at the February 5, 2024 continued meeting of creditors.

**Argument**

The Court, for cause, after notice and hearing, may dismiss or convert a case to a case under chapter 7, whichever is in the best interests of the creditors and the estate. 11 U.S.C. § 1112(b)(1).

Under 11 U.S.C. § 1112(b)(4)(F) cause exists where "unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter". The Debtor has failed to file monthly operating reports for November and December 2023. Failure to file these reports is grounds for conversion or dismissal of the case.

Under 11 U.S.C. § 1112(b)(4)(K) cause exists where "failure to pay any fees or charges required under chapter 123 of title 28". The Debtor currently is past due paying estimated chapter 11 fees of $250.00 for the 4th quarter of 2023. These fees could be greater depending upon the disbursements reported in the missing monthly operating report aforementioned. Failure to pay these fees on a timely and accurate manner are causes for conversion or dismissal of the case.

Under 11 U.S.C. § 1112(b)(4)(H) cause exists for "failure timely to provide information or attend meetings reasonably requested by the United States Trustee." As of the date and time of filing this Motion, the U.S. Trustee has still not received a complete response to his request and has not received, among other things, copies of the debtor's paystubs, insurance policies, tax returns, bank statements, evidence of closing pre-petition bank accounts, and opening of new DIP accounts. The Debtor and counsel also failed to appear at the February 5, 2024 continued meeting of creditors. Failure to provide such basic information and to appear at a meeting of creditors is cause for conversion or dismissal of the case.

As the U.S. Trustee has established a *prima facie* case that "cause" exists to convert or dismiss this case, the burden shifts to the Debtor to demonstrate that "unusual circumstances" exist that establish that converting or dismissing the case is not in the best interests of creditors and the

estate to avoid the mandatory conversion or dismissal of their case. *See* 11 U.S.C. § 1112(b)(2). For the exception to apply, the court must find and specifically identify unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate. *Id.* The debtor or another party in interest must then: (1) establish that there is a reasonable likelihood that a plan will be confirmed within a reasonable period of time; and (2) that the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)—(i) for which there exists a reasonable justification for the act or omission; and (ii) that it will be cured within a reasonable period of time fixed by the court. *Id.*; *See In re Landmark Atl. Hess Farm, LLC,* 448 B.R. 707 (Bankr. D. Md. 2011). The U.S. Trustee is unaware of any unusual circumstances that would result in a finding that either conversion or dismissal of this case in not in the best interest of creditors and the estate.

WHEREFORE, the United States Trustee respectfully requests that this Court enter an order converting this case to a case under chapter 7 of the Bankruptcy Code or dismiss this case.

February 5, 2024				GERARD R. VETTER
						ACTING U.S. TRUSTEE, REGION 4


						By: */s/ Kristen S. Eustis*
						Kristen S. Eustis, Trial Attorney
						Federal Bar No. MD28984
						Office of the United States Trustee
						1725 Duke St., Suite 650
						Alexandria, VA 22314
						(703) 557-7227- Direct Dial
						Kristen.S.Eustis@usdoj.gov

**Certificate of Service**

I hereby certify that on February 5, 2024, I electronically filed the foregoing Motion to Convert or Dismiss with the Clerk of the Court and served it via the Court's CM/ECF system upon all counsel who have entered an appearance in the case:

Daniel Kevin Eisenhauer ecfaccount@orlans.com, ANHSOrlans@InfoEx.com

Alan D. Eisler aeisler@e-hlegal.com, mcghamilton@gmail.com

Kristen S. Eustis Kristen.S.Eustis@usdoj.gov, Robert.W.Ours@usdoj.gov

Justin Philip Fasano jfasano@mhlawyers.com, jfasano@ecf.courtdrive.com; hleaphart@mhlawyers.com;fasano.justinr92003@notify.bestcase.com

Jonathan E. Levine jlevine@mbhylaw.com, efiling@levinepllc.com

Vanessa Carpenter Lourie vlourie@carpenterlourie.com

Jeffery T. Martin jeff@martinlawgroupva.com, Martin.JefferyT.B119228@notify.bestcase.com

Mark Meyer bankruptcy@rosenberg-assoc.com, bankruptcy@rosenberg-assoc.com

Gregory C Mullen bankruptcy@bww-law.com, bankruptcy@albalawgroup.com; Gregory.c.mullen@gmail.com

John E. Reid jack@martinlawgroupva.com

Donald Melvin Temple Dtemplelaw@gmail.com

U. S. Trustee for Region Four USTPRegion04.DC.ECF@USDOJ.GOV

Maurice Belmont VerStandig mac@mbvesq.com, lisa@mbvesq.com; mac@dcbankruptcy.com; verstandig.mauricer104982@notify.bestcase.com;verstandiglaw@recap.email

I further certify that on February 5, 2024, a copy of the foregoing Motion was served by first class United States mail, postage prepaid to the following:

Charles Paxton Paret
343 First Street
Berryville, VA 22611

/s/ Robert W. Ours
Robert W. Ours
Paralegal Specialist

5