Maurice B. VerStandig, Esq.
Bar No. MD18071
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, Nevada 89012
Phone: (301) 444-4600
Facsimile: (301) 444-4600
mac@mbvesq.com
*Counsel for WCP Fund I LLC*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | ) | Case No. 23-217-ELG |
| | ) | |
| Charles Paxton Paret | ) | (Chapter 7) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**RESPONSE TO U.S. TRUSTEE'S MOTION TO
CONVERT OR DISMISS CHAPTER 11 CASE AND ORDER
TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED**

Comes now WCP Fund I LLC ("WCP"), by and through undersigned counsel, in response

to the U.S. Trustee's Motion to Convert or Dismiss Chapter 11 Casse (the "UST Motion," as found

at DE #69) and this Honorable Court's Order to Show Cause Why This Case Should Not be

Dismissed (the "Order to Show Cause," as found at DE #74) and states as follows:

Charles Paxton Paret ("Mr. Paret" or the "Debtor") does not belong in Chapter 11. As

established in the UST Motion, the Debtor has failed to file monthly operating reports, has failed

to pay quarterly fees, has failed to produce documents, and has failed to attend a continued meeting

of creditors. When Mr. Paret did show up to the initial meeting of creditors – before turning truant

at the continuation – he answered questions in an oft-contradictory and illogical fashion, bickered

with the Internal Revenue Service about when his already-delinquent tax returns would be due,

and demonstrated a generalized disregard for Section 341 of Title 11 of the United States Code.

That he has since racked up more failures than Theranos comes as little surprise.

Critically, however, this is an involuntary case, commenced as a Chapter 7 proceeding

before being converted to Chapter 11 by the Debtor. Mr. Paret's schedules – difficult as they may

be to credit – list more than $1.5 million in assets against more than $3.4 million in liabilities. DE

#50 at p. 1. Of those putative assets, more than $500,000.00 are unmoored to any secured debt. *Id.*

at pp. 15-16.

Under controlling law, once cause to convert or dismiss a case has been established, the

determination is to be made in accord with "the best interests of creditors and the estate." 11 U.S.C.

§ 1112(b). Here, those best interests are uniformly best served through conversion back to Chapter

7, so a trustee may take helm of the Debtor's estate, liquidate non-exempt assets, investigate the

existence of unscheduled assets (including Chapter 5 claims), compel Mr. Paret to meaningfully

answer questions about his financial affairs, and distribute proceeds to creditors.

Additionally, Mr. Paret has been represented in this case by counsel (Donald Temple) who

– per the testimony of Mr. Paret – was compensated for such services, but who never filed an

employment application and who never secured an order of employment. A trustee can, no doubt,

well explore whether or not Mr. Temple needs to remit funds back to the estate. A trustee can also

explore what Mr. Paret has done with his income of $21,000.00 per month (DE #50 at p. 32) since

becoming a Chapter 11 debtor.

That this case commenced as an involuntary proceeding is further cause for conversion

over dismissal. To permit a debtor involuntarily placed into bankruptcy to simply convert his case

to Chapter 11, spurn nearly every obligation attendant thereto, and then secure dismissal on

account of his nonfeasance, would be to create a loophole that subsumes nearly the whole of

Section 303 of Title 11 of the United States Code. Such is especially true of Mr. Paret, who contested his petition for relief – with seeming obfuscation and counter-factual assertions – before converting this case to Chapter 11. If all that is needed for him to avoid the prying eyes and equity-centric allowances of bankruptcy is dereliction and indifference, he will have paved an escape route surely to be followed by plentiful bad actors in the future.

                                        Respectfully submitted,

Dated: February 21, 2024                By: /s/ Maurice B. VerStandig
                                        Maurice B. VerStandig, Esq.
                                        Bar No. MD18071
                                        The VerStandig Law Firm, LLC
                                        1452 W. Horizon Ridge Pkwy, #665
                                        Henderson, Nevada 89012
                                        Phone: (301) 444-4600
                                        Facsimile: (301) 444-4600
                                        mac@mbvesq.com
                                        *Counsel for WCP Fund I LLC*

## CERTIFICATE OF SERVICE

        I HEREBY CERTIFY that on this 21st day of February, 2024, a copy of the foregoing was served electronically upon filing via the ECF system.

                                        /s/ Maurice B. VerStandig
                                        Maurice B. VerStandig