Maurice B. VerStandig, Esq.
Bar No. MD18071
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, Nevada 89012
Phone: (301) 444-4600
Facsimile: (301) 444-4600
mac@mbvesq.com
*Counsel for WCP Fund I LLC*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | ) | Case No. 23-217-ELG |
| | ) | |
| Charles Paxton Paret | ) | (Chapter 11) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**MOTION TO SHORTEN TIME**

Comes now WCP Fund I LLC ("WCP"), by and through undersigned counsel, pursuant to Local Rule 9013-2, and moves this Honorable Court to shorten the response time for the Motion to Convert to Chapter 7 to Prevent Debtor from Continuing to Sell Estate Assets (the "Motion") filed by WCP of even date herewith, and in support thereof states as follows:

I.   **Introduction**

Charles Paxton Paret ("Mr. Paret" or the "Debtor") currently has listed for sale 181 items on Facebook Marketplace, including five vintage motor vehicles of which one is registered in the Debtor's name. None of these assets have been disclosed in the more than six months this case has been pending, none are listed on the Debtor's schedules, and none of the sales have been approved by this Honorable Court. There is a very real risk of Mr. Paret separating assets from this estate if this case remains in Chapter 11 and, as noted in the Motion, such would be to the financial detriment of all creditors since Mr. Paret's only operating reports to date show him losing money

every month. And there is thusly an urgency in returning this case to Chapter 7, so a trustee may take helm of the Debtor's estate and ensure its spoils are not bargained through a social media site.

## II.     Standard

The Federal Rules of Bankruptcy Procedure expressly allow, *inter alia*, "…when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced." Fed. R. Bankr. P. 9006(c).

The new version of the Local Rules of this Honorable Court, in turn, provide a specific procedure for the shortening of time and for the noticing of an expedited hearing:

> If a movant requests that the time for filing objections should be shortened and/or that a more expedited hearing is needed, the movant shall contemporaneously file a separate motion (a "Motion to Shorten") requesting that the court shorten the time to object and/or requesting that the Court set an expedited hearing (an "Expedited Hearing Motion"). The Motion shall include statements explaining why the underlying substantive motion requires an expedited ruling by the Court and any time restrictions or other relevant information. A notice of the underlying substantive motion(s) shall not be filed until the Court rules on the Motion to Shorten or Expedited Hearing Motion.

Local Rule 9013-2(a).

## III.    Argument: Time Should be Shortened

If the Debtor's 1980 Chevrolet Camaro is sold tomorrow, there is little-to-no chance of creditors ever seeing a dollar of the proceeds. If the car is sold by a trustee, the bankruptcy process – as envisioned by Congress and as solidified over the more than 45 years since the Bankruptcy Code was passed – will be honored. It is essential Mr. Paret be stopped from selling estate assets before further harm may accrue and, especially in the face of a debtor that has already proven unwilling to conform to the rigors of the Bankruptcy Code on myriad occasions, it is essential such occur as soon as practicable.

Though there is scant case law on the burden, "the 'cause shown' standard is not a particularly high bar…" *Sovereign Int'l, Inc. v. Minturn*, 2020 WL 3124315, at *3 (W.D. Mo. 2020). The "cause shown" standard has prevailed since the Bankruptcy Act, when the rigor "was designed to 'prevent waste and deterioration (of the bankrupt estate) and to avoid unnecessary delay.'" *In re Park Distributors, Inc.*, 176 F. Supp. 38, 42 (S.D. Cal. 1959) (quoting H.R. Rep. No. 1409, 75th Cong., 1st sess., at 13 (1937)). *See also, In re Gen. Insecticide Co.*, 403 F.2d 629, 630 (2d Cir. 1968) (applying *Park Distributors*).

Here, the Debtor's estate risks erosion with every passing moment, posing a direct threat to the entire creditor body. The estate is literally facing waste and deterioration every day the Debtor's offensive conduct persists, and only an order converting this case – and removing the Debtor from the helm of his online antique store – can abate such waste and deterioration. This is accordingly the precise harm spoken of by the *Park Distributors* Court and embraced by the modern contours of Rule 9006.

**IV.    Conclusion**

WHEREFORE, WCP respectfully prays this Honorable Court (i) order any opposition or objection to the Motion be filed at or before 10:00 am prevailing Eastern Time on Tuesday, March 12, 2024; (ii) schedule a hearing on the Motion for 1:30 pm prevailing Eastern Time on Wednesday, March 13, 2024; (iii) direct WCP to serve the resulting order on all parties on the mailing matrix herein, within one day of said order being issued; and (iv) afford such other and further relief as may be just and proper.

*[Signature on Following Page]*

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: March 4, 2024 | By: /s/ Maurice B. VerStandig |
|  | Maurice B. VerStandig, Esq. |
|  | Bar No. MD18071 |
|  | The VerStandig Law Firm, LLC |
|  | 1452 W. Horizon Ridge Pkwy, #665 |
|  | Henderson, Nevada 89012 |
|  | Phone: (301) 444-4600 |
|  | Facsimile: (301) 444-4600 |
|  | mac@mbvesq.com |
|  | *Counsel for WCP Fund I LLC* |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 4th day of March, 2024, a copy of the foregoing was served electronically upon filing via the ECF system.

/s/ Maurice B. VerStandig
Maurice B. VerStandig