# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **In the Matter of:** | : |
| | : |
| **Charles Paxton Paret** | : Case No. 23-00217-ELG |
| | : Chapter 7 |
| Debtor. | : |
| | : |

## OPPOSITION TO MOTION TO CONVERT OR DISMISS

COMES NOW Charles Paxton Paret ("Debtor"), by counsel, and files this Opposition to the Motion to Convert or Dismiss ("Motion") [Docket No. 87] filed herein by WCP Fund I LLC ("WCP"), and in support of said motion does state as follows:

### A.  NEATOVILLE VENTURES, LLC CONSIGNMENT ITEMS

1. WCP's Motion was based on the Debtor's alleged failure to disclose vehicle inventory and sales together with property sold through a Facebook Marketplace online storefront for Neatoville Ventures, LLC ("Neatoville").

2. Neatoville and the Facebook Marketplace are not run by the Debtor.  Neatoville employees use his personal account to facilitate consignment sales, as Facebook requires an individual account to sponsor business accounts.  The business, if it can be labeled as such, loses money and its bank accounts have been closed.

3. As set forth in the Verified Statement, attached hereto, the items reflected on Neatoville's storefront are consigned goods owned by Curt Hansen.

4. Neatoville also sells vehicles on consignment.  Likely these are the vehicles listed by WCP in their motion.

Jeffery T. Martin, Jr., VSB No. 71860
Martin Law Group, P.C.
8065 Leesburg Pike, Suite 750
Vienna, VA  22182
703-834-5550
jeff@martinlawgroupva.com
Counsel for the Debtor

5. To the extent that Debtor failed to list Neatoville, any losses derived therefrom, and the now closed bank accounts on his initial schedules, that may be easily remedied with Amended Schedules.

6. The items are on consignment, and the Debtor will amend his Petition to reflect that these items are held for others as required.

### B. THE FALSE NARRATIVE OF AN EXPENSIVE CAMARO

7. WCP spins an entertaining yarn about the Debtor's alleged ownership of a racy and valuable Camaro. Upon a cursory review of the facts, this story falls flat.

8. The Debtor purchased a Chevrolet Camaro on April 21, 2020, through Charles Paret, LLC. Charles Paret, LLC, is an entity owned by the Debtor and disclosed in his Petition and Schedules. The vehicle in question is currently located in a warehouse owned by one of his investors and is not being sold.

9. The registration cited by WCP is merely the initial 30-day dealer registration once a purchase is completed. To date, the Debtor has been unable to register the car or have been able to register the vehicle in his name or any other entity name that he controls. The title is still registered in Richard Paul Soucy's name in the State of Florida. Mr. Soucy passed away on February 10, 2021, complicating Debtor's efforts to obtain title.

10. The Debtor has possession of a car that he does not have title to, leading to his reasonable belief that it was not necessary to list the car as an asset on his Bankruptcy Schedules.

### C. THE MOTION HAS NO MERIT

11. The purpose of the 341 meeting of creditors is to examine the Debtor and explore these very issues in detail and under oath. The motion is an unnecessary exercise and duplicative of that process.

12. The Debtor, and perhaps this Court, can only conclude that the motion was filed for no other purpose than to intimidate, harass and annoy the Debtor.  WCP, and its experienced counsel, knows that it may ask these questions of the Debtor under oath at the upcoming rescheduling 341 meeting of creditors.  The motion is unnecessary and is a waste of the parties, and this Court's, time and expense.

13. Had WCP conducted even the most basic inquiry and due diligence, it would have discovered that its assertions are baseless and contrary to fact.  The lack of investigation borders on sanctionable conduct for the Debtor's costs to respond to such a frivolous filing.

WHEREFORE, the Debtor prays that this Court enter an order denying the Motion, and that the Debtor have such other and further relief as this Court may deem just.

Date:   March 12, 2024	**CHARELES PAXTON PARET**
	**By Counsel**

	/s/ Jeffery T. Martin, Jr.
	Jeffery T. Martin, Jr., Bar No. VA71860
	Martin Law Group, P.C.
	8065 Leesburg Pike, Suite 750
	Vienna, VA, 22182
	703-834-5550
	jeff@martinlawgroupva.com
	Counsel to the Debtor

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 12th day of March, 2024, a true copy of the foregoing pleading was sent by CM/ECF to all parties requesting notice (including the United States Trustee).

                                        /s/ Jeffery T. Martin, Jr.
                                        Jeffery T. Martin, Jr.