IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| IN RE: | ) | 23-00217-ELG |
| | ) | |
| CHARLES PAXTON PARET, | ) | CHAPTER 7 |
| | ) | |
| Debtor. | ) | |
| | ) | |

APPLICATION TO AUTHORIZE RETENTION OF
COUNSEL PURSUANT TO 11 U.S.C. § 327

COMES NOW Wendell W. Webster, Chapter 7 Trustee ("Trustee") of the bankruptcy estate of Charles Paxton Paret ("Debtor"), by and through proposed counsel, McNamee Hosea, P.A., and as his Application to Authorize Retention of Counsel Pursuant to 11 U.S.C. §327, respectfully submits the following:

1.  This case commenced on August 4, 2023, when three creditors filed an involuntary bankruptcy petition against the Debtor under Chapter 7 of the United States Bankruptcy Court.  After converting to Chapter 11, it was reconverted to Chapter 7 on March 14, 2024.

2.  Wendell W. Webster is the Trustee of the Debtor's Chapter 7 estate.  The Trustee previously engaged McNamee Hosea, P.A. as his counsel during the time prior to conversion to Chapter 11

3.  The Trustee again wishes to retain Janet M. Nesse, Justin Fasano and the firm of McNamee Hosea, P.A. (collectively the "Attorneys") as Trustee's Counsel in this Case.

_____
Janet M. Nesse (D.C. Bar 358514)
Justin P. Fasano (DC Bar MD21201)
McNamee Hosea
6404 Ivy Lane, Suite 820
Greenbelt, MD 20770
(301) 441-2420
jnesse@mhlawyers.com
jfasano@mhlawyers.com
*Proposed Counsel to the Trustee*

Specifically, the Trustee seeks to retain general counsel to counsel to provide representation in connection with certain matters in this proceeding, including preparation of pleadings, and making necessary court appearances on the Trustee's Behalf, to pursue the sale of certain assets and potential Chapter 5 and other causes of action, and for such other matters as the Trustee shall direct and counsel shall agree in writing.

4. Ms. Nesse shall charge her standard hourly rate of $525.00 per hour. Mr. Fasano shall charge his standard hourly rate of $400.00 per hour. Other attorneys will charge their standard hourly rates.

5. The Trustee has selected the Attorneys to serve as Counsel because the Attorneys have considerable experience in the matters for which they are being retained and because the Trustee believes that the Attorneys are well-qualified to provide representation in all proceedings arising in connection with litigation and administration of the estate.

6. The professional services to be rendered by the Attorneys include, but are not limited to: provided, include:

    a. Preparing and filing of all necessary and advisable motions, briefs, applications, memoranda, pleadings, notices, orders, objections to claims, stipulations, contested matters, adversary proceedings and other matters on behalf of the Trustee;

    b. Negotiating with parties in interest with respect to the resolution of disputes, claims by or against the estate, or other matters affecting the administration of the estate;

    c. Appearing in Court on behalf of the Trustee;

    d. Any other legal services reasonably necessary and advisable in connection with the foregoing.

7. The Attorneys will apply to this Court periodically for approval and award of compensation and reimbursement of expenses, on notice and with opportunity for parties in interest to object.

8. To the best of the Trustee's knowledge, the Attorneys are disinterested[1]; represent no interests adverse to the estate or the Trustee; and have no connection to the Debtor, creditors, any other parties in interest or their respective attorneys, accountants, or other Court-approved professionals, nor with the Office of the United States Trustee or person employed by the Office of the United States Trustee or the Court, except as stated in the Verified Statement filed herewith.

9. The services to be rendered by the Attorneys shall be charged at applicable hourly rates, subject to change, but always subject to Court approval.

10. The Attorneys have not agreed to, and will not, share any compensation awarded in the course of their representation except with members and employees of the Attorneys, as permitted the Bankruptcy Code and Rules.

11. The Trustee believes that the retention of the Attorneys is necessary and appropriate and in the best interest of the estates and its creditors.

12. The Attorneys commenced reviewing this case while it was in Chapter 7, on September 13, 2023, and request that their employment be approved again effective September 13, 2023.  Counsel has not incurred professional fees and will not bill for any time for the period this case was in Chapter 11.

---

[1] McNamee Hosea does not believe that its small administrative claim (estimated at $1,800) renders it not disinterested.  McNamee Hosea would only be disinterested if it was a "creditor." 11 U.S.C. § 101(14)(A).  A "creditor" is defined (in general terms) as the holder of a pre-petition or pre-conversion claim. 11 U.S.C § 101(10).  If an administrative claim rendered a law firm not disinterested, counsel would be disqualified as soon as it began work for an estate.

WHEREFORE, the Trustee requests that the Court enter an Order:

a.     Authorizing the Trustee to retain the Attorneys as Trustee's Counsel pursuant to 11 U.S.C. § 327 effective September 13, 2023 in the above captioned case; and

b.     Granting such other and further relief as is just and proper.

Dated:  March 18, 2024                                   Respectfully submitted

/s/ Justin P. Fasano
Janet M. Nesse (D.C. Bar 358514)
Justin P. Fasano (DC Bar MD21201)
McNamee Hosea, P.A.
6404 Ivy Lane, Suite 820
Greenbelt, MD 20770
(301) 441-2420
jnesse@mhlawyers.com
jfasano@mhlawyers.com
*Proposed Counsel to the Trustee*

## CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2024, I served a copy of the foregoing was served via first class mail, postage prepaid, upon the following:

U. S. Trustee's Office
1725 Duke Street
Suite 650
Alexandria, VA 22314

/s/ Justin P. Fasano
Justin P. Fasano

4