A

5412 1st St NW Washington DC 20011

1236 Simms Place NE, Washington, DC 20002

5419 1st St NW, Washington DC 20011

## COMMERCIAL DEED OF TRUST NOTE

**November 05, 2019**                                             **$1,800,000.00**

## IMPORTANT NOTICE

**THIS INSTRUMENT CONTAINS A CONFESSION OF JUDGMENT PROVISION WHICH CONSTITUTES A WAIVER OF IMPORTANT RIGHTS YOU MAY HAVE AS A DEBTOR AND ALLOWS THE CREDITOR TO OBTAIN A JUDGMENT AGAINST YOU WITHOUT ANY FURTHER NOTICE.**

1.      **BORROWER'S PROMISE TO PAY**

FOR VALUE RECEIVED, the undersigned, **5412 1ST ST HOLDINGS LLC**, a District of Columbia Limited Liability Company, **5419 First Street NW DC LLC**, a District of Columbia Limited Company, **DESIGN BUILD GROUP, LLC**, a District of Columbia Limited Liability Company, **205 West Madison LLC**, a Delaware Limited Liability Company, **RI Holdings LLC**, a District of Columbia Limited Liability Company, **1260 Holbrook Holdings LLC**, District of Columbia Limited Liability Company, **1249 Bladensburg Rd Holdings LLC**, a District of Columbia Limited Liability Company, **1264 Holbrook Holdings LLC**, a District of Columbia Limited Liability Company, **1262 Holbrook Holdings LLC**, a District of Columbia Limited Liability Company, **1471 GIRARD ST HOLDINGS, LLC**, a District of Columbia Limited Liability Company, **71 Kennedy St Holdings LLC**, a District of Columbia Limited Liability Company, **429 Kennedy St Holdings LLC**, a District of Columbia Limited Liability Company, **1736 Montello Ave Holdings LLC**, a District of Columbia Limited Liability Company, **208 First St Holdings LLC**, a Virginia Limited Liability Company, **433 Kennedy St. Holdings LLC**, a District of Columbia Limited Liability Company, **635 East Main Holdings LLC**, a Virginia Limited Liability Company, **431 Kennedy St Holdings LLC**, a District of Columbia Limited Liability Company (collectively the "Borrower"), promises to pay to the order of WCP Fund I LLC, a Delaware, limited liability company, at 2815 Hartland Rd Suite 200, Falls Church, VA 22043 , its successors and assigns   (the "Lender" ), at such address and place, or at such other place or places as the Lender may from time to time designate in writing, the principal sum of $1,800,000.00, together with interest at the rate hereinafter provided, from the date of this Note (as set forth above) until paid. All amounts due under this Note are secured by a Deed of Trust of even date herewith ("Deed of Trust") on the real property referenced in the Deed of Trust ("Property").

Borrower hereby assigns its right, title, and interest in and to all contracts and contract rights in connection with the Property. So long as no default or Event of Default exist under this Note or the related Deed of Trust, Lender grants a license to Borrower to use the contracts and contract rights to increase the value of the Property. However, upon a default or Event of Default under this Note or the related Deed of Trust, Borrower's license shall immediately and automatically be revoked. **[ASSIGNMENT OF CONTRACTS]**

Borrower expressly and specifically agrees that the entire original principal balance of this Note, or any part thereof, may be withheld from Borrower at the closing on the loan memorialized by this Note and may be funded, if at all, in Lender's sole and absolute discretion. Borrower further expressly and specifically agrees that interest shall accrue on only the total amount of the original principal balance that is disbursed and released from Lender to Borrower, until repaid. If the loan memorialized by this Note is not funded in whole or in part, so much of it as is unfunded shall be deemed repaid at the Maturity Date (defined below), applied in accordance with this Note. **[FUNDING]**

Borrower agrees to pay before or at the closing on the loan memorialized by this Note **$36,000.00** to DP Capital LLC as a loan origination fee, **$450.00** to DP Capital LLC for a broker price opinion, and **$1,000.00** to DP Capital LLC as processing fees and document prep fees. **[POINTS, FEES, AND COSTS]**

In addition to and separate from all other amounts due under this Note, so long as Borrower or any affiliate of Borrower owns the Property, or any of the properties set forth in **Exhibit A** hereto and which are referred to herein as the **"Supplemental Properties"**, Borrower shall pay to Lender's affiliate, DP Capital LLC, 50% of all gross revenue generated from the Property, and/or Supplemental Properties, and/or by Borrower. Whether or not a subsequent owner of the Property and/or Supplemental Properties is an affiliate of Borrower shall be determined by Lender in Lender's sole and absolute discretion. This paragraph shall survive repayment of all principal and interest due under this Note, and shall survive any release, termination, and/or extinguishment of the Deed of Trust. This paragraph shall not be satisfied and/or canceled without Lender's express written confirmation of satisfaction and/or cancellation. Any statement in any certificate of satisfaction or the like releasing the Deed of Trust describing this Note as having been paid in full shall not apply to this paragraph. If the Property or any of the Supplemental Properties is subdivided into condominium units, this paragraph shall apply to each and every such condominium unit. If the Deed of Trust is released, terminated, and/or extinguished, upon Lender's request to Borrower, the Operating Agreements of Borrower shall be amended (1) to acknowledge and confirm the rights of Lender as set forth in this paragraph, and (2) to provide that Borrower shall not lease, convey, or encumber the Property or Supplemental Properties without Lender's express written permission. Moreover, upon Lender's request to Borrower, Borrower shall record with the Recorder of Deeds of the District of Columbia a written instrument acknowledging and confirming the rights of Lender as set forth in this paragraph, and, should Borrower fail to do so immediately, Lender shall be entitled to file suit for declaratory judgment and to record a lis pendens with the Recorder of Deeds of The District of Columbia. **[PARTICIPATION PROPERTY REVENUE]**

In addition to and separate from all other amounts due under this Note, Borrower shall pay to Lender's affiliate DP, Capital LLC, 50% of the gross sales proceeds upon a bona fide, arm's-length sale of the Property or any or all of the Supplemental Properties by Borrower or any affiliate of Borrower to an unaffiliated 3rd-party purchaser with a sales price of no less than the then fair market value of the Property. Whether or not (1) a subsequent owner of the Property or any or all of the Supplemental Properties is an affiliate of Borrower, (2) a sale is bona fide and arm's-length, (3) a 3rd-party purchaser is unaffiliated with Borrower, and/or (4) a sales price is no less than the then fair market value of the Property, and, a sales price is no less than the then fair market value of any Supplemental Properties, shall be determined by Lender in Lender's sole and absolute discretion. This paragraph shall survive repayment of all principal and interest due under this Note, and shall survive any release, termination, and/or extinguishment of the Deed of Trust. This paragraph shall not be satisfied and/or canceled without Lender's express written confirmation of satisfaction and/or cancellation. Any statement in any certificate of satisfaction or the like releasing the Deed of Trust describing this Note as having been paid in full shall not apply to this paragraph. If the Property is subdivided into condominium units, this paragraph shall apply to each and every such condominium unit. If the Deed of Trust is released, terminated, and/or extinguished, upon Lender's request to Borrower, the Operating Agreements of Borrower shall be amended (1) to acknowledge and confirm the rights of Lender's affiliate DP Capital LLC as set forth in this paragraph, and (2) to provide that Borrower shall not lease, convey, or encumber the Property or Supplemental Properties without Lender's express written permission. Moreover, upon Lender's request to Borrower, Borrower shall record with the Recorder of Deeds of the District of Columbia a written instrument acknowledging and confirming the rights of Lender as set forth in this paragraph, and, should Borrower fail to do so immediately, Lender shall be entitled to file suit for declaratory judgment and to record a lis pendens with the Recorder of Deeds of the District of Columbia. [**PARTICIPATION PROPERTY SALE**]

**The remainder of this page left intentionally blank.**

The final version of the loan commitment between Borrower and Lender is incorporated herein by reference. In the event of any conflict between the aforementioned loan commitment and this Note, the terms and conditions of this Note shall control. **[LOAN COMMITMENT]**

## 2.    INTEREST

Interest shall accrue hereunder at the rate of **10%** per annum on the principal.

## 3.    PAYMENTS

Payments of interest only shall be due and payable on the first day of each calendar month during the term of the loan evidenced by this Note.

If not sooner paid, the entire balance of the principal of this Note remaining unpaid, plus interest accrued thereon at the aforesaid rate not previously paid, and fees and costs, if any, shall be due and payable by Borrower in full by **November 05, 2020** (the "Maturity Date").

For purposes of computing interest on the debt evidenced hereby, interest shall be calculated on the basis of a three hundred sixty (360) day calendar year applied to the actual number of days funds are outstanding. Payments made on account hereof shall be applied first to the payment of late charges or other fees and costs owed to the Lender, next to the payment of any accrued and unpaid interest, and then to principal, or in such other order or proportion as the Lender, in its sole discretion, may elect from time to time.

The Borrower agrees to pay on demand any expenditures made by the Lender in accordance with the Deed of Trust, including, but not limited to, the payment of taxes, special assessments, condominium assessments, insurance premiums, and the cost of maintenance and preservation of the properties described in the Deed of Trust. At the option of the Lender, all such expenditures may be added to the unpaid principal balance of this Note and become a part of and on a parity with the principal indebtedness secured by the Deed of Trust and other instruments executed herewith, and shall accrue interest at the rate as may be payable from time to time on the original principal indebtedness or may be declared immediately due and payable.

All payments due hereunder shall be made in immediately available funds and constitute payment only when collected and/or the cash is actually received by the Lender.

## 4.    BORROWER'S RIGHT TO PREPAY

The Borrower is permitted to prepay the principal indebtedness evidenced hereby in whole or in part prior to the Maturity Date without premium or penalty.

## 5.    BORROWER'S FAILURE TO PAY AS REQUIRED

Before the Maturity Date, the entire principal sum outstanding, together with accrued interest thereon (as herein provided), fees and costs, if any, shall at once become

due and payable at the option of the Lender without further notice, if any of the following occurs:

a. If default be made in any payment due under this Note;
b. If default be made in the performance of any other covenant contained in this Note;
c. If the legal or equitable title to any part or all of the Property becomes vested in anyone other than the Borrower without the Lender's prior written approval;
d. If default be made in the performance of any covenant under the Deed of Trust (the terms and provisions of which are incorporated herein by this reference as though fully set forth) which shall continue and remain uncured after any applicable grace period specified therein or in a written notice of default from the Lender to the Borrower.

Failure to exercise any of the options aforementioned or the failure to exercise any other option herein or in the Deed of Trust provided for shall not constitute a waiver of the right to exercise the same in the event of any subsequent default. Acceleration of maturity, once claimed by the Lender, may at its option be rescinded by an instrument in writing to that effect; however, the tender and acceptance of a partial payment or partial performance shall not, by itself, affect or rescind such acceleration of maturity.

Upon a default in the payment of an amount due under this Note, after the expiration of any applicable grace period, or upon the occurrence of an "Event of Default", as that term is defined in the Deed of Trust, under the Deed of Trust, the holder of this Note may, in the holder's sole discretion and without notice or demand, in addition to any other remedy the holder of this Note may exercise, charge interest to the Borrower which shall accrue on the entire face value of this Note at the rate of **24%** per annum (the "Default Rate"). If judgment is entered against the Borrower on this Note, the amount of such judgment entered (which may include principal, interest, fees and costs) shall bear interest at such Default Rate as of the date of entry of judgment.

Lender reserves the right at its sole discretion, to extend this Note on any date the loan evidenced hereby becomes due in full, either by maturity or by default, without giving notice to junior lienholders. The foregoing shall not imply any consent to any junior liens.

