# B

Previous editions are obsolete | form HUD-1 (3/86) ref Handbook 4305.2

## A. Settlement Statement

U.S. Department of Housing and Urban Development
OMB Approval No. 2502-0265

B. Type of Loan — FINAL

| 1. ☐ FHA | 2. ☐ FmHA | 3. ☒ Conv. Unins. | 6. File Number: 19-1768SMS | 7. Loan Number | 8. Mortgage Insurance Case Number |
| 4. ☐ VA | 5. ☐ Conv. Ins. | | | | |

C. Note: This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(p.o.c.)" were paid outside the closing; they are shown here for information purposes and are not included in the totals. WARNING: It is a crime to knowingly make false statements to the United States on this or any other similar form. Penalties upon conviction can include a fine and imprisonment. For details see: Title 18 U.S. Code Section 1001 and Section 1010.

TitleExpress Settlement System
Printed 11/06/2019 at 13:04 SMS

| | |
|---|---|
| D. NAME OF BORROWER: | 5412 1st St Holdings LLC, a District of Columbia Limited Liability Company |
| ADDRESS: | 1743 P Street, NW, #101, Washington, DC 20036 |
| E. NAME OF SELLER: | N/A |
| ADDRESS: | |
| F. NAME OF LENDER: | WCP Fund I LLC |
| ADDRESS: | 2815 Hartland Rd, Suite 200, Falls Church, VA 22043 |
| G. PROPERTY ADDRESS: | 5412 & 5419 1st Street, NW, 1236 Simms Place, NE, Washington, DC 20011 3391 0029 |
| H. SETTLEMENT AGENT: | District Title, A Corporation |
| PLACE OF SETTLEMENT: | 1150 Connecticut Avenue, NW, Suite 201, Washington DC 20036 |
| I. SETTLEMENT DATE: | 11/06/2019 |
| DISBURSEMENT DATE: | 11/07/2019 |

| J. SUMMARY OF BORROWER'S TRANSACTION: | | K. SUMMARY OF SELLER'S TRANSACTION: | |
|---|---|---|---|
| **100. GROSS AMOUNT DUE FROM BORROWER** | | **400. GROSS AMOUNT DUE TO SELLER** | |
| 101. Contract sales price | | 401. Contract sales price | |
| 102. Personal property | | 402. Personal property | |
| 103. Settlement charges to borrower (line 1400) | 1,800,000.00 | 403. | |
| 104. | | 404. | |
| 105. | | 405. | |
| *Adjustments for items paid by seller in advance* | | *Adjustments for items paid by seller in advance* | |
| 106. City/town taxes | | 406. City/town taxes | |
| 107. County taxes | | 407. County taxes | |
| 108. Assessments | | 408. Assessments | |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| **120. GROSS AMOUNT DUE FROM BORROWER** | **1,800,000.00** | **420. GROSS AMOUNT DUE TO SELLER** | |
| **200. AMOUNTS PAID BY OR ON BEHALF OF BORROWER** | | **500. REDUCTIONS IN AMOUNT DUE TO SELLER** | |
| 201. Deposit or earnest money | | 501. Excess Deposit (see instructions) | |
| 202. Principal amount of new loans | 1,800,000.00 | 502. Settlement charges to seller (line 1400) | |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. | | 504. | |
| 205. | | 505. | |
| 206. | | 506. | |
| 207. | | 507. | |
| 208. | | 508. | |
| 209. | | 509. | |
| *Adjustments for items unpaid by seller* | | *Adjustments for items unpaid by seller* | |
| 210. City/town taxes | | 510. City/town taxes | |
| 211. County taxes | | 511. County taxes | |
| 212. Assessments | | 512. Assessments | |
| 213. | | 513. | |
| 214. | | 514. | |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| **220. TOTAL PAID BY/FOR BORROWER** | **1,800,000.00** | **520. TOTAL REDUCTION AMOUNT DUE SELLER** | |
| **300. CASH AT SETTLEMENT FROM OR TO BORROWER** | | **600. CASH AT SETTLEMENT TO OR FROM SELLER** | |
| 301. Gross amount due from borrower (line 120) | 1,800,000.00 | 601. Gross amount due to seller (line 420) | |
| 302. Less amounts paid by/for borrower (line 220) | 1,800,000.00 | 602. Less reduction amount due seller (line 520) | |
| **303. CASH FROM BORROWER** | **0.00** | **603. CASH TO SELLER** | **0.00** |

SUBSTITUTE FORM 1099 SELLER STATEMENT: The information contained herein is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction will be imposed on you if this item is required to be reported and the IRS determines that it has not been reported. The Contract Sales Price described on line 401 above constitutes the Gross Proceeds of this transaction.

