# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **In the Matter of:** : | |
| : | |
| **Charles Paxton Paret** : | Case No. 23-00217-ELG |
| : | Chapter 7 |
| Debtor. : | |
| : | |

### FIRST AND FINAL FEE APPLICATION OF MARTIN LAW GROUP, P.C. FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS COUNSEL FOR THE DEBTOR FOR THE PERIOD FROM OCTOBER 17, 2023 THROUGH MARCH 14, 2024

Pursuant to sections 330 and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2016-1 of the Local Rules of the United States Bankruptcy Court for the Eastern District of Virginia (the "Local Rules"), Martin Law Group, P.C. ("MLG"), counsel to Charles Paxton Paret (the "Debtor"), hereby files its first and final application for allowance of reasonable compensation for legal services rendered in the amount of $31,287.50 and reimbursement of actual and necessary expenses incurred on behalf of the Debtor in the amount of $252.10 (the "Application") for the period of October 17, 2023 through March 14, 2024 (the "Compensation Period"). In support, MLG respectfully states as follows:

## BACKGROUND

**A.     The Bankruptcy Case**

Jeffery T. Martin, Jr., Bar No. VA71860
Martin Law Group, P.C.
8065 Leesburg Pike, Suite 750
Vienna, VA 22182
(703) 834-5550
jeff@martinlawgroup.com
Counsel to the Debtor

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. On August 4, 2023 (the "Petition Date"), 1Sharpe Opportunity Intermediate Trust, WCP Fund I LLC, and DP Capital LLC (collectively referred to as "Petitioners"), filed a Chapter 7 Involuntary Petition in this Court against Charles Paxton Paret ("Debtor").

3. On October 3, 2023, the Debtor filed a motion to convert the case from Chapter 7 to Chapter 11 which was granted on November 22, 2023.

4. On March 4, 2024, WCP Fund I LLC filed a motion to convert from Chapter 11 to Chapter 7 which was granted on March 14, 2024.

**B.    The Debtor's Operations**

5. The Debtor is an individual residing in the Commonwealth of Virginia. The Debtor was at all times referenced herein, a real estate developer involved in the purchase and renovation of multiple properties in Washington D.C.

**C.    Retention of MLG as Attorneys for the Debtor**

6. On January 10, 2024, the Debtor filed its Application for an Order Pursuant to 11 U.S.C. §§ 327(a), 328 and 329 and Bankruptcy Rules 2014 and 2016 for Authority to Employ and Retain MLG as Attorneys for the Debtor (the "Retention Application") [ECF 64] which had attached as an exhibit the declaration of Jeffery T. Martin, Jr. in support of the Retention Application.

7. By order entered on February 29, 2024 [ECF 79], the Court approved the Retention Application and authorized the Debtor to retain MLG, to serve as its counsel in this Chapter 11 Case.

**RELIEF REQUESTED**

8. By this Application, pursuant to sections 330(a) and 331 of the Bankruptcy Code, Bankruptcy Rule 2016 and Local Rule 2016-1, MLG seeks interim allowance of compensation and reimbursement of expenses incurred during the Compensation Period as set forth on the Invoice attached hereto as **Exhibit A**.

   a. Compensation on a final basis in the amount of $31,287.50 for fees incurred in connection with services rendered on behalf of the Debtor during this period.

9. All services rendered by MLG for which compensation is sought pursuant to this Application were rendered at the direction of the Debtor and solely to or on behalf of the Debtor. Other than as set forth herein, no payments were received by MLG from any other source for services rendered or to be rendered in connection with this Chapter 11 Case. A retainer of $6,142.50 was paid by the Debtor's principal and is currently being held in escrow pending further order of the Court.

10. The Debtor has agreed to compensate MLG for professional services rendered in connection with this case, subject to approval of the Court and in compliance with applicable provisions of the Bankruptcy Code, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges. For 2023 and 2024, the hourly rate for MLG partners and senior counsel was $475-550, for associates, $300-310, and for paralegals, $150-180.

