IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | ) | Case No. 23-217-ELG |
| Charles Paxton Paret | ) | |
| Debtor | ) | (Chapter 7) |

**TRUSTEE'S REPLY TO OBJECTION TO APPLICATION TO AUTHORIZE
RETENTION OF SPECIAL COUNSEL PURSUANT TO U.S.C. § 327(e)**

Comes Now Donald M. Temple on behalf of Trustee Wendell Webster and respectfully Replies to WCP Fund 1 LL.C.'s Objection to Application to Authorize Retention of Special Counsel pursuant to USC § 327(e). As stated below the factual predicate for the Creditor's Objection is incorrect and legal arguments pertinent to both Attorney Temple and the Debtor are without merit. Attorney Temple has not received compensation subsequent to the immediate bankruptcy filing for either the Adversary Case moved to this court form the District of Columbia Superior Court or any legal work performed on the Debtor or Trustee's behalf in the immediate bankruptcy matter.

### I. INTRODUCTION

WCP Fund 1 LL.C.'s Objection is based on the Debtor's mistaken representation regarding payment of $5,000.00 or more in legal fees to the undersigned. Rather, the fees to which Mr. Paret referred were apparently paid to the Martin Law Group, P.C., Mr. Paret's bankruptcy law firm, not to Temple Law. Mr. Temple's prospective payment of fees was discussed with Attorney Martin during a February-March 2024 discussion and the law firm's preparation of an Application for Employment of Mr. Temple. (See Exhibit 1).

Based upon Mr. Paret's testimony, the Objection proffers that "Mr. Temple has failed, for more than ten months now, to file a disclosure of the compensation he has received in both the

1

bankruptcy proceeding and the Adversary Proceeding" thereby justifying a disgorgement claim and an actual conflict of interest. Neither argument has merit.

## II. ARGUMENT

*A. There is no factual or legal basis for a disgorgement claim against Attorney Temple.*

Contrary to WCP Fund 1 LL.C.'s Objection, since the August 31, 2023 bankruptcy filing, Mr. Paret has not compensated Mr. Temple. Rather, Mr. Temple has engaged in consistent communication with the Trustees and other counsel regarding prospective compensation for bankruptcy related legal fees for litigation of the adversarial action subject, however, to this court's approval. What was then proposed was an initial mixed fee retainer: $25,000.00 coupled with a 35% contingency fee. Mr. Paret's bankruptcy lawyers memorialized this discussion and proposal as Mr. Temple simultaneously debriefed and consulted with them regarding the Debtor's partnership claim.

Subsequent to the court's conversion of the bankruptcy estate to Chapter 7, communications regarding Mr. Temple's fee-based compensation were continued with several larger law firms with joint representation in mind. Absent compensation, the undersigned briefed other law firms, as well as the Trustee and his counsel, regarding the factual underpinnings, nature, and complexity of the debtor's partnership claim. After extensive discussions with the Trustee's counsel, the undersigned was recently advised that like Blank Rome that it would have to be retained exclusively on an hourly basis – subject to the court's approval of its application.

During the pendency of the present Special Counsel application, the undersigned, along with other prospective Counsel, invested considerable time researching and finalizing the most recent amended complaint on the Trustee's behalf. Not having been paid for any of Mr. Paret's

2

bankruptcy related litigation, Mr. Temple has not violated §329 of the Bankruptcy Code, Rule 2016, and/or Rule 2016-1, and there is no basis for a disgorgement claim against him.

    B.  *There is no legal basis to demonstrate perjury against Charles Paret.*

Contrary to the Objection, there is no evidence here, nor will this Counsel allege that Mr. Paret committed perjury. Mistaken testimony, as here, does not mandate a finding of perjury. Perjury is false testimony concerning a material matter with the willful intent to provide false testimony. See *United States v. Singer, 963 F.3d 1144, 1164* (11th Cir. 2020). Mr. Paret's testimony obviously confused his payment to his Bankruptcy attorney with a non-existing payment of the same amount to Mr. Temple. See *Singer, 963 F.3d at 1164.* Indeed, "even if the testimony is inconsistent, an inconsistency . . . does not by itself support an inference [of perjury.]" *United States v. Harrison, 103 F.3d 986, 989* (D.C. Cir. 1997). Rather, it is a "long-standing practice" to defer determinations of "minor inconsistencies and credibility challenges" to "the trier of fact." *Angstadt v. Fed. Aviation Admin., 348 Fed. App'x 589, 590* (D.C. Cir. 2009).

Accordingly, the proper remedy is not to summarily adjudicate Mr. Paret's credibility and alleged perjury on the immediate issue, versus more proper adjudication on more substantive material issues in trial. *Pietrangelo v. Refresh Club, Inc., 18-cv-1943-DLF-ZMF, at 1* (D.D.C. Dec. 13, 2022). Lastly, the Debtor is by no means the Trustee's primary witness. Our Circuit court jurisprudence clearly instructs that emails, such as in this case, which has much greater evidence, can demonstrate a partnership. *Queen v. Schultz 747 F. 3d 879 (D.C. Cir. 2014). Here*, the Trustee will rely on emails and other writings carefully authored by Daniel Huertas, as well his actions coupled with critical documentary evidence related directly to the Partnership's financial and management operation. Lastly, for the above-stated reasons there is no conflict endemic of larger issues in this bankruptcy case.

### III. CONCLUSION

WHEREFORE, having demonstrated the Objection's want of merit, the objection should be rejected. There is no basis to deny the Trustee's Application to retain Attorney Temple as its Special Counsel for purpose of the Adversary action.

Respectfully submitted,

*/s/ Donald M. Temple*
Donald M. Temple
2522-B Virginia Avenue NW
Washington, D.C. 20037
202-628-1101 Telephone
202-628-1149 Facsimile
dtemplelaw@gmail.com

For Trustee Wendell Webster