IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| IN RE: | ) | Case No. 23-217-ELG |
| | ) | |
| Charles Paxton Paret | ) | (Chapter 7) |
| | ) | |
| Debtor. | ) | |
| | ) | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MOTION FOR APPROVAL OF
## SETTLEMENT AGREEMENT PURSUANT TO FED. R. BANKR. P. 9019

COMES NOW Wendell W. Webster, Chapter 7 Trustee (the "Trustee") of the bankruptcy estate of Charles Paxton Paret ("Debtor"), by and through counsel, McNamee Hosea, P.A., files this *Motion for Approval of Settlement Agreement Pursuant to Fed. R. Bankr. P. 9019* (the "Motion"), seeking approval of a settlement agreement with the Daniel Huertas ("Mr. Huertas"), WCP Fund I LLC ("WCP"); and DP Capital LLC d/b/a Washington Capital Partners ("DPCL") (Mr. Huertas, WCP and DPCL being the "Obligors," and the Obligors and the Trustee being the "Parties"), and respectfully represents as follows:

### Jurisdiction

1.  This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue lies properly in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157.

2.  The statutory predicate for the relief requested herein is Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

---

Justin P. Fasano, Esq. (DC Bar: MD 21201)
McNamee Hosea, P.A.
6404 Ivy Lane, Suite 820
Greenbelt, MD 20770
(301) 441-2420
jfasano@mhlawyers.com
Counsel to the Trustee

## Background

3. On August 4, 2023 (the "Petition Date"), an involuntary petition for relief was filed against the Debtor under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Columbia.

4. The Debtor's case was subsequently converted to one under chapter 11 before being re-converted back to one under chapter 7.

5. The Trustee has been appointed as the chapter 7 trustee for the Debtor's estate by the Office of the United States Trustee.

6. At the time the bankruptcy case was filed, the Debtor was the plaintiff in a lawsuit against Mr. Huertas, with the lawsuit being removed to this court following initiation of the bankruptcy proceedings.

7. The complaint in the lawsuit has since been amended to include claims against not just Mr. Huertas but, also, WCP and DPCL, with all claims being premised upon the existence of a partnership between the Debtor and Mr. Huertas as well as contentions that WCP and DPCL participated in the partnership's affairs.

8. Based on a review of various documents, and following lengthy negotiations with WCP, DPCL and Mr. Huertas, through counsel, the Trustee believes there may exist various factual and legal defenses to the claims in the lawsuit; the Trustee also believes that even if the lawsuit is successful, any recovery may be limited on account of the underperformance of the various assets alleged to be a part of the partnership.

## The Settlement Agreement

9. The Parties wish to compromise and resolve certain claims without any admission of liability by any of the parties. The terms of the settlement are memorialized in a Settlement Agreement. The Settlement Agreement is attached hereto as Exhibit A.

10. The primary terms of the Settlement Agreement are summarized as follows:

   a. The Obligors shall pay a total of $65,000.00 (the "Payment") to the Trustee over a period of months;

   b. The Obligors will recognize the Debtor's estate as having a limited partnership interest in loans being serviced by WCP on which two specific borrowers are obligated;

   c. The proceeds of those specific loans will be used to pay an additional $10,000.00 to the Debtor's estate, with the potential for additional funds depending on the ultimate performance of those two borrowers' loans; and

   d. The Trustee, on behalf of the Debtor and the Debtor's various companies, as well as on behalf of the estate, will release any claims that have been brought—or could have been brought—against the Obligors.

11. The Settlement Agreement is the product of arms-length negotiations and resolves, on amicable terms, a dispute that would undoubtedly be both costly and time-consuming.

## Relief Requested

12. By this Motion, the Trustee seeks the entry of an Order approving the Settlement Agreement, authorizing the Trustee to enter into the Settlement Agreement, and authorizing the

Trustee to take other necessary actions to effectuate the Settlement Agreement as provided for herein.

