## SETTLEMENT AGREEMENT

This Settlement Agreement ("Settlement Agreement") is entered into by and between Wendell Webster, in his capacity as trustee of the chapter 7 bankruptcy estate of Charles Paxton Paret (the "Trustee," with the underlying estate being known as the "Estate" and the debtor being known as "Mr. Paret" or the "Debtor"); Daniel Huertas ("Mr. Huertas"), WCP Fund I LLC ("WCP"); and DP Capital LLC d/b/a Washington Capital Partners ("DPCL") (Mr. Huertas, WCP and DPCL being collectively known as the "Defendants" and each a "Defendant") (the Trustee and the Defendants being collectively known as the "Parties" and each a "Party").

## RECITALS

WHEREAS, the Trustee is presently the plaintiff in the matter of *Webster v. Huertas, et al.*, being case number 23-10025-ELG in the United States Bankruptcy Court for the District of Columbia (the "Litigation," with the court being known as the "Bankruptcy Court"); and

WHEREAS, through the Litigation, the Trustee asserts, *inter alia*, the existence of a partnership between Mr. Paret and Mr. Huertas, further alleging that said partnership may be inclusive of certain assets held by one or more of the other Defendants; and

WHEREAS, the Defendants deny any or all of them ever entered into a partnership agreement—or otherwise became partners, under any theory of law—with Mr. Paret; and

WHEREAS, the Parties, wishing to avoid the expense, uncertainty, and general duress of litigation, and wishing to formally and finally resolve any and all disputes between and amongst the Estate and the Defendants, elect to now enter into this Settlement Agreement;

NOW, THEREFORE, in consideration of the mutual covenants contained herein, IT IS AGREED as follows:

### <u>AGREEMENT</u>

1.     **<u>Initial Payment</u>**. Within five (5) business days of this Settlement Agreement being approved by the Bankruptcy Court, WCP shall cause to be paid to the Trustee the sum of Fifteen Thousand Dollars and No Cents ($15,000.00) in the lawful currency of the United States, via personal check or wire transfer.

2.     **<u>Subsequent Payments.</u>** Commencing on the one (1) month anniversary of the payment called for in Section 1 hereof (or, should said payment occur on the 29th, 30th, or 31st day of a month, then on the 28th day of the subject month), and continuing thereafter each month, on the same date of each month, for a period of five (5) months, WCP shall cause to be paid to the Trustee the sum of Ten Thousand Dollars and No Cents ($10,000.00) in the lawful currency of the United States, via personal check or wire transfer, such that the cumulative amount to be paid to the Trustee, pursuant to Sections 1 and 2 hereof, shall be Sixty Five Thousand Dollars and No Cents ($65,000.00).

3.     **<u>Limited Recognition of Partnership.</u>** The Estate shall be recognized as a partner in connection with loans serviced by WCP, as of the Effective Date, on which the following two borrowers are obligated: (i) Developer RE1 LLC; and (ii) 423 Kennedy St Holdings LLC.

    a.     **<u>Loans.</u>** The Estate's partnership rights in the debt of these two borrowers shall be limited to those loans secured by liens on the real property commonly known as 5501-5505 1st Street, NW, Washington, DC 20011 and 423 Kennedy Street, NW, Washington, DC 20011. Four such loans exist as of the execution of this Settlement Agreement, including two being held by JPK NewCo LLC.

    b.     **<u>Defined Monetary Interest.</u>** On account of the limited recognition of a partnership set forth herein, the Estate shall become entitled to receive the first Ten Thousand Dollars and No Cents ($10,000.00) of proceeds—however derived, at any time after the Effective

Date—of any combination of the loans set forth in Section 3(a) hereof. This entitlement shall be for the sum of Ten Thousand Dollars and No Cents ($10,000.00) in the aggregate, and not on a per-loan or per-property basis. This entitlement shall include any monies that may be received on account of these loans, whether in the way of payments on principal, payments on interest, payments of late fees, or otherwise.

   c. **Additional Monetary Interest**. In addition to, and not in lieu of, the monetary interest set forth in Section 3(b) hereof, the Estate shall be further entitled to receive fifty percent (50%) of the "net proceeds" of each loan identified in Section 3(a) hereof. For purposes of this Settlement Agreement, "net proceeds" shall be defined to mean monies received by the noteholders, from—or for the benefit of—the borrowers, *after* the noteholders first receive (i) the repayment of all principal; (ii) the payment of all non-default interest accrued through January 1, 2025; (iii) the payment of all default interest accrued through January 1, 2025; and (iv) the payment of all fees incurred through January 1, 2025. Pragmatically, this definition shall result in the Estate becoming entitled to receive one half of any non-default and/or default interest, on each of the four loans, that accrues *after* January 1, 2025, with the Parties agreeing that all obligations incurred prior to January 1, 2025 shall be first paid to the noteholders. For purposes of this Section 3(c), monies paid "for the benefit of" the borrowers shall include proceeds of any foreclosure auction(s) and/or any sale by a bankruptcy estate, receivership estate, assignee for the benefit of creditors, or other third party fiduciary. The Trustee acknowledges that the computation of the entitlement set forth in this Section 3(c) is such that the Estate may receive some monies, a great deal of monies, or no monies at all, depending on the manner in which the underlying loans are ultimately repaid and, should such repayment come through foreclosure or other sale, the sums fetched by the encumbered properties.

d.    **<u>Accounting</u>**. Upon payment—in part or full—of the loans described in Section 3(a) hereof, the Estate shall become entitled to an accounting, from WCP, of all loan proceeds, for purposes of computing the obligation set forth in Section 3(c) hereof.

e.    **<u>Limitation</u>**. Notwithstanding any other provision of this Settlement Agreement, the Estate's partnership rights shall be limited to those set forth in this Section 3 and shall not include any other rights, arising by agreement or law or equity, in connection with any assets held—or previously held—by the Defendants or any agents, assignees, customers, vendors, officers, directors, attorneys, trustees, partners, trustees, affiliates, or attorneys of the Defendants.

