Jonathan E. Levine
D.C. Bar No. 475891
11350 Random Hills Rd., Suite 700
Fairfax, Virginia 22030
Telephone: (703) 352-1300
Facsimile: (703) 352-1301
jlevine@mbhylaw.com
*Counsel for Movant*

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In Re:

Charles Paxton Paret,                                     Case No. 23-00217-ELG
Debtor                                                            (Chapter 7)

---

United Bank,

Movant

v.

Charles Paxton Paret,

Respondent

---

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Secured Creditor, United Bank, by Counsel, files this Consent Motion for Relief from the Automatic Stay pursuant to 11 U.S.C. §362, and in support of its Motion states as follows:

1. On August 4, 2023, an involuntary petition for relief was filed against Charles Paxton Paret (the "Debtor") under Chapter 7 of the United States Code (the "Bankruptcy Code"). Wendell W. Webster was appointed as Chapter 7 Trustee.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core matter pursuant to 28 U.S.C. § 157(b)(2)(G).

3. On or about June 22, 2022, the Debtor executed a Retail Installment Sale Contract (the "Contract") for the purchase of a 2021 Land Rover Defender, VIN SALEX7RUXM2037270

(the "Vehicle").  A copy of the Contract is attached hereto as Exhibit 1.

4. United Bank's security interest in the Vehicle is perfected as it possesses and is the lienholder of record on the Vehicle's title. A copy of the title is attached hereto as Exhibit 2.

5. The amount due and owing under the Contract at the time of the filing of Debtor's Petition is $90,886.83, inclusive of interest and bank charges.

6. There is no equity in the Vehicle and it is not necessary for a reorganization.

7. Upon information and belief, Debtor is in possession of the Vehicle, and United Bank seeks to recover the Vehicle in order to enforce its rights under the Contract, including repossessing and selling the Vehicle at public auction.

8. In the event that a sale results in a surplus after United Bank's loan is paid in full, the surplus would be paid to the Debtor to the extent the Debtor has an interest in such proceeds.

9. In the event that the sale of the Vehicle is not sufficient to pay United Bank's claim, the resulting deficiency would be an unsecured claim by United Bank.

WHEREFORE, United Bank respectfully requests that its Motion be granted, that the automatic stay be modified to allow United Bank to repossess and sell the Vehicle, and such other relief as this Court deems necessary and proper.

Date submitted: June 16, 2025                                   United Bank
                                                                By Counsel

 /s/ Jonathan E. Levine
Jonathan E. Levine, Esquire
Mahdavi, Bacon, Halfhill & Young, PLLC
D.C. Bar No. 475891
11350 Random Hills Rd., Suite 700
Fairfax, Virginia 22030
Telephone:  (703) 352-1300
Facsimile:  (703) 352-1301
jlevine@mbhylaw.com
*Counsel for United Bank*

2

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 16, 2025, a true copy of the foregoing Motion was electronically served on all parties and counsel of record in this matter using the Court's CM/ECF service and sent by first-class mail, postage pre-paid, to:

| | |
|---|---|
| Jeffery T. Martin<br>John E. Reid<br>Martin Law Group, P.C.<br>8065 Leesburg Pike, Suite 750<br>Vienna, VA 22182 | Wendell W. Webster, Chapter 7 Trustee<br>1101 Connecticut Avenue, NW, Suite 402<br>Washington, DC 20036 |
| Donald Melvin Temple<br>Donald M. Temple<br>1310 L Street, N.W., Suite 750<br>Washington, DC 20005 | Justin P. Fasano, Esquire<br>McNamee Hosea, P.A.<br>6404 Ivy Lane, Ste 820<br>Greenbelt, MD 22070<br><br>Charles Paxton Paret<br>343 First Street<br>Berryville, VA 22611 |

                          /s/ Jonathan E. Levine
                          Jonathan E. Levine