In the event any payment due under this Note, including the final payment, is paid more than five (5) days after the date when the same is due, then the Lender shall be entitled to collect a "late charge" in an amount equal to **10.00%** of such installment. In the event the payment due is the balloon payment of this Note at its maturity, then the Lender shall be entitled to collect a late charge in an amount equal to **10.00%** of the original principal amount of this Note.

In the event it shall become necessary to employ counsel to collect this obligation or to protect the security hereof, the Borrower agrees to pay reasonable attorneys' fees, whether suit be brought or not, and all other costs and expenses reasonably connected with collection, the protection of the security, the defense of any counterclaim, the enforcement (including without limitation, as a part of any proceeding brought under the Bankruptcy Reform Act of 1978, as amended) of any remedies herein provided for, or provided for in the Deed of Trust, and the enforcement of any guaranty.

## 6.    OBLIGATIONS OF PERSONS UNDER THIS NOTE

**BORROWER HEREBY CERTIFIES THAT THIS LOAN IS FOR BUSINESS OR INVESTMENT PURPOSES ONLY AND SHALL NOT BE UTILIZED FOR THE PURCHASE OF AN OWNER OCCUPIED PRINCIPAL RESIDENCE.**

**BORROWER FURTHER CERTIFIES THAT THIS PROPERTY SHALL NOT BE RENTED TO OTHERS OR OCCUPIED IN ANY WAY DURING THE TERM OF THIS LOAN. OCCUPANCY OF THE PROPERTY IS STRICTLY PROHIBITED AND WILL RESULT IN IMMEDIATE DEFAULT.**

**BORROWER ATTESTS THAT IN THE EVENT OF ANY TENANCY PRIOR TO THE CLOSING OF THIS LOAN, THAT HE/SHE/IT PROPERLY ADHERED TO ALL TENANTS RIGHTS LAWS WITH PROPER NOTICES AND PROCEDURES. ANY ACTION TAKEN TO REMEDY SUCH RIGHTS DURING THE COURSE OF THIS LOAN WILL BE FULL RESPONSIBILITY OF BORROWER, AND IN THE EVENT LENDER NEEDS TO EMPLOY COUNSEL TO REMEDY SUCH ACTIONS, LENDER HAS FULL AUTHORITY TO COLLECT ALL REASONABLE ATTORNEYS' FEES AND ADDITIONAL COSTS FROM BORROWER.**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Lender may enforce its rights under this Note against each person individually or against all of such persons together. This means that any one of the Borrowers, guarantors, sureties or endorsers may be required to pay all of the amounts owed under this Note.

This Note shall be the obligation of the makers hereof and shall apply to and bind their respective successors, personal representatives, executors, survivors, heirs, and assigns.

## 7.    WAIVERS

The Borrower and any endorsers, guarantors and sureties jointly and severally waive the rights of Presentment, Notice of Dishonor, demand for performance, notice of nonperformance, protests, notice of protest, notice of default, demands, notice of demands, notice of non-payment and other notice and any and all lack of diligence or delays in the collection or enforcement hereof and expressly agree that this Note, or any payment hereunder, may be extended from time to time without in any way affecting the liability of the Borrower or any endorser, guarantor or surety hereof. "Presentment" means the right to require the Lender to demand payment of amounts due. "Notice of Dishonor" means

the right to require the Lender to give notice to other persons that amounts due have not been paid.

The Borrower and any other person who has obligations under this Note waive the benefit of the homestead exemption as to the Property described herein and in the Deed of Trust.

The Borrower hereby (i) covenants and agrees not to elect a trial by jury of any issue triable of right by a jury, and (ii) waives any right to trial by jury fully to the extent that any such right shall now or hereafter exist. This waiver of right to trial by jury is separately given, knowingly and voluntarily, by the Borrower, and this waiver is intended to encompass individually each instance and each issue as to which the right to a jury trial would otherwise accrue. The Lender is hereby authorized and requested to submit this Note to any court having jurisdiction over the subject matter and the parties hereto, so as to serve as conclusive evidence of the Borrower's waiver of the right to jury trial. Further, the Borrower hereby certifies that no representative or agent of the Lender (including the Lender's counsel) has represented, expressly or otherwise, to the Borrower that the Lender will not seek to enforce this waiver of right to jury trial provision.

## 8.    GIVING OF NOTICES

All notices, demands, requests and other communications required pursuant to the provisions of this Note shall be in writing and shall be deemed to have been properly given or served for all purposes when presented personally, or one business day after having been sent by a nationally recognized overnight delivery service or a local courier service, charges prepaid, or three (3) calendar days after having been sent by United States Registered or Certified Mail - Return Receipt Requested, postage prepaid, to the Borrower at:1743 P St NW, Suite 101 , Washington, DC 20036; and to the Lender at the address stated in the first paragraph of this Note.

The Lender and Borrower may designate a change of address by notice in writing to the other party. Whenever in this Note the giving of notice by mail or otherwise is required, the giving of such notice may be waived in writing by the person entitled to receive such notice.

## 9.    SEVERABILITY; RULES OF CONSTRUCTION

In the event any provision of this Note (or any part of any provision) is held by a court of competent jurisdiction to be invalid, illegal or unenforceable in any respect, such invalidity, illegality or unenforceability shall not affect any other provision (or remaining part of the affected provision) of this Note; but this Note shall be as if such invalid, illegal or unenforceable provision (or part thereof) had not been contained in this Note, but only to the extent it is invalid, illegal or unenforceable.

As used in this Note, the singular shall include the plural and the plural shall include the singular, where the context shall so require.

1236 Simms Place NE, Washington, DC 20002
5419 1st St NW, Washington DC 20011

Time is of the essence as to all provisions of this Note.

## CONFESSION OF JUDGMENT

IF ANY AMOUNT PAYABLE UNDER THIS NOTE IS NOT PAID WHEN
AND AS DUE, OR IF BORROWER SHALL OTHERWISE BE IN DEFAULT
UNDER THIS NOTE OR UNDER ANY OF THE DOCUMENTS EVIDENCING OR
SECURING THIS NOTE OR THE LOAN EVIDENCED HEREBY, BORROWER
AND ANY ENDORSERS HEREOF HEREBY IRREVOCABLY APPOINT
RUSSELL S. DRAZIN OR ANY OTHER ATTORNEY AUTHORIZED TO
PRACTICE LAW IN THE JURISDICTION WHERE THE PROPERTY IS
LOCATED TO APPEAR FOR BORROWER, AND IN BORROWER'S NAME TO
CONFESS JUDGMENT AGAINST BORROWER, IN ANY FEDERAL OR STATE
COURT OF COMPETENT JURISDICTION IN THE JURISDICTION WHERE
THE PROPERTY IS LOCATED OR OF ANY OTHER STATE, TERRITORY OR
JURISDICTION OF THE UNITED STATES, IN THE CIRCUIT COURT OF
ARLINGTON COUNTY VIRGINIA, FOR ALL PRINCIPAL, INTEREST AND
OTHER AMOUNTS DUE UNDER THIS NOTE, TOGETHER WITH ALL COSTS,
EXPENSES AND ACTUAL ATTORNEYS FEES AS SPECIFIED HEREIN. WITH
RESPECT TO SUCH APPEARANCES, BORROWER EXPRESSLY WAIVES
SUMMONS AND ALL OTHER PROCESS. THE EXEMPTION OF PERSONAL
PROPERTY FROM LEVY AND SALE IS HEREBY EXPRESSLY WAIVED BY
THE BORROWER AND NO BENEFIT OF EXEMPTION SHALL BE CLAIMED
BY THE BORROWER UNDER ANY EXEMPTION LAW NOW IN FORCE OR
WHICH MAY BE HEREAFTER ADOPTED, INCLUDING BUT NOT LIMITED
TO THE BENEFIT OF ANY AND ALL HOMESTEAD EXEMPTIONS WHICH
ARE HEREBY WAIVED. BORROWER WAIVES THE BENEFIT OF ANY AND
EVERY STATUTE, ORDINANCE OR RULE OF COURT WHICH MAY BE
LAWFULLY WAIVED CONFERRING UPON THE BORROWER ANY RIGHT
OR PRIVILEGE, OR EXEMPTION, STAY OF EXECUTION, APPEAL OR
SUPPLEMENTARY PROCEEDINGS, OR OTHER RELIEF FROM THE
ENFORCEMENT, OR IMMEDIATE ENFORCEMENT OF A CONFESSED
JUDGMENT OR RELATED PROCEEDINGS ON A JUDGMENT. BORROWER
CONSENTS TO VENUE IN THE JURISDICTION WHERE THE PROPERTY IS
LOCATED, WITH RESPECT TO THE INSTITUTION OF AN ACTION
CONFESSING JUDGMENT HEREON, REGARDLESS OF WHERE VENUE
WOULD OTHERWISE BE PROPER. ANY JUDGMENT ENTERED AGAINST
BORROWER, WHETHER BY CONFESSION OR OTHERWISE, SHALL BEAR
INTEREST AT A RATE WHICH IS THE HIGHEST RATE OF INTEREST BEING
PAID BY BORROWER HEREUNDER ON THE DATE OF JUDGMENT. THE
AUTHORITY AND POWER TO APPEAR FOR AND ENTER JUDGMENT
AGAINST BORROWER SHALL NOT BE EXHAUSTED BY ONE OR MORE
EXERCISES THEREOF, OR BY ANY IMPERFECT EXERCISE THEREOF, AND
SHALL NOT BE EXTINGUISHED BY ANY JUDGMENT ENTERED PURSUANT
THERETO; SUCH AUTHORITY AND POWER MAY BE EXERCISED ON ONE
OR MORE OCCASIONS, FROM TIME TO TIME, IN THE SAME OR

5406 1st St NW Washington DC 20011
1236 Simms Place NE, Washington, DC 20002
5419 1st St NW, Washington DC 20011

**DIFFERENT JURISDICTIONS AS OFTEN AS THE LENDER OR ITS ASSIGNS SHALL DEEM NECESSARY OR ADVISABLE UNTIL ALL SUMS DUE HEREUNDER HAVE BEEN PAID IN FULL.**

**THE VALIDITY AND CONSTRUCTION OF THIS NOTE AND ALL MATTERS PERTAINING THERETO ARE TO BE DETERMINED ACCORDING TO THE LAWS OF THE JURISDICTION WHERE THE PROPERTY IS LOCATED WITHOUT REGARD TO ITS CONFLICTS OF LAW PRINCIPLES.**

**[SIGNATURE PAGE TO FOLLOW]**

5410 1st St NW Washington DC 20011

1236 Simms Place NE, Washington, DC 20002

5419 1st St NW, Washington DC 20011

**BORROWER:**

**5412 1ST ST HOLDINGS LLC,**
a District of Columbia  Limited Liability
Company

_____(SEAL)

By:    Ryan Shandel

Its:    Member

_____(SEAL)

By:    Charles Paxton Paret

Its:    Member

~~COUNTY OF~~ _D. C._    ) SS:

~~STATE OF~~ _____ )

    I hereby certify on this _6th_ day of November, 2019, before me in the jurisdiction aforesaid, did personally appear Ryan Shandel, Charles Paxton Paret, ,  known or satisfactorily proven to be the person(s) whose name(s) is set forth in the within instrument, and executed the within instrument and acknowledged the same instrument to be his/her act and deed for the purposes herein contained and in the capacity herein stated.



_____
NOTARY PUBLIC

My commission expires: _____

STEVEN M. SUSHNER
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires February 28, 2023

5210 1st St NW Washington DC 20011
1236 Simms Place NE, Washington, DC 20002
5419 1st St NW, Washington DC 20011

**BORROWER:**

**5419 First Street NW DC LLC,**
a District of Columbia Limited Company


By: Coloma River Holdings, LLC
Its: Managing Member


_____(SEAL)
By:     Charles Paxton Paret
Its:     Sole Member


~~COUNTY OF~~ _D. C._____ ) SS:
~~STATE OF~~ _____ )

I hereby certify on this _6th_ day of November, 2019, before me in the jurisdiction aforesaid, did personally appear Charles Paxton Paret, ,   known or satisfactorily proven to be the person(s) whose name(s) is set forth in the within instrument, and executed the within instrument and acknowledged the same instrument to be his/her act and deed for the purposes herein contained and in the capacity herein stated.