You are required by law to provide the settlement agent (Fed. Tax ID No: 68-0547548, except VA: VA Fed. Tax ID No: 30-0283179) with your correct taxpayer identification number. If you do not provide your correct tax number, you may be subject to civil or criminal penalties imposed by law. Under penalties of perjury, I certify that the number shown on this statement is my correct taxpayer identification number.

TIN: _____-_____-_____ / _____-_____-_____    SELLER(S) SIGNATURE(S): _____ / _____
SELLER(S) NEW MAILING ADDRESS: _____
SELLER(S) PHONE NUMBERS: _____ (H)   _____ (W)

Previous editions are obsolete    form HUD-1 (3/86) ref Handbook 4305.2

U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT
SETTLEMENT STATEMENT

File Number: 19-1768    FINAL    PAGE 2
TitleExpress Settlement System    Printed 11/06/2019 at 13:04 SMS

| L. SETTLEMENT CHARGES | | PAID FROM BORROWER'S FUNDS AT SETTLEMENT | PAID FROM SELLER'S FUNDS AT SETTLEMENT |
|---|---|---|---|
| 700. TOTAL SALES/BROKER'S COMMISSION based on price $ = | | | |
| Division of commission (line 700) as follows: | | | |
| 701. $ to | | | |
| 702. $ to | | | |
| 703. Commission paid at Settlement | | | |
| 800. ITEMS PAYABLE IN CONNECTION WITH LOAN | | | |
| 801. Loan Origination Fee    2.000 % DP Capital LLC | | 36,000.00 | |
| 802. Loan Discount    % | | | |
| 803. Appraisal Fee | | | |
| 804. Credit Report | | | |
| 805. Construction Draw    to WCP Fund I LLC | LR | 1,694,493.09 | |
| 806. Loan Processing Fee    to DP Capital LLC | | 1,450.00 | |
| 807. | | | |
| 808. | | | |
| 809. | | | |
| 810. | | | |
| 811. | | | |
| 900. ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE | | | |
| 901. Interest From 11/07/2019 to 12/01/2019 @$ /day 24 Days | LR | 3,111.11 | |
| 902. Mortgage Insurance Premium for months to | | | |
| 903. Hazard Insurance Premium for years to | | | |
| 904. | | | |
| 905. | | | |
| 1000. RESERVES DEPOSITED WITH LENDER FOR | | | |
| 1001. Hazard Insurance    mo. @ $    /mo | | | |
| 1002. Mortgage Insurance    mo. @ $    /mo | | | |
| 1003. City Property Taxes    mo. @ $    /mo | | | |
| 1004. County Property Taxes    mo. @ $    /mo | | | |
| 1005. Annual Assessments    mo. @ $    /mo | | | |
| 1009. Aggregate Analysis Adjustment | | 0.00 | 0.00 |
| 1100. TITLE CHARGES | | | |
| 1101. Settlement or Closing Fee    to District Title, A Corporation | | 395.00 | |
| 1102. Abstract or Title Search    to Executive Abstracting Company | | 125.00 | |
| 1103. Title Examination | | | |
| 1104. Title Insurance Binder    to District Title, A Corporation | | 495.00 | |
| 1105. Document Preparation | | | |
| 1106. Notary Fees | | | |
| 1107. Attorney's fees | | | |
| (includes above items No: ) | | | |
| 1108. Title Insurance    to Fidelity National Title Insurance Company | | 5,803.50 | |
| (includes above items No: ) | | | |
| 1109. Lender's Policy    2,250,000.00 - 5,753.50 | | | |
| 1110. Owner's Policy | | | |
| 1111. | | | |
| 1112. | | | |
| 1113. | | | |
| 1200. GOVERNMENT RECORDING AND TRANSFER CHARGES | | | |
| 1201. Recording Fees Deed $    ; Mortgage $ 161.27    ; Release $ | | 161.27 | |
| 1202. City Transfer Tax    Deed $    ; Mortgage $ | | | |
| 1203. City Recordation Tax    Deed $    ; Mortgage $ 4,805.01 | | 4,805.01 | |
| 1204. | | | |
| 1205. | | | |
| 1300. ADDITIONAL SETTLEMENT CHARGES | | | |
| 1301. Prop Taxes GT 11-15 Lot 5419    to D.C. Treasurer | | 24,723.57 | |
| 1302. Prop Taxes GT 11/20 Lot 5412    to D.C. Treasurer | | 2,709.66 | |
| 1303. Prop Taxes GT 11-14 Lot 1236    to D.C. Treasurer | | 23,230.35 | |
| 1304. Water Bal GT9/25/19-1236Simms    to DC Water | | 997.44 | |
| 1305. Litter lien gt 11-24    to Office of Administrative Hearings | | 1,500.00 | |
| 1400. TOTAL SETTLEMENT CHARGES    (enter on lines 103, Section J and 502, Section K) | | 1,800,000.00 | |