11. The services rendered by MLG to the Debtor during the Application Period were performed primarily by Jeffery Martin, a 2005 law school graduate and partner in the firm who practices primarily in bankruptcy, and counsel John E. Reid, a 2000 law school graduate, who also concentrates his practice in bankruptcy and civil litigation.

12. The Debtor agreed to retain MLG with the understanding that the firm would apply to the Court to be paid for the services it rendered at its normal hourly rates. The rates charged by

3

MLG to the Debtor are consistent with the rates charged to its other clients in this area and the rates of other comparable law firms in the Washington, D.C. metropolitan area.

## AMOUNT IN CONTROVERSY AND RESULTS OBTAINED

13. The Debtor's case during the period in question involved general case administration for a Chapter 11 debtor, including preparation of required schedules and statements, and attendance of 341 meetings. As set forth above, detailed time entries for legal services are set forth on the attached Exhibit A.

## LEGAL STANDARD

14. This Court must review the reasonableness of the fees of MLG based upon whether (a) the services were reasonable at the time provided and (b) the services provided benefited or could have benefited the unsecured creditors (or the Debtor or the Estate). Based upon the proper standard and the record of this proceeding, the fees requested by MLG are reasonable.

15. Actions taken by MLG in this case were at the direction or on behalf of the Debtor and the estate. At the time each action was taken, MLG and the Debtor believed such action benefited or could benefit the estate.

16. Section 330(a)(3) of the Bankruptcy Code enumerates factors to consider in reviewing the propriety of requests for compensation of professionals employed by the estate. 11 U.S.C. § 330(a)(3). The factors are: (a) the time spent; (b) the rates charged; (c) whether the services were necessary to the administration of, or beneficial toward the completion of, the case; (d) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance and nature of the issue or task presented; and (e) whether compensation is reasonable based on customary fees charged by comparably skilled practitioners in cases other

than bankruptcy cases. MLG asserts that this application satisfies the Bankruptcy Code and this Court's requirements.

17. Under the "lodestar" approach, the Court should consider the number of hours of service reasonably devoted to the case multiplied by the attorney's reasonable rates. Courts frequently consider the specific "lodestar" factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). These lodestar tests were adopted by the Fourth Circuit in *Barber v. Kimbrells, Inc.*, 577 F.2d 216, 226 (4th Cir. 1978), *cert. denied*, 439 U.S. 934 (1978), and in *Anderson v. Morris*, 658 F.2d 246, 259 (4th Cir. 1981), where the Fourth Circuit held that the District Court should employ the lodestar approach and then adjust the fee on the basis of the remaining *Johnson* factors in the case. The following are the *Johnson* factors:

    a) the time and labor required;

    b) the novelty and difficulty of the questions;

    c) the skill requisite to perform the legal service properly;

    d) the preclusion of other employment by the attorney due to acceptance of the case;

    e) the customary fee;

    f) whether the fee is fixed or contingent;

    g) time limitations imposed by the client or the circumstances;

    h) the amount involved and the results obtained;

    i) the experience, reputation and ability of the attorneys;

    j) the "undesirability" of the case;

    k) the nature and length of the professional relationship with the client and awards in similar cases.

In addition, the Court may appropriately use MLG's customary rates as the basis for the determination of the lodestar amount. *Anderson v. Morris*, 658 F.2d 246, 259 (4th Cir. 1981).

**WHEREFORE,** the Debtor respectfully requests that this Court enter an Order approving payment by Debtor of MLG's legal fees in the amount of $31,287.50 and expenses of $252.10 pursuant to 11 U.S.C. § 327 and Bankruptcy Rule 2014, and for such other and further relief as is appropriate.

Respectfully submitted,

**Charles Paxton Paret**
**By counsel**

/s/ Jeffery T. Martin, Jr.
Jeffery T. Martin, Jr., VSB No. 71860
Martin Law Group, P.C.
8065 Leesburg Pike, Suite 750
Vienna, VA 22182
(703) 834-5550
Counsel for the Debtor

CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this 26th day of July 2024, that a copy of the foregoing was served via the Court's CM/ECF System on the United States Trustee and all parties requesting notice.

/s/ Jeffery T. Martin, Jr.
Jeffery T. Martin, Jr.