### **Applicable Standard**

13. This Court may authorize parties to settle disputes in accordance with Bankruptcy Rule 9019, which provides in pertinent part that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). As a general rule, the law favors settlement agreements between parties. *See In re Frye*, 216 B.R. 166, 172 (Bankr. E.D. Va. 1997) (*citing Richardson v. Richardson*, 10 Va. App. 391, 399 (1990)); *Marandas v. Bishop (In re Sassalos)*, 160 B.R. 646, 653 (D. Or. 1993) (finding that compromises are generally favored in bankruptcy). In order to approve a settlement, the court must look at various factors to determine whether the settlement is in the best interest of the estate and whether it is fair and equitable. *See In re Frye*, 216 B.R. at 174; *accord In re Austin*, 186 B.R. 397, 400 (Bankr. E.D. Va. 1995); *see also St. Paul Fire & Marine Ins. Co. v. Vaughn (In re Vaughn)*, 779 F.2d 1003, 1010 (4th Cir. 1985) (approving settlement where it was "in the best interests of the estate as a whole").

14. A court should approve a settlement unless the settlement falls "below the lowest point in the range of reasonableness." *Austin*, 186 B.R. at 400 (citations omitted). A settlement may be approved even if the court finds it likely that the trustee or debtor would ultimately succeed in the litigation. *Id.* In determining whether a proposed settlement is in the best interest of the estate, the Bankruptcy Court is not to substitute its judgment for that of the movant, nor is it the Court's responsibility to decide the numerous questions of law and fact, but "rather to canvass the issues and see whether the settlement 'falls below the lowest point in the range of reasonableness . . . .'" *Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir.

4

1983)(citation omitted); *see also In re Tennol Energy Co.*, 127 B.R. 820 (Bankr. E.D. Tenn. 1991).

15. The Settlement Agreement is in the best interests of the estate and its creditors and should be approved pursuant to Bankruptcy Rule 9019. It provides for the recovery of $65,000.00 to the estate, with an additional $10,000.00 to follow and with the potential for even further monies over and above that. The Obligors have made arguments that suggest they might otherwise prevail on the Trustee's claims. The Trustee's case would be premised on the cooperation and credibility of the Debtor, which is not guaranteed. The settlement will be accomplished in a short period of time without the risks of litigation. The Settlement Agreement is in the best interest of the estate and its creditors and should be approved.

## Basis for Relief

16. The Settlement Agreement here represents a fair, reasonable and responsible compromise and settlement of disputed issues and claims among the Parties.

17. The foregoing factors weigh heavily in favor of approving the Settlement Agreement. The Trustee has extensively reviewed the litigation, relevant records, and applicable law. The Trustee, upon his review of the case and the documents provided, believes that the Settlement Agreement provides for most or all of what he may recover if he were to fully prosecute this litigation. Under these circumstances, the Settlement has been negotiated in good faith and is fair and equitable.

18. When the costs, and uncertainties of litigation are balanced against the probability of success, the Trustee submits that entering into the Settlement Agreement at this time is most efficacious and in the best interest of the estate, creditors and all parties in interest, and therefore should be approved.

WHEREFORE, the Trustee respectfully requests that the Court enter an order approving the Settlement Agreement and granting such other and further relief as the Court deems just and proper.

Dated:  March 28, 2025

Respectfully submitted

/s/ Justin P. Fasano
Justin P. Fasano (DC Bar MD21201)
Janet M. Nesse (D.C. Bar 358514)
McNamee Hosea
6404 Ivy Lane, Suite 820
Greenbelt, MD 20770
(301) 441-2420
jfasano@mhlawyers.com
jnesse@mhlawyers.com
*Counsel to the Trustee*

## CERTIFICATE OF SERVICE

I hereby certify that on March 28, 2025, I served a copy of the foregoing was served via first class mail, postage prepaid, upon all parties on the attached mailing matrix.

/s/ Justin P. Fasano
Justin P. Fasano

6