4.    **<u>Advance of Funds.</u>** The provisions of Section 3(b) hereof notwithstanding, should the Estate not be paid the Ten Thousand Dollars and No Cents ($10,000.00) called for thereunder, on or before August 1, 2025, WCP shall advance such monies to the Estate on August 1, 2025. In the event such an advance is made, the right to collect the subject monies shall remain an asset of the Estate but the Trustee, upon the receipt of the monies called for in Section 3(b) hereof, shall be bound to promptly remit the same to WCP.

5.    **<u>Release of the Defendants</u>**. The Trustee, on behalf of the Estate and all entities in which the Estate holds an interest (including, but not limited to, all companies in which Mr. Paret holds any interest and/or over which Mr. Paret has—or had, at the time of his being adjudicated a debtor in bankruptcy—any control), does hereby settle, release, waive, remise and discharge each of the Defendants, together with each of the Defendants' successors, heirs, assigns, partners, servicers, members, officers, directors, trustees, fiduciaries, subsidiaries, parents, and agents, from all causes of action, claims, rights, or demands, whatsoever, whether sounding in law or equity, whether known or unknown, whether direct or derivative, from the beginning of time through the Effective Date that were asserted or could have been asserted in the Complaint. The release set

forth in this Section 5 shall be construed to be as broad as may be permitted under governing law, and is fully inclusive of any claims stemming from the existence of partnerships or partnership agreements, whether formal or informal, and whether arising by contract or under statutory or common law, except this release does *not* include a release of any obligations arising under this Settlement Agreement.

6.      **Dismissal of Litigation.** Within three (3) business days of the Bankruptcy Court entering an order approving this Settlement Agreement, the Parties shall file a joint stipulation of dismissal, with prejudice, in the Adversary Proceeding.  In the event this Settlement Agreement is not approved, the Parties will agree that all litigation deadlines will be extended for 150 days.

7.      **Further Assurances.** The Parties shall execute such further and additional documents as may be necessary to effectuate the terms of this Settlement Agreement and shall cooperate, in good faith, so as to effectuate the terms of this Settlement Agreement.

8.      **Judicial Approval.** This Agreement will be signed within three (3) business days of approval of this Settlement Agreement pursuant to Federal Rule of Bankruptcy Procedure 9019.

9.      **No Admission of Liability.** The Defendants does not enter into this Settlement Agreement for purposes of admitting any liability and, to the contrary, this Settlement Agreement is entered into solely out of a desire to avoid future litigation.

10.      **Terminology.** When the masculine gender is used herein, it shall also mean the feminine gender, where appropriate, and the plural shall mean the singular, and vice-versa, where appropriate. The words "and" and "or" shall be construed as meaning "and/or" except where contextually inappropriate.

11.      **Entire Understanding.** This Settlement Agreement contains the entire understanding between the Parties.  No modification or waiver of any of the terms of this

Settlement Agreement shall be valid unless made in writing and signed by the Parties in a manner no less formal than that with which this Settlement Agreement is executed.

12. **Savings Clause.** If any provision of this Settlement Agreement is held to be invalid or unenforceable, all other provisions shall nevertheless continue in full force and effect.

13. **No Waiver**. Any waiver or breach or default of this Settlement Agreement shall not be deemed a waiver of any subsequent breach or default. If any Party fails in due performance of any of his or her obligations hereunder, the aggrieved Party shall have the right to sue for damages for the breach thereof, or to seek other legal remedies as may be available to him or her, and the defaulting Party shall pay the reasonable legal fees and expenses incurred by the aggrieved Party as a result of the breach.

14. **Counterparts.** This Settlement Agreement may be executed in counterparts, each of which shall be deemed to be an original instrument but all of which together shall constitute one agreement. Signature pages transmitted via facsimile or by email in Portable Document Format (PDF) shall be deemed original signatures for all purposes. This Settlement Agreement may be executed in duplicate and the duplicate shall have the same force and effect as if it were the original copy. This Settlement Agreement may be executed by electronic means if done through a reputable third party purveyor of electronic signatures, with DocuSign and Adobe expressly being such reputable third party purveyors.

15. **Governing Law.** This Settlement Agreement shall be governed by and interpreted in accordance with the laws of the United States of America and the District of Columbia.

16. **Headings.** The headings used in this Settlement Agreement are for ease of reference only and shall not be deemed a substantive portion of this Settlement Agreement.

17.    **Construction.** This Settlement Agreement shall be construed without regard to any presumption or other rule of law requiring construction against the party who caused it to be drafted.

18.    **Recitals.** The above recitals form an integral and substantive part of this Settlement Agreement and are incorporated herein by reference.

*IN WITNESS WHEREOF*, the undersigned have executed this Settlement Agreement on the dates indicated.