_____
NOTARY PUBLIC

STEVEN M. SUSHNER
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires February 28, 2023

My commission expires: _____

3310 1st St NW Washington DC 20011
1236 Simms Place NE, Washington, DC 20002
5419 1st St NW, Washington DC 20011

**BORROWER:**

**DESIGN BUILD GROUP, LLC**
a District of Columbia Limited Company

_____(SEAL)
By:    Charles Paxton Paret
Its:    Sole Member

~~COUNTY OF~~ _D.C._____ ) SS:
~~STATE OF~~ _____ )

I hereby certify on this _6th_ day of November, 2019, before me in the jurisdiction aforesaid, did personally appear Charles Paxton Paret, ,   known or satisfactorily proven to be the person(s) whose name(s) is set forth in the within instrument, and executed the within instrument and acknowledged the same instrument to be his/her act and deed for the purposes herein contained and in the capacity herein stated.

_____
NOTARY PUBLIC

My commission expires: _____

STEVEN M. SUSHNER
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires February 28, 2023

3410 1st St NW Washington DC 20011
1236 Simms Place NE, Washington, DC 20002
5419 1st St NW, Washington DC 20011

**BORROWER:**

**205 West Madison LLC,**
a Delaware Limited Liability Company

_____(SEAL)
By:    Charles Paxton Paret
Its:    Sole Member

~~COUNTY OF~~ _D. C._____ ) SS:
~~STATE OF~~ _____ )

I hereby certify on this _6th_ day of November, 2019, before me in the
jurisdiction aforesaid, did personally appear Charles Paxton Paret, ,    known or
satisfactorily proven to be the person(s) whose name(s) is set forth in the within instrument,
and executed the within instrument and acknowledged the same instrument to be his/her
act and deed for the purposes herein contained and in the capacity herein stated.



_____
NOTARY PUBLIC

STEVEN M. SUSHNER
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires February 28, 2023

My commission expires: _____

1510 St NW Washington DC 20011
1236 Simms Place NE, Washington, DC 20002
5419 1st St NW, Washington DC 20011

**BORROWER:**

**RI Holdings LLC,**
a District of Columbia Limited Liability
Company

_____(SEAL)
By:    Charles Paxton Paret
Its:    Sole Member


COUNTY OF $\underline{D. C.}$        ) SS:
STATE OF    _____        )

I hereby certify on this $\underline{6}$ day of November, 2019, before me in the jurisdiction aforesaid, did personally appear Charles Paxton Paret, ,    known or satisfactorily proven to be the person(s) whose name(s) is set forth in the within instrument, and executed the within instrument and acknowledged the same instrument to be his/her act and deed for the purposes herein contained and in the capacity herein stated.



_____
NOTARY PUBLIC

STEVEN M. SUSHNER
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires February 28, 2023

My commission expires: _____

1610 1st St NW Washington DC 20011
1236 Simms Place NE, Washington, DC 20002
5419 1st St NW, Washington DC 20011

**BORROWER:**

**1260 Holbrook Holdings LLC,**
a District of Columbia Limited Liability Company

_____(SEAL)

By:    Charles Paxton Paret
Its:    Sole Member


COUNTY OF   _D. C._____ ) SS:
STATE OF    _____)

    I hereby certify on this _/c_ day of November, 2019, before me in the jurisdiction aforesaid, did personally appear Charles Paxton Paret, , known or satisfactorily proven to be the person(s) whose name(s) is set forth in the within instrument, and executed the within instrument and acknowledged the same instrument to be his/her act and deed for the purposes herein contained and in the capacity herein stated.



_____
NOTARY PUBLIC

My commission expires: _____

STEVEN M. SUSHNER
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires February 28, 2023

3410 1st St NW Washington DC 20011
1236 Simms Place NE, Washington, DC 20002
5419 1st St NW, Washington DC 20011

**BORROWER:**

**1249 Bladensburg Rd Holdings LLC,**
a District of Columbia Limited Liability Company

_____(SEAL)
By:    Charles Paxton Paret
Its:    Sole Member

COUNTY OF ~~_____~~ D. C. _____) SS:
~~STATE OF~~ _____)

    I hereby certify on this _6th_ day of November, 2019, before me in the jurisdiction aforesaid, did personally appear Charles Paxton Paret, ,    known or satisfactorily proven to be the person(s) whose name(s) is set forth in the within instrument, and executed the within instrument and acknowledged the same instrument to be his/her act and deed for the purposes herein contained and in the capacity herein stated.



_____
NOTARY PUBLIC

STEVEN M. SUSHNER
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires February 28, 2023

My commission expires: _____

Page **16** of 27

1618 1st St NW Washington DC 20011
1236 Simms Place NE, Washington, DC 20002
5419 1st St NW, Washington DC 20011

**BORROWER:**

**1264 Holbrook Holdings LLC,**
a District of Columbia Limited Liability Company

_____(SEAL)

By:    Charles Paxton Paret
Its:    Sole Member

~~COUNTY OF~~ _D.C._____ ) SS:
~~STATE OF~~ _____ )

    I hereby certify on this _6th_ day of November, 2019, before me in the jurisdiction aforesaid, did personally appear Charles Paxton Paret, ,  known or satisfactorily proven to be the person(s) whose name(s) is set forth in the within instrument, and executed the within instrument and acknowledged the same instrument to be his/her act and deed for the purposes herein contained and in the capacity herein stated.



_____
NOTARY PUBLIC

STEVEN M. SUSHNER
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires February 28, 2023

My commission expires: _____

1910 1st St NW Washington DC 20011
1236 Simms Place NE, Washington, DC 20002
5419 1st St NW, Washington DC 20011

**BORROWER:**

**1262 Holbrook Holdings LLC,**
a District of Columbia Limited Liability Company

_____(SEAL)
By:    Charles Paxton Paret
Its:    Sole Member

~~COUNTY OF~~ _D. C._ ) SS:
~~STATE OF~~ _____ )

    I hereby certify on this _1st_ day of November, 2019, before me in the jurisdiction aforesaid, did personally appear Charles Paxton Paret, ,  known or satisfactorily proven to be the person(s) whose name(s) is set forth in the within instrument, and executed the within instrument and acknowledged the same instrument to be his/her act and deed for the purposes herein contained and in the capacity herein stated.



_____
NOTARY PUBLIC

My commission expires: _____

STEVEN M. SUSHNER
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires February 28, 2023

3010 15St NW Washington DC 20011

1236 Simms Place NE, Washington, DC 20002

5419 1st St NW, Washington DC 20011

**BORROWER:**

**1471 GIRARD ST HOLDINGS, LLC,**
a District of Columbia Limited Liability Company

_____(SEAL)
By:    Charles Paxton Paret
Its:    Sole Member

COUNTY OF _D.C._____ ) SS:

STATE OF _____ )

   I hereby certify on this _16_ day of November, 2019, before me in the jurisdiction aforesaid, did personally appear Charles Paxton Paret, ,   known or satisfactorily proven to be the person(s) whose name(s) is set forth in the within instrument, and executed the within instrument and acknowledged the same instrument to be his/her act and deed for the purposes herein contained and in the capacity herein stated.

_____
NOTARY PUBLIC

STEVEN M. SUSHNER
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires February 28, 2023

My commission expires: _____

STEVEN M. SUSHNER
NOTARY PUBLIC
EXP.
2-28-23
DISTRICT OF COLUMBIA

3410 6th St NW Washington DC 20011

1236 Simms Place NE, Washington, DC 20002

5419 1st St NW, Washington DC 20011

**BORROWER:**

**71 Kennedy St Holdings LLC,**
a District of Columbia Limited Liability Company

_____(SEAL)

By:    Charles Paxton Paret
Its:    Sole Member

~~COUNTY OF~~  _D. C._____  ) SS:

~~STATE OF~~  _____)

    I hereby certify on this _6th_ day of November, 2019, before me in the jurisdiction aforesaid, did personally appear Charles Paxton Paret, ,  known or satisfactorily proven to be the person(s) whose name(s) is set forth in the within instrument, and executed the within instrument and acknowledged the same instrument to be his/her act and deed for the purposes herein contained and in the capacity herein stated.



_____
NOTARY PUBLIC

STEVEN M. SUSHNER
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires February 28, 2023

My commission expires: _____

3210 56 St NW Washington DC 20011
1236 Simms Place NE, Washington, DC 20002
5419 1st St NW, Washington DC 20011

**BORROWER:**

**429 Kennedy St Holdings LLC**,
a District of Columbia Limited Liability Company

_____(SEAL)
By:    Charles Paxton Paret
Its:    Sole Member

COUNTY OF  _D. C._          ) SS:
STATE OF   _____ )

I hereby certify on this ___ day of November, 2019, before me in the jurisdiction aforesaid, did personally appear Charles Paxton Paret, ,  known or satisfactorily proven to be the person(s) whose name(s) is set forth in the within instrument, and executed the within instrument and acknowledged the same instrument to be his/her act and deed for the purposes herein contained and in the capacity herein stated.

_____
NOTARY PUBLIC

STEVEN M. SUSHNER
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires February 28, 2023

My commission expires: _____

5419 1st St NW Washington DC 20011
1236 Simms Place NE, Washington, DC 20002
5419 1st St NW, Washington DC 20011

**BORROWER:**

**1736 Montello Ave Holdings LLC,**
a District of Columbia Limited Liability Company

_____(SEAL)
By:    Charles Paxton Paret
Its:    Sole Member

COUNTY OF     D. C.            ) SS:
STATE OF     _____)

I hereby certify on this _6th_ day of November, 2019, before me in the
jurisdiction aforesaid, did personally appear Charles Paxton Paret, ,    known or
satisfactorily proven to be the person(s) whose name(s) is set forth in the within instrument,
and executed the within instrument and acknowledged the same instrument to be his/her
act and deed for the purposes herein contained and in the capacity herein stated.



_____
NOTARY PUBLIC

STEVEN M. SUSHNER
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires February 28, 2023

My commission expires: _____

5412 1st St NW Washington DC 20011
1236 Simms Place NE, Washington, DC 20002
5419 1st St NW, Washington DC 20011

**BORROWER:**

**208 First St Holdings LLC**, a Virginia Limited
Liability Company

    By: Coloma River Holdings, LLC
    Its: Sole Member

                                         (SEAL)
    By:     Charles Paxton Paret
    Its:     Sole Member

COUNTY OF ___D. C._____ ) SS:
STATE OF _____ )

    I hereby certify on this _6th_ day of November, 2019, before me in the jurisdiction aforesaid, did personally appear Charles Paxton Paret, ,    known or satisfactorily proven to be the person(s) whose name(s) is set forth in the within instrument, and executed the within instrument and acknowledged the same instrument to be his/her act and deed for the purposes herein contained and in the capacity herein stated.



                    NOTARY PUBLIC

                                STEVEN M. SUSHNER
                      NOTARY PUBLIC DISTRICT OF COLUMBIA
My commission expires: _____  My Commission Expires February 28, 2023

5412 1st St NW Washington DC 20011
1236 Simms Place NE, Washington, DC 20002 5419
1st St NW, Washington DC 20011

**BORROWER:**

**433 Kennedy St. Holdings LLC,**
a District of Columbia Limited Liability Company

_____(SEAL)
By:     Charles Paxton Paret
Its:     Sole Member


~~COUNTY OF~~ _D.C._____ ) SS:
~~STATE OF~~ _____ )

I hereby certify on this _6__ day of November, 2019, before me in the
jurisdiction aforesaid, did personally appear Charles Paxton Paret, ,    known or
satisfactorily proven to be the person(s) whose name(s) is set forth in the within instrument,
and executed the within instrument and acknowledged the same instrument to be his/her
act and deed for the purposes herein contained and in the capacity herein stated.