I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of the HUD-1 Settlement Statement. In the event a monetary adjustment is required in my account, I agree to reimburse the settlement agent for such adjustment.

By signing below, I also acknowledge that District Title does its best to ensure that the above numbers are correct and accurate numbers per the terms of the contract, loan commitment and/or county/city/state recording fees. However, in the event that any of the above figures differ from the contract, loan commitment and/or county/state recording fees I agree to within seven (7) days, provide District Title with the correct monies. I also understand that District Title is relying upon my agreement and if District Title has to bring legal action that I shall be responsible for actual damage (including interest) court costs and reasonable attorneys fees.

Finally because of the administrative burden of refunding excess release money, any monies not necessary for the recording of releases on line 1201 may be retained, as profit, by District Title.
5412 1st St Holdings LLC, a District of Columbia Limited Liability Company

By: Ryan Shandel, Managing Director/Charles Paret, Managing Director

WARNING: IT IS A CRIME TO KNOWINGLY MAKE FALSE STATEMENTS TO THE UNITED STATES ON THIS OR ANY SIMILAR FORM. PENALTIES UPON CONVICTION CAN INCLUDE A FINE AND IMPRISONMENT. FOR DETAILS SEE TITLE 18: U.S. CODE SECTION 1001 AND SECTION 1010.

The HUD-1 Settlement Statement which I have prepared is a true and accurate account of this transaction. I have caused or will cause the funds to be disbursed in accordance with this statement.

11-6-19

File #19-1768 SMS

In consideration of District Title** disbursing pursuant to the attached Settlement Statement, the undersigned parties agree as follows:

(A) District Title is instructed to disburse pursuant to the Settlement Statement. The settlement is subject to further adjustments between the parties. Borrower(s) and Seller(s) agree that: errors or omissions shall be adjusted and paid by the appropriate party within 10 days of notification by District Title; unpaid adjustments shall bear interest to District Title at the rate of 12% per annum from the date of notification until paid in full. In the event of collection efforts by District Title, the party against whom the efforts are made shall pay all reasonable attorney's fees and costs associated with such efforts. Included in the foregoing amounts (subject to the same rate of interest and fees), District Title, may at its option (but shall not be obligated to), advance funds necessary to complete recordation and in such event the Borrower or Seller agree to promptly reimburse District Title for any such funds advanced. Further Borrower and Seller acknowledge that settlement and disbursement are subject to receipt and clearance of all funds necessary to complete the transaction and that in the event that any such funds are not received or fail to clear, District Title is authorized to cease processing the transaction and discontinue payment of all disbursements until additional funds are received and cleared, and is release from any liability arising out of such non-receipt or failure of funds to clear normal banking channels. Borrower(s) acknowledge receipt of a copy of the Truth in Lending Statement and in the case of refinance, two copies of the Notice of Right to Cancel. All signatories hereto acknowledge receipt of privacy policies from both District Title and the title insurance underwriter referenced on the settlement statement.

(B) The accuracy of any information furnished to District Title by other parties is merely reported and not guaranteed by District Title. District Title assumes no liability, express or implied, for matters not appearing of record at the time of title examination; for any tax consequences; for notices, or actual violations of any laws, criminal or otherwise, or governmental regulations, ordinances, rules, orders or requirements, issued by any department, office, or any other authority or agency of any local, state, county, or federal government as to ownership occupancy, taxes, zoning, environmental or otherwise; for the terms, or any notice or violation of the terms, of any document(s) to which District Title is not party. Borrower(s) and Seller(s) agree that in no event shall District Title's liability exceed the greater of its settlement fee or $500.