_____
NOTARY PUBLIC

STEVEN M. SUSHNER
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires February 28, 2023

My commission expires: _____

5412 1st St NW Washington DC 20011
1236 Simms Place NE, Washington, DC 20002 5419
1st St NW, Washington DC 20011

**BORROWER:**

**635 East Main Holdings LLC,**
a Virginia Limited Liability Company

By: Coloma River Holdings, LLC
Its: Managing Member

_____ (SEAL)

By:     Charles Paxton Paret
Its:    Sole Member

COUNTY OF _____D.C._____ ) SS:
STATE OF _____ )

I hereby certify on this ___ day of November, 2019, before me in the jurisdiction aforesaid, did personally appear Charles Paxton Paret, , known or satisfactorily proven to be the person(s) whose name(s) is set forth in the within instrument, and executed the within instrument and acknowledged the same instrument to be his/her act and deed for the purposes herein contained and in the capacity herein stated.



_____
NOTARY PUBLIC

**STEVEN M. SUSHNER**
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires February 28, 2023

My commission expires: _____

5412 1st St NW Washington DC 20011
1236 Simms Place NE, Washington, DC 20002 5419
1st St NW, Washington DC 20011

**BORROWER:**

**431 Kennedy St Holdings LLC,**
a District of Columbia Limited Liability Company


By: Coloma River Holdings, LLC
Its: Managing Member


_____(SEAL)
By:      Charles Paxton Paret
Its:      Sole Member


~~COUNTY OF~~ _____D.C.,_____ ) SS:
~~STATE OF~~ _____ )

    I hereby certify on this ___6th___ day of November, 2019, before me in the jurisdiction aforesaid, did personally appear Charles Paxton Paret, ,   known or satisfactorily proven to be the person(s) whose name(s) is set forth in the within instrument, and executed the within instrument and acknowledged the same instrument to be his/her act and deed for the purposes herein contained and in the capacity herein stated.



_____
NOTARY PUBLIC

STEVEN M. SUSHNER
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires February 28, 2023

My commission expires: _____

1st NW Washington DC 20011
1236 Simms Place NE, Washington, DC 20002
5419 1st St NW, Washington DC 20011

# EXHIBIT A

**The Supplemental Properties with their tax IDs are as follows:**

1. **1736 Montello Avenue NE, Washington DC 20002 (4053/0022)**
2. **1738 Montello Avenue NE, Washington DC 20002 (5043/0021)**
3. **205 W Madison Street St, Baltimore MD 21201 (11-10-0522-028 & 11-10-0522-030)**
4. **107 Rhode Island Avenue NW, Washington DC 20001 (3113/0100)**
5. **1260 Holbrook Terrace NE, Washington DC (4055/0049)**
6. **1249 Bladensburg Road NE, Washington DC 20002 (4445/0139)**
7. **1264 Holbrook Terrace NE, Washington DC 20002 (4055/0243)**
8. **1268 Holbrook Terrace NE, Washington DC 20002 (4055/0245)**
9. **1471 Girard Street NW, Washington DC 20009 (2669/0045)**
10. **71 Kennedy St NW, Washington DC 20011 (3389/0137)**
11. **429 Kennedy St NW, Washington DC 20011(3260/0040)**
12. **208 First Street, Berryville VA 22611   (Tax Map #14A3-A-14)**
13. **635 East Main Street, Berryville, VA 22611   (Tax Map #14A6410 and 14A6411)**
14. **431 Kennedy St NW, Washington DC 20011 (3260/0041)**

2910 15St NW Washington DC 20011

1236 Simms Place NE, Washington, DC 20002

5419 1st St NW, Washington DC 20011

## DEED OF TRUST

**THIS IS A HOME EQUITY CREDIT LINE DEED OF TRUST. DEFAULT ON PAYMENTS MAY RESULT IN THE LOSS OF YOUR HOME.** The noteholder and grantor have an agreement whereby the noteholder may make or contemplates making advances from time to time against the security described in this credit line deed of trust. The maximum aggregate amount of principal to be secured at any one time is $1,800,000.00. An explicit statement of the rights and obligations of the borrower (i.e., grantor) and the consequences of default are set forth herein.

THIS DEED OF TRUST, made effective as of November 05, 2019, by and between **5412 1ST ST HOLDINGS LLC**, a District of Columbia Limited Liability Company, **5419 First Street NW DC LLC**, a District of Columbia Limited Company, and **DESIGN BUILD GROUP, LLC**, a District of Columbia Limited Liability Company hereinafter collectively referred to as the "Grantor" (index each as Grantor), each with an address of 1743 P St NW, Suite 101 , Washington, DC 20036, and **Daniel Huertas**, hereinafter referred to as the "Trustee" (index as Grantee), with an address of 2815 Hartland Road, Suite 200, Falls Church, VA 22043.

WHEREAS, Grantor is justly indebted to **WCP Fund I LLC**, a Delaware Limited Liability Company, hereinafter referred to as the "Beneficiary," with an address of 2815 Hartland Road, Suite 200, Falls Church, VA 22043, for money borrowed in the amount of **$1,800,000.00** ("Loan Amount"), for which amount the said Grantor has made and delivered a certain Commercial Deed of Trust Note of even date herewith, in the original principal amount of the Loan Amount payable to the order of the Beneficiary; and

WHEREAS, the Grantor desires to secure the Beneficiary and any subsequent holder of the Note secured hereby the full and punctual payment of said debt, when and as the same shall become due and payable, as well as any and all renewals and extensions of said Note, or any part thereof, together with interest thereon, and the performance of the covenants and agreements herein and therein contained, and also to secure the reimbursement to the holder or holders of said Note or to the Trustee or substitute Trustee, and any purchaser or purchasers of said Note from the Lender, or grantee or grantees under any sale or sales conducted by the Trustee or Substitute Trustee under the provisions of this Deed of Trust for all money which may be advanced as herein provided for, and for any and all costs and expenses incurred or paid on account of any litigation at law or in equity which may arise in respect to this Deed of Trust, or in respect to the indebtedness or the property herein described, or in obtaining possession of the Mortgaged Property either before or after any sale which may be made as hereinafter provided for.

## DEFINITIONS
## ARTICLE I

1.0 Definitions.

3019 1st St NW Washington DC 20011
1236 Simms Place NE, Washington, DC 20002
5419 1st St NW, Washington DC 20011

Grantor, Trustee and Beneficiary agree that, unless the context otherwise specifies or requires, the following terms shall have the meaning herein specified, such definitions to be applicable equally to the singular and the plural forms of such terms and to all genders:

(a) Beneficiary - The party hereinabove designated as such, its successors and assigns.

(b) Event(s) of Default - Any of the happenings, events, circumstances or occurrences described in Article VII of this Deed of Trust.

(c) Grantor - The party hereinabove designated as such, and that party's heirs, survivors, administrators, executors, successors and assigns.

(d) Impositions - All (i) real estate taxes, and other taxes of every kind and character; and (ii) all water and sewer rents and charges; and (iii) all other public charges, taxes, homeowners association assessments, fees, governmental and non-governmental charges, to the extent any of the foregoing are imposed or assessed upon the Grantor or the Mortgaged Property or arising in respect of the occupancy, use or possession thereof.

(e) Improvements - Any and all buildings, structures, improvements, alterations or appurtenances now erected or at any time hereafter constructed, renovated, or placed upon the Mortgaged Property or any portion thereof and any replacements thereof.

(f) Indebtedness - The principal of and the interest on, and all other amounts, payments and premiums due on account of the Note and all other indebtedness of the Grantor to the Beneficiary payable pursuant to the Note.

(g) Land - The real estate described in "EXHIBIT A" attached hereto and by this reference made a part hereof.

(h) Mortgaged Property - The Land and the Improvements.

(i) Note - The Commercial Deed of Trust Note made by the Grantor payable to the order of the Beneficiary of even date herewith, in the original principal amount of the Loan Amount, and all modifications, renewals, substitutions, and extensions of the aforesaid Note.

(j) Obligations - Any and all of the covenants, promises and other obligations (other than the Indebtedness) made or owing by the Grantor to the Beneficiary pursuant to or as otherwise set forth in this Deed of Trust.

(k) Trustee - The parties hereinabove designated as such, their successors and substitutes.

## ARTICLE II

5419 1st St NW Washington DC 20011
1236 Simms Place NE, Washington, DC 20002
5419 1st St NW, Washington DC 20011

## GRANT

2.0 Grant.

NOW, THEREFORE, the Grantor, in consideration of the premises and of the sum of TEN and NO/100 DOLLARS ($10.00) lawful money of the United States of America, the receipt of which is hereby acknowledged by the Grantor, and in order to secure the payment of the Indebtedness and the Note and the performance and discharge of the Obligations, does by these presents, grant, give, bargain, sell, assign, convey, release, warrant, mortgage, transfer, hypothecate, pledge, set over and confirm unto the Trustee, their successors and assigns forever, in fee simple, the Mortgaged Property, TO HAVE AND TO HOLD the said Mortgaged Property unto the said Trustee, their successors and assigns, forever;

IN TRUST, to secure (a) the payment to the Beneficiary of the Indebtedness and all other sums due under the Note and/or this Deed of Trust, (b) the performance and discharge of the Obligations and of all covenants and agreements in the Note, (c) the performance and discharge of all covenants and agreements in all documents and/or instruments evidencing, securing, or otherwise relating to the Indebtedness (collectively, "Loan Documents") other than the Note and this Deed of Trust, (d) any and all future or additional advances (whether or not obligatory) made by Beneficiary (i) to protect or preserve the Mortgaged Property or the lien or security interest created hereby on the Mortgaged Property, or (ii) for taxes, assessments, or insurance premiums as hereinafter provided, or (iii) for performance of any of Grantor's obligations hereunder or under the other Loan Documents, or (iv) for any other purpose provided herein or in the other Loan Documents (whether or not the original Grantor remains the owner of the Mortgaged Property at the time of such advances), together with interest thereon as provided for in the Note, and (e) any and all other indebtedness now owing or which may hereafter be owing by Grantor to Beneficiary, however and whenever incurred or evidenced, whether express or implied, direct or indirect, absolute or contingent, or due or to become due, and all renewals, modifications, amendments, restatements, consolidations, substitutions, replacements, and extensions thereof.

2.1 Possession.

Until the occurrence of an Event of Default, the Beneficiary shall promptly permit the Grantor to possess and enjoy the Mortgaged Property.

2.2 Condition of Grant.

The condition of these presents is such that if Grantor shall pay or cause to be paid the Indebtedness as and when the same shall become due and payable under the Note, and shall observe, perform and discharge the Obligations, then Beneficiary and the Trustee shall release and reconvey unto and at the cost of Grantor the Mortgaged Property whereupon this Deed of Trust shall cease and be void and the Mortgaged Property shall be released from the lien hereof at the cost of the Grantor.

## ARTICLE III

### REPRESENTATIONS AND WARRANTIES

3.0 Representations and Warranties.

Grantor hereby represents and warrants to Beneficiary that:

3.1 Validity of Loan Instruments.

(a) The execution, delivery and performance by Grantor of the Note and this Deed of Trust, (i) are within the legal powers of Grantor, and (ii) will not violate any provision of law, any order of any court or other agency of government, or any indenture, agreement or other instrument to which Grantor is a party or by which they or any of their property is bound or be in conflict with, result in a breach of or constitute (with due notice or lapse of time or both) a default under any such indenture, agreement or other instrument, or result in the creation or imposition of any lien, charge or encumbrance of any nature whatsoever upon any of its property or assets, except as contemplated herein; and (b) the Note does, and this Deed of Trust when executed and delivered by Grantor will, constitute the legal, valid and binding obligations of in accordance with their respective terms, subject to the limiting effect of applicable bankruptcy, insolvency, moratorium, reorganization or other similar laws of general applicability relating to creditor's rights, and the exercise of judicial discretion which may limit certain remedies therein provided.