(C) The SELLER (S)/PROPERTY OWNER(S) warrant that to the best of seller(s) knowledge there are no deeds of trust, mortgages, or assessments levied or pending, judgments, tax liens, or other liens or other unpaid bills of any nature whatsoever affecting the property other than those listed and accurately calculated on the Settlement Statement and the SELLER(s)/PROPERTY OWNER(S) hereby guarantee(s) at seller(s) option indemnification or prompt and immediate payment, full satisfaction, and release of same. District Title is not responsible for the payment of any utility bills and District Title's liability for the payment of any utility bills, if any, is limited to the amounts reflected on the Settlement Statement. District Title, as a duly licensed agent of the title insurer, is entitled to receive a commission from the title insurance premium involved in this settlement.

(D) District Title shall not be held liable for any damages arising from any neglect, wrongful act or delay of any courier or messenger services that District Title provides or hires.

(E) There is no attorney-client relationship between District Title and any party to this transaction. District Title has rendered no tax advice, legal advice or opinion regarding this transaction and the parties acknowledges that they are not relying upon any tax advice, legal advice or opinion from District Title. In this transaction District Title is acting as an agent of the title insurer identified on the settlement statement, and is performing a title examination for the purpose of complying with underwriting guidelines of the title insurer. District Title does not certify or guarantee the title to this property. An insured may seek redress for title claims under the terms of the title insurance policy, but the insured shall not seek redress from District Title for such claims. Borrower(s) and Seller(s) agree that in no event shall District Title's liability exceed the greater of its settlement fee or $500.

(F) In the event that a dispute involving District Title, its agents, servants, and employees, shall arise among the parties to this transaction, any and all such disputes (except those involving injunctive relief and/or of those stemming from inaccuracies in the Borrower/ Seller Affidavit), shall be resolved in accordance with the following alternative dispute resolution ("ADR") Agreement.

(1) All disputes, claims, or controversies of any kind and nature (except those involving injunctive relief and/or of those stemming from alleged inaccuracies in the Borrower/ Seller Affidavit), arising out of or relation to the relationship among the parties and District Title, including the validity and enforceability of this agreement, will be resolved through mandatory, binding arbitration. All parties are waiving their respective rights to have disputes resolved in court, including their rights to a trial by jury. The arbitration shall be resolved through the American Arbitration Association ("AAA") or the National Arbitration Forum ("NAF") according to the rules in effect at the time any request for arbitration is filed. District Title will provide information about these arbitration administrators upon request.

(2) The arbitration among the parties shall be conducted by an arbitrator selected mutually by the parties. In all cases, the arbitrator(s) must be a lawyer with more than 10 years of experience or a retired judge. Notwithstanding the foregoing Agreement to Arbitrate, any party may bring any claim against any other party in small claims court (but only small claims court for that jurisdictional amount) in that party's jurisdiction. All other claims or appeals must be arbitrated.

(3) The arbitrator's decision will be final, binding, and enforceable in any court of competent jurisdiction. Fees for the arbitration proceeding are governed by the rules and procedures of the selected arbitration administrator. However, District Title agrees to be bound by any determination made by the arbitrator concerning fees for the arbitration. Each party shall bear the expense of that party's attorneys, experts, and witnesses, regardless of which party prevails in the arbitration.

(4) No party will serve as a class representative or participate as a class member in any dispute resolution or arbitration proceeding. Only a party's claim will be addressed in the arbitration proceeding, and no claims may be aggregated or additional parties added to the arbitration proceeding without the consent of all of the parties that are participating in arbitration. The place of arbitration (venue) will be determined according to the rules of the arbitration administrator, but in no event will arbitration be held in a county (or in the District of Columbia) in which District Title does not have a staffed office location.

(G) If any portion of this Addendum to the Settlement Statement is void, voidable or unenforceable, of if the inclusion of some provision in this Addendum would render the Addendum unenforceable, the parties agree that the void, voidable, or unenforceable provision will be severed from the remainder of the Addendum, leaving the remainder of the Addendum enforceable.

APPROVAL AND RECEIPT OF A COPY OF THIS ADDENDUM IS HEREBY ACKNOWLEDGED BY SIGNING BELOW.

PURCHASER(S)/BORROWER(S)                                    --SELLER(S)

_____
5412 1st St Holdings LLC, a District of Columbia Limited Liability Company

DISTRICT TITLE

_____
Authorized Signatory for District Title and not individually

** The term District Title refers to the company District Title, A Corporation for transactions involving property in all states other than Virginia and for the company District Title & Escrow, LLC for transactions involving property in the Commonwealth of Virginia.