3.2 Mortgaged Property and Other Property.

Grantor has good and marketable title in fee simple to the Mortgaged Property free and clear of any liens, charges, encumbrances, security interests and adverse claims whatsoever. This Deed of Trust is and will remain a valid and enforceable fourth lien on the Mortgaged Property commonly known as 1236 Simms Place NE, Washington, DC 20002. This Deed of Trust is and will remain a valid and enforceable third lien on the Mortgaged Property commonly known as 5412 1st St NW Washington DC 20011. This Deed of Trust is and will remain a valid and enforceable third lien on the Mortgaged Property commonly known as 5419 1st St NW Washington DC 20011. The Grantor has full power and lawful authority to subject the Mortgaged Property to the lien of this Deed of Trust in the manner and form herein contemplated. The Grantor will preserve such title, and will forever warrant and defend the same to the Trustee and will forever warrant and defend the validity and priority of the lien hereof against the claims of all persons and parties whomsoever.

## ARTICLE IV

### AFFIRMATIVE COVENANTS

4.0 Affirmative Covenants.

Until the entire Indebtedness shall have been paid in full, Grantor hereby covenants and agrees as follows:

4.1 Compliance with Laws.

Grantor will promptly, fully and faithfully comply with, conform to and obey all present and future laws, ordinances, rules, regulations, requirements which may be applicable to the manner of use, occupancy, possession, operation, maintenance, alteration, and repair of the Mortgaged Property.

4.2 Payment of Impositions.

Grantor will pay and discharge, or cause to be paid and discharged, not later than the due date thereof or the date any fine, penalty, interest or cost may be added thereto or imposed by or pursuant to law for the nonpayment thereof (whichever date shall first occur) or, at the direction of the Beneficiary, as soon as the same become liens, whether or not then due and payable, any Impositions upon or assessed against the Mortgaged Property or arising in respect of the occupancy, use or possession thereof. The Grantor will, upon the request of the Beneficiary, deliver to the Beneficiary from time to time receipts evidencing the payment of all such Impositions.

4.3 Repairs and Waste.

Grantor will at all times keep and maintain the Mortgaged Property in good order, condition and repair and will promptly make, from time to time, all repairs, renewals, replacements, additions and improvements, interior and exterior, structural and nonstructural, ordinary and extraordinary, foreseen and unforeseen, as may be necessary or desirable to accomplish the purposes of this Section. The Grantor will not commit any waste upon the Mortgaged Property or make or permit any change in the use of the Mortgaged Property which will in any way increase any ordinary fire or other hazard arising out of the operation thereof.

4.4. Insurance.

Grantor will keep the Improvements insured against loss by fire, casualty and such other hazards as may from time to time be required by the Beneficiary for the benefit of the Beneficiary. The Grantor shall maintain such public liability and indemnity insurance as may from time to time be reasonably required by the Beneficiary. All such insurance shall be written in forms, amounts and by companies satisfactory to the Beneficiary and losses thereunder, shall be payable to the Beneficiary pursuant to a standard mortgagee's endorsement. Duplicate originals of each such policy of insurance shall be delivered to the Beneficiary and the Grantor shall provide the Beneficiary with such evidence of the payment of premiums due on account of such insurance as may from time to time be required by the Beneficiary. All such policies shall provide that the same shall not be invalidated by any waiver of the right of subrogation by any insured and shall provide that the carrier shall have no right to be subrogated to the Beneficiary. All such policies shall provide for at least thirty (30) days' prior written notice to all insureds named thereon (including, without limitation, the Beneficiary) prior to any cancellation, surrender or modification thereof, including without limitation, cancellation for nonpayment of

premium. The Grantor shall give the Beneficiary prompt notice of any loss covered by such insurance and the Beneficiary shall have the right to join the Grantor in adjusting any loss. Any funds received as payment for any loss under any such insurance shall be paid over to the Beneficiary and shall be applied by the Beneficiary, should there then exist any Event of Default hereunder that is continuing and not cured by Grantor, to the prepayment of the Indebtedness, without premium or penalty, or, should no Event of Default have occurred and be continuing uncured hereunder, then to the reimbursement of Grantor for expenses actually incurred by the Grantor in the restoration or replacement of the Improvements.

4.5 Restoration Following Casualty.

In the event of the happening of any casualty (including, without limitation, any casualty for which insurance was not obtained or obtainable) resulting in damage to or destruction of the Mortgaged Property or any part thereof, the Grantor shall give prompt written notice of the time, nature and extent thereto to the Beneficiary and, as long as no Event of Default exists hereunder that is continuing and not cured by Grantor, then the Beneficiary shall apply the proceeds of insurance to the restoration, repair or replacement of the Mortgaged Property or in the event the casualty was not insured, the Grantor shall, at the sole cost and expense of the Grantor and whether or not the proceeds of insurance, if any, are sufficient for the purpose, promptly commence and diligently continue to restore, repair and replace the Mortgaged Property as nearly as possible to its condition immediately prior to such casualty.

4.6 Performance of Other Agreements.

Grantor will comply in a timely way, and otherwise abide by and perform, all of the terms, agreements, obligations, covenants, restrictions and warranties binding upon the Grantor under any easement, right-of-way, covenant, restriction, or other agreement with respect to or in any manner affecting the Mortgaged Property or any part thereof.

4.7 Further Assurances.

Grantor, at his/her/its sole cost and expense, will make, execute, acknowledge and deliver all and every such further acts, deeds, conveyances, mortgages, assignments, notices of assignments, transfer and assurances as the Trustee or the Beneficiary shall from time to time reasonably require, for the better assuring, conveying, assigning, transferring and confirming unto the Trustee the property and rights hereby conveyed or assigned or intended now or hereafter so to be, or which the Grantor may be or may hereafter become bound to convey or assign to the Trustee, or for carrying out the intention or facilitating the performance of the terms of this Deed of Trust or for filing, registering or recording this Deed of Trust.

4.8 Advances.

In the event the Grantor shall fail to perform any of the covenants contained herein then the Beneficiary, with or without notice to the Grantor, may, but shall not be required

to, make advances to perform the same in its behalf, and all sums so advanced shall be a lien upon the Mortgaged Property and shall be secured hereby. Any advance so made shall be charged interest at the default rate provided herein.

4.9 Deposits for Taxes and Related Matters.

Beneficiary shall not require the Grantor to deposit with Beneficiary in escrow those amounts sufficient to discharge over time the Impositions and the premiums on the insurance required pursuant hereto unless an Event of Default has occurred.

4.10 Indemnity - Hold Harmless.

Grantor shall forever indemnify and save the Beneficiary and the Trustee harmless from all loss, liability, damage, costs and expenses, including, without limitation, reasonable attorneys' fees, and title and survey costs, incurred by reason of any action, suit, proceeding, hearing, motion or application before any Court or administrative body in or which the Beneficiary or the Trustee may be or become a party by reason of this Deed of Trust, whether as holder of this Deed of Trust, as mortgagee-in-possession, as successor-in-interest to Grantor, by foreclosure deed or deed in lieu of foreclosure, including, without limitation, with respect to (a) any accident to, injury to or death of persons or loss of or damage to property occurring on or about the Mortgaged Property, (b)any failure on the part of the Grantor to perform or comply with any of the terms, covenants, conditions and agreements set forth in the this Deed of Trust, (c) performance of any labor or services or the furnishing of any materials or other property in respect of the Mortgaged Property or any other part thereof for construction or maintenance or otherwise, (d) any action brought against any party attacking the validity, priority or enforceability of this Deed of Trust, and/or (e) bankruptcy. All money paid or expended by Beneficiary or Trustee in connection with any of the foregoing, together with interest thereon from day of such payment at the default rate set forth in the Note, shall be so much additional indebtedness secured hereby and, except as otherwise provided herein, shall be immediately and without notice due and payable by Grantor. The obligations of the Grantor under this Section shall survive any foreclosure, deed in lieu of foreclosure, release, termination or satisfaction of this Deed of Trust.

4.11 Lockbox Access.

Grantor to install a combination lockbox on the subject Mortgaged Property and provide said lockbox combination to the Beneficiary. Lockbox is to remain located on property at all times during term of this Deed of Trust. Grantor irrevocably grants permission to Beneficiary and/or Trustee to enter into any improvement on the Mortgaged Property at any time and for any purpose consistent with ensuring Grantor's compliance with the terms and conditions of this Deed of Trust.

4.12 Sign Installation.

Grantor hereby allows Grantee to install a 18x24 sign in the yard of the Mortgaged Property during term of this Deed of Trust.

## ARTICLE V

## NEGATIVE COVENANTS

5.0 Negative Covenants

Until the Indebtedness shall have been paid in full, Grantor covenants and agrees as follows:

5.1 Other Liens - Transfers

Grantor will not, without the prior written consent of the Beneficiary, create or permit to be created or remain, any mortgage, pledge, lien, lease, encumbrance or charge or security interest, or conditional sale or other title retention agreement, with respect to the Mortgaged Property or any part thereof or income therefrom, whether prior or subordinate to the lien of this Deed of Trust, except as otherwise consented to in writing by Beneficiary. Except for any grant, conveyance, sale, assignment or transfer of the Mortgaged Property which is conditioned upon the release of record of this Deed of Trust, the Grantor will not, without the prior written consent of the Beneficiary, make, create or consent to any grant, conveyance, sale, assignment or transfer of the Mortgaged Property or any part thereof, other than as consented to by Beneficiary.

5.2 Impairment of Security

Grantor will take no action which will in any manner impair the value of the Mortgaged Property or the security of this Deed of Trust.

5.3 Occupancy.

Unless otherwise agreed to in writing by the Beneficiary, Grantor shall not allow any person or persons to occupy the Mortgaged Property during the term of the Note.

## ARTICLE VI

## EMINENT DOMAIN – CONDEMNATION

6.0 Notice.

Grantor shall give the Trustee and the Beneficiary prompt written notice of the actual or threatened commencement of any proceedings under the power of condemnation or eminent domain affecting all or any part of the Mortgaged Property, and the Grantor will deliver to the Trustee and the Beneficiary true and complete copies of any and all

documents and papers served upon the Grantor in connection with any such proceedings promptly following receipt thereof by the Grantor.

6.1 Assignment of Condemnation Awards.

Grantor hereby irrevocably assigns, transfers and sets over unto the Beneficiary all right, title, interest and estate of the Grantor in and to any award or payment made in respect of any proceeding under the power of condemnation or eminent domain relating to the Mortgaged Property and initiated subsequent to the recordation of this Deed of Trust.

6.2 Application of Proceeds.

All proceeds received by or for the account of the Beneficiary as a result of, or by agreement in anticipation or in lieu of, any exercise of the power of condemnation or eminent domain with respect to the Mortgaged Property, shall be applied by the Beneficiary in the following order of priority: (a) to reimburse the Beneficiary for all costs and expenses actually and reasonably incurred by the Beneficiary in connection with the collection of such award or payment, including, without limiting the generality of the foregoing, reasonable attorney's fees; and (b) to the prepayment of the amount then due on account of the Indebtedness, without premium or penalty; and (c) to the Grantor. In the event, however, that in the opinion of the Beneficiary such taking will not materially affect the value of the Mortgaged Property, then the Beneficiary may disburse the entire proceeds of the taking to the Grantor; provided, however, that the Beneficiary shall then have the right to specify the manner in which such proceeds shall be disbursed by the Grantor; and, provided further, that the payment of the proceeds to the Grantor shall not affect the lien hereof or reduce the amount of Indebtedness.

## ARTICLE VII

### EVENTS OF DEFAULT

7.0 Events of Default.

The term "Event(s) of Default" shall mean the occurrence or happening, from time to time, of any one or more of the following or any other occurrences to/by the Grantor (both severally and/or jointly):

7.1 Payment of Indebtedness.

If the Grantor shall default in the payment of any portion of the Indebtedness when and as the same shall become due and payable under the Note.

7.2 Performance of Obligations.

If the Grantor shall default in the due observance or performance of any of the Obligations under the Note or this Deed of Trust.

7.3 Appointment by Receiver.

If by the order of a court of competent jurisdiction, a trustee, receiver or liquidator of the Mortgaged Property or any part thereof, or of the Grantor, shall be appointed and such order shall not be discharged or dismissed within ninety (90) calendar days after such appointment.

7.4 Voluntary Bankruptcy.

If the Grantor shall file a petition in bankruptcy or for an arrangement or for reorganization pursuant to the Bankruptcy Reform Act of 1978, as amended, or any similar law, federal or state, or if, by decree of a court of competent jurisdiction, the Grantor shall be adjudicated a bankrupt, or be declared insolvent, or shall make an assignment for the benefit of creditors, or shall admit in writing his inability to pay his debts generally as they become due, or shall consent to the appointment of a receiver or receivers of all or any part of its property.

7.5 Involuntary Bankruptcy.

If any of the creditors of the Grantor shall file a petition in bankruptcy against the Grantor, pursuant to the Federal Bankruptcy Reform Act of 1978, as amended, or any similar law, federal or state, and if such petition shall not be discharged or dismissed within ninety (90) calendar days after the date on which such petition was filed.

7.6 Judgments.

If final judgment for the payment of money or the establishment of a mechanic's lien shall be rendered against the Grantor and the Grantor shall not discharge the same or cause it to be discharged within thirty (30) calendar days from the entry thereof, or shall not appeal therefrom or from the order, decree or process upon which or pursuant to which said judgment was granted, based or entered, and secure a stay of execution pending such appeal.

7.7 Transfer of Mortgaged Property.

With the exception of the sale of the Mortgaged Property, which sale is conditioned upon the release of the Mortgaged Property from the lien of this Deed of Trust, if Grantor shall transfer, or agree to transfer, in any manner, either voluntarily or involuntarily, by operation of law or otherwise, all or any portion of the Mortgaged Property, or any interest therein without, in any such case, the prior written consent of Beneficiary. NOTICE – THE INDEBTEDNESS SECURED HEREBY IS SUBJECT TO CALL IN FULL OR THE TERMS THEREOF BEING MODIFIED IN THE EVENT OF SALE OR CONVEYANCE OF THE PROPERTY HEREIN CONVEYED IN TRUST.

7.8 Occupancy.

Grantor represents and covenants to Trustee and Beneficiary that, as of the effective date of this Deed of Trust (at the latest), the Mortgaged Property is vacant. Grantor further covenants to Trustee and Beneficiary that, so long as this Deed of Trust remains a lien against the Mortgaged Property, the Mortgaged Property will remain vacant and Grantor will not permit the Mortgaged Property to be occupied by anyone, including Grantor. Grantor further covenants that, to the extent that the Mortgaged Property was tenanted prior to the effective date of this Deed of Trust, Grantor properly adhered to all tenants rights laws with proper notices and procedures.

### 7.9 Other Indebtedness

Any default under or breach of any document or instrument evidencing or securing any indebtedness, obligation, or liability of any kind or nature – other than the Indebtedness and the Obligations secured hereby – of Grantor or any guarantor of the Indebtedness, or any of their affiliates, to Beneficiary, whether now existing or hereafter created or arising, direct or indirect, material or immaterial, and whether absolute or contingent, joint, several or joint and severally and howsoever owned, held, or acquired.

### 7.10 Death or Incapacity

Upon the death or incapacity of the Grantor (if applicable) or of any guarantor of the Indebtedness (if applicable).

## ARTICLE VIII

## DEFAULT AND FORECLOSURE

8.0 Remedies.

If an Event of Default shall occur, then the Trustee or the Beneficiary may, at the option of the Beneficiary, exercise any or all of the following remedies:

(a) Foreclosure Sale. During the continuance of any such Event of Default, the Trustee personally or by its agents or attorneys, upon the instruction of the Beneficiary, may sell the Mortgaged Property, or any part or parts thereof, and all estate, right, title, interest, claims and demand therein, at public auction at such time and place and upon such terms and conditions as the Trustee may deem appropriate or as may be required or permitted by applicable law or rule of court, having first given, advertised, and published such notice of the time, place and terms of foreclosure/public auction by publication in at least one newspaper published or having a general circulation in the county, city or jurisdiction in which the Mortgaged Property is located, once a week for two successive weeks, or by such other methods, if any, as the Trustee or any title insurance company, insuring the lien hereof, may deem appropriate.

(b) Other Remedies. During the continuance of any Event of Default, the Trustee and the Beneficiary may take such other steps to protect and enforce their respective rights, whether by action, suit or proceeding in equity or at law, or in aid of any power granted in the Note or this Deed of Trust, or for the enforcement of any other appropriate legal or equitable remedy, or otherwise, as the Trustee or the Beneficiary may elect.

8.1 Adjournment of Sale.

The Trustee may adjourn from time to time any sale to be made under, or by virtue of this Deed of Trust by announcement at the time and place appointed for such sale or for such adjourned sale; and, except as otherwise provided by any rule of law, the Trustee, without further notice or publication, may make such sale at the time and place to which the same shall be so adjourned.

8.2 Conveyance by Trustee.

Upon the completion of any sale or sales made by the Trustee under or by virtue of this Article, whether made under the power of sale herein granted or under or by virtue of judicial proceedings or of a judgment or decree of foreclosure and sale, the Trustee or an officer of the court empowered so to do, shall execute and deliver to the purchaser or purchasers a good and sufficient instrument, or instruments, conveying, assigning and transferring all estate, right, title and interest in and to the Mortgaged Property and rights sold. The Trustee is hereby appointed the irrevocable true and lawful attorney of the Grantor in its name and stead to make all necessary conveyances, assignments, transfers and deliveries of the Mortgaged Property and rights so sold and for that purpose the Trustee may execute all necessary instruments of conveyance, assignment and transfer, and may substitute one or more persons with like power, the Grantor hereby ratifying and confirming all that its said attorney or such substitute or substitutes shall lawfully do by virtue hereof. Any such sale or sales made under or by virtue of this Article, whether made under the power of sale herein granted or under or by virtue of judicial proceedings or of a judgment or decree of foreclosure and sale, shall operate to divest all the estate, right, title, interest, claim and demand whatsoever, whether at law or in equity, of the Grantor in and to the properties and rights so sold, and shall be a perpetual bar, both at law and in equity, against the Grantor and against any and all persons claiming or who may claim the same, or any part thereof from, through or under the Grantor.

8.3 Purchase by Beneficiary.

In the event of the sale made under or by virtue of this Article, whether made under the power of sale herein granted or under or by virtue of judicial proceedings or of a judgment or decree of foreclosure and sale, the Beneficiary shall be competent to bid for and acquire the Mortgaged Property or any part thereof.

8.4 Waiver of Redemption - Exemptions Waived.

Grantor will not at any time insist upon, or plead, or in any manner whatever claim or take any benefit or advantage of any stay or extension or moratorium law, any exemption from attachment, execution or sale of the Mortgaged Property or any part thereof, wherever enacted, now or at any time hereafter in force, which may affect the covenants and terms of performance of this Deed of Trust, nor claim, take or insist upon any benefit or advantage of any law now or hereafter in force providing for the valuation or appraisal of the Mortgaged Property, or any part thereof, prior to any sale or sales thereof which may be made pursuant to any provision herein, or pursuant to the decree, judgment or order of any court of competent jurisdiction; or after any such sale or sales, claim or exercise any right under any statute heretofore or hereafter enacted to redeem the property so sold or any part thereof, and the Grantor hereby expressly waives all benefit or advantage of any such law or laws, and covenants not to hinder, delay or impede the execution of any right, power or remedy herein granted or delegated to the Trustee or the Beneficiary, but to suffer and permit the execution of every power as though no such law or laws had been made or enacted. The Grantor, for herself and all who claim under her, waives, to the extent that it lawfully may, the benefit of any homestead exemption and any and all right to have the Mortgaged Property marshaled upon any sale or foreclosure hereunder.

8.5 Remedies Cumulative and Concurrent.

No remedy conferred upon or reserved to the Trustee or the Beneficiary is intended to be exclusive of any other remedy or remedies, and each and every such remedy shall be cumulative, and shall be in addition to every other remedy given hereunder or now or hereafter existing at law or in equity or by statute. Every right, power and remedy given by this Deed of Trust to the Trustee or the Beneficiary shall be concurrent and may be pursued separately, successively or together against the Grantor; and every right, power and remedy given by this Deed of Trust to the Trustee or the Beneficiary may be exercised from time to time as often as may be deemed expedient by the Trustee or the Beneficiary.

8.6 Application of Proceeds.

The proceeds of any sale made under or by virtue of this Article, whether made under the power of sale herein granted or under or by virtue of judicial proceedings or of a judgment or decree of foreclosure and sale, together with any other sums which may then be held by the Trustee or the Beneficiary pursuant to this Deed of Trust, shall be applied as follows:

(a) First, to the payment of the costs and expenses of such sale, including, without limitation, compensation to the Trustee and the Beneficiary, their respective agents and counsel, and of any judicial or other proceeding wherein the same may be made, and of all expenses, liabilities and advances made or incurred by the Trustee or the Beneficiary under this Deed of Trust, and all taxes and assessments due upon the Mortgaged Property at the time of such sale and to discharge any other lien prior to this Deed of Trust, except any taxes, assessments or other liens subject to which the Mortgaged Property shall have been sold.

(b) Second, to the payment of whatever may then remain unpaid on account of the Indebtedness, with interest thereon to the date of payment or as otherwise provided in the Note.

(c) Third, to the payment of any other sums required to be paid by the Grantor pursuant to any provision of the Note or this Deed of Trust, including, without limitation, all expenses, liabilities and advances made or incurred by the Beneficiary under this Deed of Trust or in connection with the enforcement thereof, together with interest on all such advances.

(d) Fourth, to the payment of the surplus, if any, to whomsoever may be lawfully entitled to receive the same upon the delivery and surrender of the Mortgaged Property sold and conveyed.

## ARTICLE IX

### THE TRUSTEE

9.0 Acceptance - Standard of Conduct

Trustee, by acceptance hereof, hereby covenants faithfully to perform and fulfill the trusts herein created; provided, however, that the Trustee shall be liable hereunder only for gross negligence, willful misconduct or bad faith. In any event, the Trustee shall be indemnified and forever held harmless by the Beneficiary for any action which the Trustee may take pursuant to and in reliance upon the written instructions of the Beneficiary.

9.1 Fees and Expenses.

Grantor shall pay all reasonable costs, fees and expenses of the Trustee, its agents and counsel, incurred in connection with the performance of the Trustee's duties hereunder. Nothing contained in this Deed of Trust shall be construed to require the Trustee to make any advances of funds for the benefit of either the Grantor or the Beneficiary for any reason or purpose.

9.2 Commissions on Sale.

In the event of any sale made under or by virtue of Article VIII of this Deed of Trust, whether made under the power of sale therein granted or under or by virtue of judicial proceedings or of a judgment or decree of foreclosure and sale, Trustee shall be entitled to retain as compensation a commission of 5.00% of the proceeds of such sale.

9.3 Commission on Advertisement.

Immediately upon the first publication of an advertisement of any sale to be made under or by virtue of Article VIII of this Deed of Trust, whether made under the power of sale therein granted or under or by virtue of judicial proceeding or of a judgment or decree

of foreclosure and sale, Trustee shall be entitled to receive as compensation from the Grantor a commission of 2.50% of the total amount then due on account of the Indebtedness and, upon the first publication of any such advertisement, such commission shall be considered earned by the Trustee, payable by the Grantor, and a part of the Indebtedness. The commissions provided for in Sections 9.2 and 9.3 shall not be cumulative.

9.4 Resignation.

Trustee may resign at any time after thirty (30) calendar days' notice in writing to the Grantor and the Beneficiary.

9.5 Acts of Trustee.

In the event more than one person is designated as Trustee herein, then either or any of them may act without the other when the circumstances shall so require and the act of either or any of them shall be considered as the act of both or all.

9.6 Successor Trustee - Substitution.

The Beneficiary may remove the Trustee at any time or from time to time, with or without reason or cause. In the event of the death, removal, resignation, refusal to act or inability to act of the Trustee, or in the sole discretion of the Beneficiary for any reason, without notice to any party, and without application to any court, a successor or substitute Trustee may be appointed by the Beneficiary by a designation in writing of a successor Trustee by the filing for record in the office where this Deed of Trust is recorded of a Deed of Appointment. Such power of appointment may be exercised whenever and as often as the Beneficiary may consider it advisable and the exercise of such power of appointment, no matter how frequently, shall not be considered a termination thereof. Upon the recordation of any such Deed of Appointment, the successor or substitute trustee so appointed shall thereupon without further act or deed, become fully vested with the same title and estate in and to the Mortgaged Property as the Trustee, as aforesaid, and have all of the rights, powers, trusts, duties and authority of the Trustee. Whenever in the Note or this Deed of Trust reference is made to the Trustee, such reference shall be held and construed to mean the Trustee for the time being, whether original successor or substitute.

## ARTICLE X

## RELEASE

10.0 Release of Lien.

The lien of this Deed of Trust shall be released at the expense of the Grantor upon payment in full of the Indebtedness and satisfaction and discharge of the Obligations.

4410 1st St NW Washington DC 20011
1236 Simms Place NE, Washington, DC 20002
5419 1st St NW, Washington DC 20011

## ARTICLE XI

### MISCELLANEOUS

11.1 Notices.

All notices, demands, requests and other communications pursuant to the provisions of the Note and this Deed of Trust shall be in writing and shall be deemed to have been properly given or served for all purposes when presented personally, or one business day after having been sent by a nationally recognized overnight delivery service or a local courier service, charges prepaid, or three (3) calendar days after having been sent by United States Registered or Certified Mail - Return Receipt Requested, postage prepaid, to the respective addresses as follows:

(a) If to the Grantor, then to:  **1743 P St NW, Suite 101 , Washington, DC 20036**

(b) If to the Beneficiary, then to:  **2815 Hartland Rd Suite 200, Falls Church, VA 22043, with a courtesy copy to Pardo & Drazin, LLC, Attn: Russell S. Drazin, Esquire, 4400 Jenifer Street, NW, Suite 2, Washington, DC 20015**

(c) If to the Trustee, then to them at:  **2815 Hartland Rd Suite 200, Falls Church, VA 22043, with a courtesy copy to Pardo & Drazin, LLC, Attn: Russell S. Drazin, Esquire, 4400 Jenifer Street, NW, Suite 2, Washington, DC 20015**

Any of the parties may designate a change of address by notice in writing to the other parties. Whenever in this Deed of Trust the giving of notice by mail or otherwise is required, the giving of such notice may be waived in writing by the person or persons entitled to receive such notice.

11.2 Severability.

In the event any one or more of the provisions of this Deed of Trust shall for any reason be held to be invalid, illegal or unenforceable, in whole or in part or in any respect, or operates or would prospectively operate to invalidate this Deed of Trust, then and in either of those events, at the option of the Beneficiary, such provision or provisions only shall be held for naught and the remaining provisions of the Deed of Trust shall remain operative and in full force and effect and shall in no way be affected, prejudiced or disturbed thereby.

11.3 Successors and Assigns.

All of the grants, covenants, terms, provisions and conditions of the Note and this Deed of Trust shall run with and bind the Mortgaged Property and shall apply, bind and inure to the benefit of, the successors and assigns of the Grantor, the successors in trust of the Trustee and the endorsers, transferees, successors and assigns of the Beneficiary, and all persons claiming under or through any of them.

11.4 Modification - Waiver.

None of the terms or provisions of the Deed of Trust may be changed, waived, modified, discharged or terminated except by instrument in writing executed by the party or parties against which enforcement of the change, waiver, modification, discharge or termination is asserted.

11.5 Captions and Headings.

The captions and headings contained in this Deed of Trust are included herein for convenience of reference only and shall not be considered a part hereof and are not in any way intended to limit or enlarge the terms hereof.

11.6 Warranty.

The Grantor warrants generally the title to the Mortgaged Property.

11.7 Applicable Law.

This Deed of Trust shall be governed by and construed, interpreted and enforced in accordance with and pursuant to the laws of the jurisdiction in which the Mortgaged Property is located.

11.8 Time of Essence.

Time shall be of the essence of each and every provision of this Deed of Trust of which time is an element.

11.9 Business Purpose.

Grantor warrants that the proceeds of the Note and any and all other secured Indebtedness shall be used exclusively for the acquisition or conduct of a business or commercial enterprise and that the loan evidenced by the Note is a "commercial loan."

11.10 Tenant Leases and Rents.

(a) Grantor does hereby absolutely and irrevocably assign, convey, transfer and set over to Beneficiary all of Grantor's right, title, estate and interest in and to all rents, issues, income and profits from the Mortgaged Property (collectively, "Income"). Such assignment shall not impose upon Beneficiary any duty to produce income from the Mortgaged Property. Beneficiary hereby grants to Grantor a license to collect, not more than one month in advance, and as trustee for the benefit of Beneficiary, the Income. Grantor shall apply the Income so collected first to payment of any and all amounts due under the Loan Documents and second to the funding of any escrows required under the Loan Documents. Thereafter, so long

as no Event of Default exists, Grantor may use the Income in any manner not inconsistent with its obligations under the Loan Documents. The license granted hereby shall be revoked automatically upon the occurrence of an Event of Default hereunder.

(b) All leases, licenses, and rental agreements now or hereafter covering the Mortgaged Property or any part thereof are hereinafter referred to collectively as "Leases", and individually as a "Lease". Grantor shall not enter into any Lease without the express written consent of Beneficiary. Grantor does hereby absolutely and irrevocably assign, convey, transfer and set over to Beneficiary all of Grantor's right, title, estate and interest in and to all Leases. Such assignment shall not impose upon Beneficiary any duty to produce income from the Mortgaged Property. Beneficiary hereby grants to Grantor a license to operate and manage the Mortgaged Property under any and all Leases. The license granted hereby shall be revoked automatically upon the occurrence of an Event of Default hereunder.

(c) Grantor shall enforce all terms and conditions of all Leases and shall not permit any default by a tenant thereunder to continue longer than necessary to pursue its remedies. Grantor shall perform all of its obligations under and in respect of all Leases. In the event of a default by tenant under a Lease, Grantor shall diligently exercise all rights and remedies available to Grantor therefor, including but not limited to termination, eviction and reletting.

(d) The foregoing subparagraphs (a), (b), and (c) shall not constitute, or be construed to be, Beneficiary's waiver of the requirement set forth herein and the other Loan Documents that the Mortgaged Property be and remain vacant and unoccupied during the term of the Note and so long as this Deed of Trust remains a lien upon the Mortgaged Property. Waiver of said requirement must be express and in writing separate and apart from foregoing subparagraphs (a), (b), and (c).

11.11 All Obligations.

This Deed of Trust is given to secure certain present and future Indebtedness and Obligations, including future advances, as provided in the Note. This Deed of Trust and the liens created hereby shall secure any and all Indebtedness and Obligations of Grantor to Beneficiary of every nature whatsoever, whether created heretofore or hereafter.

11.12 Security Agreement.

For the purpose of securing the Indebtedness and Obligations, this Deed of Trust shall constitute a security agreement creating a security interest in (a) all personal property of Grantor included within or located on or to be delivered to the Mortgaged Property, including all such items of personal property hereafter acquired, and the proceeds thereof, and (b) all other personal property of Grantor relating in any way to the Indebtedness, Obligations, and/or the Loan Documents. Grantor hereby authorizes and agrees to execute and/or authorize such further agreements, instruments, financing statements, continuation

4410 1st St NW Washington DC 20011
1236 Simms Place NE, Washington, DC 20002
5419 1st St NW, Washington DC 20011

statements, and other documents as may be necessary or appropriate to perfect and maintain the security interest herein granted to Beneficiary.  Upon the occurrence of an Event of Default hereunder, Beneficiary shall have the remedies of a secured party under the Uniform Commercial Code for the jurisdiction in which the Mortgaged Property is located, including, without limitation, the right to take immediate possession of any collateral.  Any sale of such collateral may be held as a part of and in conjunction with a sale by Trustee of the Mortgaged Property.

## ARTICLE XII

## STATUTORY PROVISIONS

12.1 Statutory Provisions.

This Deed of Trust is made under and pursuant to the provisions of the statutes and regulations of the jurisdiction in which the Mortgaged Property is located, as amended, and shall be construed to impose and confer upon the parties hereto and Beneficiary all the rights, duties, and obligations prescribed by said statutes and regulations, as amended, except as herein otherwise restricted, expanded, or changed.

**IN WITNESS WHEREOF**, the said Grantor has executed these presents on the year and day first above written.

**[Signature Page to Follow]**

4810 1st St NW Washington DC 20011

1236 Simms Place NE, Washington, DC 20002

5419 1st St NW, Washington DC 20011

**GRANTOR:**

**5412 1ST ST HOLDINGS LLC,**
a District of Columbia Limited Liability
Company

_____(SEAL)
By:   Ryan Shandel
Its:   Member

_____(SEAL)
By:   Charles Paxton Paret
Its:   Member

COUNTY OF ___ _D.C.___ ) SS:
STATE OF _____ )

 I hereby certify on this _10_ day of November, 2019, before me in the jurisdiction aforesaid, did personally appear Ryan Shandel, Charles Paxton Paret,  known or satisfactorily proven to be the person(s) whose name(s) is set forth in the within instrument, and executed the within instrument and acknowledged the same instrument to be his/her act and deed for the purposes herein contained and in the capacity herein stated.

_____
NOTARY PUBLIC

STEVEN M. SUSHNER
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires February 28, 2023

My commission expires: _____



Rev 5.2016

Page **20** of **23**

5412 1st St NW Washington DC 20011
1236 Simms Place NE, Washington, DC 20002
5419 1st St NW, Washington DC 20011

**GRANTOR:**

**5419 First Street NW DC LLC,**
a District of Columbia Limited Company

By: Coloma River Holdings, LLC
Its: Managing Member

_____(SEAL)
By:     Charles Paxton Paret
Its:     Sole Member

~~COUNTY OF~~ _____D. C._____ ) SS:
~~STATE OF~~ _____)

    I hereby certify on this _6th_ day of November, 2019, before me in the jurisdiction aforesaid, did personally appear Charles Paxton Paret, ,  known or satisfactorily proven to be the person(s) whose name(s) is set forth in the within instrument, and executed the within instrument and acknowledged the same instrument to be his/her act and deed for the purposes herein contained and in the capacity herein stated.

_____
NOTARY PUBLIC

STEVEN M. SUSHNER
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires February 28, 2023

My commission expires: _____



5412 1st St NW Washington DC 20011
1236 Simms Place NE, Washington, DC 20002
5419 1st St NW, Washington DC 20011

**GRANTOR:**

**DESIGN BUILD GROUP, LLC**
a District of Columbia Limited Company

_____(SEAL)

By:     Charles Paxton Paret
Its:     Sole Member

~~COUNTY OF~~     $D.C.$     ) SS:
~~STATE OF~~     _____ )

I hereby certify on this _11__ day of November, 2019, before me in the
jurisdiction aforesaid, did personally appear Charles Paxton Paret, ,     known or
satisfactorily proven to be the person(s) whose name(s) is set forth in the within instrument,
and executed the within instrument and acknowledged the same instrument to be his/her
act and deed for the purposes herein contained and in the capacity herein stated.



_____
NOTARY PUBLIC

**STEVEN M. SUSHNER**
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires February 28, 2023

My commission expires: _____

Page **22** of **23**

5412 1st St NW Washington DC 20011
1236 Simms Place NE, Washington, DC 20002
5419 1st St NW, Washington DC 20011

# EXHIBIT A

## LEGAL DESCRIPTION

All that certain lot or parcel of land situate in the **District of Columbia** and being more particularly described as follows:

**Parcel 1 – 5412 1st Street, NW**

Lot numbered Twenty-Nine (29) in Leslie E. P. Prince's subdivision of lots in Square numbered Thirty-Three Hundred Ninety-One (3391), as per plat recorded in Liber 92 at folio 195 among the Records of the Office of the Surveyor for the District of Columbia.

**Parcel 2 – 5419 1st Street, NW**

Lot numbered Ninety-One (91) in Morris Lenkin's subdivision of lots in Square numbered Thirty-Three Hundred Ninety-Three (3393), as per plat recorded in Liber 103 at folio 13 among the Records of the Office of the Surveyor for the District of Columbia.

**Parcel 3 – 1236 Simms Place, NE**

Lot numbered One Hundred Fifty-Six (0156) in Square numbered Forty Hundred Fifty-two (4052) of the subdivision made by Morris H. Ginsburg and Julius H. Ginsburg as per plat recorded among the Land Records of the Office of the Surveyor for the District of Columbia in Liber 126 at folio 162.

Rev 5.2016



**Government of the
District of Columbia**
Office of Tax
and Revenue
Recorder of Deeds
515 D Street, NW
Washington, DC 20001
Phone (202)727-5374

| SECURITY AFFIDAVIT — CLASS 1 | | |
|---|---|---|
| 3391 | | 0029 |
| **Square** | **Suffix** | **Lot** |

**5412 1st St Holdings LLC, a District of**

I, (We) _____ **Columbia Limited Liability Company** _____ the owner(s) of the real property described within certify, subject to criminal penalties for making false statements pursuant to section 404 of the District of Columbia Theft and White Collar Crimes Act of 1982, effective December 1,1982 (D.C. Law 4-164; D.C. Code 22-2405), that the real property described within is Class 1 Property, as that class of property established pursuant to D.C. Official Code 47-813(C-6)(2).

_____
*Signature*

_____
*Signature*

Subscribed and sworn to me before this   **6th**   day of   **November**   , 20Ø19 .

_____
*Notary Public*



STEVEN M. SUSHNER
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires February 28, 2023

My Commission Expires: _____
mmddyyyy



**Government of the District of Columbia**

Office of Tax and Revenue
Recorder of Deeds
1101 4th St. SW
Washington, DC 20024
Phone (202)727-5374

| **Real Property Recordation and Transfer Tax Form FP-7/C** |
| --- |

## PART A - Type of Instrument

☐ Deed  ☒ Deed of Trust  ☐ Lease for a Term of 30 years or more

☐ Re-recording  ☐ Other: _____

## PART B - Property Description/Data/Property Being Conveyed

| 3391 | | 0029 | | 3393 | | 0091 |
| --- | --- | --- | --- | --- | --- | --- |
| Square | Suffix | Lot | | Square | Suffix | Lot |

If more than one lot, list Square/Suffix/Lots below or attach addendum:

**Square and/or Parcel** 4052  **Lot(s)** 0156

**Property Address:** 5412 & 5419 | 1st Street | NW | Unit No.
Street Number | Street Name | Quadrant

**Property Use:** ☒ Dwelling Units ≤ 5  ☐ Apartment  ☐ Commercial

**Is any part of the <u>entire</u> building commercial (Class 2)?**
☐ Yes*  ☒ No  ☐ Unimproved

*If Yes, is there majority common ownership prior to this transfer? (See Instructions)
☐ Yes†  ☐ No

† If Yes, this instrument will be taxed as commercial.

**Fee Interest % Conveyed:** _____ %

Was personal property included in this transfer?  ☐ Yes*  ☒ No

·If Yes, what type? _____  Estimated Value $ _____

## PART C - Instrument Submitted by or Contact Person

Name Steven Sushner  Firm District Title, A Corporation

Address 1150 Connecticut Avenue, NW, Suite 201

City Washington  State Washington DC  Zip 20036

## PART D - Return Instrument To

Name Steven Sushner  Firm District Title, A Corporation

Address 1150 Connecticut Avenue, NW,  Phone No. 202-518-9300

City Washington  State Washington DC  Zip 20036

## PART E - Grantor(s) Information

Grantor 5412 1st St Holdings LLC, a  Grantor _____

Grantor _____  Grantor _____

Address 1743 P Street, NW, #101  Phone No. 703-855-2812

City Washington  State DC  Zip 20036

**Grantor(s) Tenancy**  ☐ Tenants in Common  ☐ Joint Tenants  ☐ Trustee
☐ Tenants by Entirety  ☒ Sole

ROD 1 Revised 08/2019
(modified format)



**Government of the District of Columbia**

Office of Tax and Revenue
1101 4th St. Street, SW
Washington, DC 20024
Phone (202)727-5374

| 3391 | | 0029 etc. |
|------|------|------|
| Square | Suffix | Lot |

## PART F - Grantee(s) Information

Grantee **WCP Fund I LLC**  Grantee

Grantee  Grantee

Address **2815 Hartland Rd, Suite 200**  Phone No. **703-344-1733**

City **Falls Church**  State **VA**  Zip **22043**

**Grantee(s) Tenancy**  ☐ Tenants in Common  ☐ Joint Tenants  ☐ Trustee

☐ Tenants by Entirety  ☒ Sole

## PART G - Mailing Address for Grantee (If different from Part F)

| Last Name | First Name | Middle Name |
|---|---|---|

Address  Unit No.

City  State  Zip

Phone

## PART H-Consideration and Financing

"complete all items; insert zero if no amount"

**Tax Exemption Application Recordation Tax/Transfer Tax**

(Cite to Specific DC Code Provision)

### I. Deed

| | | | |
|---|---|---|---|
| 1. | Acquisition Price | 0 | _____ / _____ |
| | *Cash* | 0 | _____ / _____ |
| | *Amount of 1st Deed of Trust* | 0 | |
| | Purchase Money Amount | 0 | |
| | Other Exempt Amount | 0 | _____ |
| | Nonexempt Amount: | 0 | |
| | *Amount of 2st Deed of Trust* | 0 | |
| | Purchase Money Amount | 0 | |
| | Other Exempt Amount | 0 | _____ |
| | Nonexempt Amount: | 0 | |
| | *Assumed or 3rd Deed of Trust* | 0 | |
| | Purchase Money Amount | 0 | _____ |
| | Other Exempt Amount | 0 | |
| | Nonexempt Amount: | 0 | |
| 2. | Current Tax Year Assessed Value (If No or Nominal Consideration) | 0 | _____ / _____ |

ROD 1 Revised 08/2019
(modified format)



**Government of the District of Columbia**
Office of Tax and Revenue
1101 4th St. Street, SW
Washington, DC 20024
Phone (202)727-5374

| 3391 | 0029 etc. | |
|------|-----------|---|
| Square | Suffix | Lot |

**II. Deeds of Trust** (no transfer of title)

Tax Exemption Application
Recordation Tax
(Cite to Specific DC Code Provision)

| Amount of Deed of Trust | 1,800,000.00 | |
|---|---|---|
| Exempt Amount (s) | 1,468,670.00 | 21 |
| Nonexempt Amount(s) | 331,330.00 | |

3. Total Amount of all Nonexempt Deeds of Trust (I & II)    331,330.00

## PART I: Computation of Tax

For recordation tax on residential deed transfers by qualified first-time homebuyers, use Line 1. For residential deed transfers with a total consideration of less than $400,000.00, use Lines 2 and 3. For residential deed transfers with a total consideration of $400,000.00 and higher use, Lines 4 and 5. For commercial deeds and nonexempt security interest instruments with a total consideration of less than $2,000,000.00, use Lines 4, 5 and 6. For commercial deeds and nonexempt security interest instruments with a total consideration of $2,000,000.00 and higher, use Lines 7, 8 and 9. (See instructions)

| | | | | |
|---|---|---|---|---|
| 1. | Recordation Tax | 0.725% of Line 1, Part H (attach form ROD 11) | $ | |
| 2. | Recordation Tax | 1.1% of Line 1 or Line 2, Part H | $ | |
| 3. | Transfer Tax | 1.1% of Line 1 or Line 2, Part H | $ | |
| 4. | Recordation Tax | 1.45% of Line 1 or Line 2, Part H | $ | |
| 5. | Transfer Tax | 1.45% of Line 1 or Line 2, Part H | $ | |
| 6. | Recordation Tax | 1.45% of Line 3, Part H | $ | $4,804.29 |
| 7. | Recordation Tax | 2.5% of Line 1, or Line 2, Part H ($2,000,000.00 or higher) | $ | |
| 8. | Transfer Tax | 2.5% of Line 1, or Line 2, Part H ($2,000,000.00 or higher) | $ | |
| 9. | Recordation Tax | 2.5% of Line 3, Part H ($2,000,000.00 or higher) | $ | |
| 10. | **Total** | | $ | $4,804.29 |

## PART J: Affidavit (Part A to J)

I/We hereby swear or affirm under penalty of perjury that this return, including any accompanying schedules/documents/and statements, has been examined by me/us and to the best of my/our knowledge and belief, the statements and representations are correct and true. I/We hereby acknowledge that any false statement or misrepresentations I/We made on this return is punishable by criminal penalties under the laws of the District of Columbia.





| Grantor(s) | Grantee(s) |
|---|---|
| **5412 1st St Holdings LLC, a District of Columbia Limited Liability Company** | **WCP Fund I LLC by District Title, A Corporation** |
| Typed Name | Typed Name |
| Signature | Signature |
| Date   11/6/2019 | Date   11/6/2019 |
| Subscribed to and sworn to before me | Subscribed to and sworn to before me |
| by Grantor(s) this ____6th____ day of | by Grantee(s) this ____6th____ day of |
| ____November____, 20 19 | ____November____, 20 19 |
| Notary Public | Notary Public |
| My Commission Expires: _____ mm/dd/yyyy | My Commission Expires: _____ mm/dd/yyyy |

STEVEN M. SUSHNER
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires February 28, 2023

STEVEN M. SUSHNER
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires February 28, 2023

**This information is subject to audit.
Please keep all supporting documentation.**

ROD 1 Revised 08/2019
(modified format)

Addendum to FP7

5412 1st Street (SSL 3391/0029) Assessed Value = $610,510.00

5419 1st Street (SSL 3393 0091) Assessed Value = $1,335,710.00

1236 Simms Place (SSL 4052 0156) Assessed Value = $439,220.00

Total Assessed Values = $2,385,440.00

Percentage of Assessed Values for 1236 Simms Place = $439,200.00/2,385,440.00 = 0.1841 * 100% = 18.41%

Loan Amount = $1,800,000

Amount Taxable = $1,800,000.00 * 18.41% = $331,330.00

Total Tax = $331,330.00 * 1.45% = $4,805.01