IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In Re:<br><br>CHARLES PAXTON PARET,<br><br>      *Debtor*. | Case No.:  23-00217<br>Chapter 7 |

### DEVELOPER RE1 LLC'S AND 423 KENNEDY ST. HOLDINGS, LLC'S OBJECTION TO THE MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT PURSUANT TO FED. R. BANKR. P. 9019

Developer RE1, LLC ("RE1") and 423 Kennedy St Holdings, LLC ("423 Kennedy"), two parties-in-interest in this case, file this Objection to the Motion for Approval of Settlement Agreement Pursuant to Fed. R. Bankr. P. 9019 filed on March 28, 2025 (ECF # 158).  In support of this Objection, RE1 and 423 Kennedy represent to the Court as follows:

**Background and Incorporation of Objection**

1. RE1 and 423 Kennedy have standing to object to the Motion because the Motion seeks to establish a "limited partnership" interest in their loan documents, which, if approved, will adversely affect their pending claims and contested litigation involving most of the settling parties (the WCP Fund I, LLC, DP Capital, Washington Capital Partners, and Daniel Huertas) (the "WCP Parties").

2. Because brevity is the heart of good pleading, and so this Court does not have to review repetitive arguments, RE1 and 423 Kennedy adopt and incorporate by reference the facts and arguments made by the 4910 Georgia Avenue Investors in their Objection.  ECF # 162.

<u>Sections 3 and 4 of the Proposed Settlement Agreement Directly, and Adversely, Affect
RE1 and 423 Kennedy and Were Included by the WCP Parties for Improper Purposes</u>

3. RE1 and 423 Kennedy will expand upon paragraph 15 of the Objection filed by 4910 Georgia Avenue Investors, which noted that:

> Finally, the proposed settlement involves what is clearly a manipulated component – the "limited recognition of a partnership interest" in "connection with loans serviced by WCP, as of the Effective Date, on which the following two borrowers are obligated: (i) Developer RE1 LLC; and (ii) 423 Kennedy St Holdings LLC." ECF #158-1 at 3-4, Sections 3 and 4. Those sections of the Settlement Agreement, if approved, would have a direct, adverse impact on third-parties Developer RE1, LLC ("Developer RE1") and 423 Kennedy St. Holdings, LLC ("423 Kennedy"), *as will be explained in more detail in the separate Objection that will be filed by those entities.*

ECF # 162 at 4, ¶15 (italic emphasis added).

4. As this Court knows from a recent remand decision, the WCP Parties have been repeatedly trying to manufacture a jurisdictional "hook" that the Court could latch on to that would enable them to relitigate and avoid prior decisions of the D.C. Superior Court over purely state law claims. *See generally* Plaintiffs' Motion for Remand and Plaintiffs' Renewed Motion for Remand filed in 24-10023-ELG. ECF ## 13 and 46 (filed in 23-10023-ELG).

5. The WCP Parties' improper conduct includes manufacturing bankruptcy court jurisdiction via an involuntary Chapter 11 petition filed in bad faith against JPK New Co, LLC ("JPK NewCo"), a company the WCP Parties created for improper purposes. *See generally* The United States Trustee's Motion to Dismiss Chapter 11 Case Pursuant to 11 U.S.C. § 1112 [ECF # 37] filed on September 23, 2024 in *In Re JPK NewCo, LLC,* Case No. 24-000262-ELG. ("*JPK NewCo I*").

6. After losing the remand decision in 23-10023-ELG, and in order to continue to try to prevent RE1 and 423 Kennedy from pursuing further discovery from them in the remanded

2

8161\0002\4935-4474-2479.v1

cases in D.C. Superior Court, JPK NewCo filed a new Chapter 11 petition on May 27, 2025. *See In Re JPK NewCo, LLC,* Case No. 25-10015-ELG ("*JPK Newco II*").

7. *JPK NewCo II* suffers from nearly all of the same infirmities of *JPK NewCo I*, except that this time the WCP Parties did not prop up a straw man that they created to initiate the Chapter 11 filing. The WCP Parties' latest, improper abuse of the bankruptcy court process by the filing of *JPK NewCo II* will soon be the subject of another motion to dismiss filed by RE1 and 423 Kennedy.

8. Returning to the Motion, the Trustee has provided no explanation as to why, among the "various assets" that are alleged to be a part of the partnership (twenty-one properties), he chose to propose accepting a "limited partnership" interest in the loan documents involving RE1 and 423 Kennedy.

9. As the Trustee should know, the attempted foreclosure of the properties owned by RE1 and 423 Kennedy by the WCP Parties are the subject of heavily contested litigation in which the owners have asserted multi-million dollar claims for damages against the WCP Parties. *See generally* Third Amended Complaint filed in 24-10023-ELG (ECF # 40). Those claims are still in the discovery phase.

10. As a direct result of the WCP Parties' sabotaging their refinancing efforts, RE1 and 423 have insufficient funds to now pay any amount toward their loans. The ability to repay those loans will depend upon the outcome in the litigation, the completion of construction and/or development of each property, a future refinancing, and/or a subsequent sale of the completed developments. None of these things will happen in the short term.

11. The WCP Parties claim that RE1 and 423 Kennedy owed $2.3 million in "Default Interest" and "Default Penalties" as of December 8, 2022. The WCP Parties will likely

8161\0002\4935-4474-2479.v1

claim additional, six figure amounts are owed to them by RE1 and 423 Kennedy for additional interest and legal expenses as of January 1, 2025.

12. Given the history here, common sense dictates that no prospective investor would want to touch the properties owned by RE1 and 423 Kennedy, or their loan documents, with a ten-foot pole, but here the Trustee is attempting to step right into that briar patch with both feet, and hitch part of his settlement hopes on the results of heavily contested litigation that, at its current pace, may not be decided until sometime in 2027.

13. There has been no showing how the Trustee obtaining a "limited partnership" interest in the loan documents involving RE1 and 423 Kennedy will benefit the estate or its creditors, other than through the $10,000 "Advance of Funds", and that amount appears to be later subject to a form of claw back.

14. The Motion contains no specifics regarding how the estate will benefit by the Additional Monetary Interest provisions in Sections 3(c). Instead, the Motion opines that there is "a potential for additional funds depending on the ultimate performance of those two borrowers' loans." Motion at 9, ¶ 3(c). This assertion, standing alone, does not come close to providing the Court with sufficient information to evaluate the fairness of these proposed settlement terms. This provision is also another example of the WCP Parties crafting provisions in the Settlement Agreement with an ulterior motive.

15. The only persons that really stand to benefit from Section 3 and 4 of the Settlement Agreement are the WCP Parties. The Court should not put its stamp of approval on a Settlement Agreement that has been manipulated, particularly in Sections 3 and 4, primarily to solely benefit the WCP Parties in the other contested cases involving RE1 and 423 Kennedy. The language of those provisions shows that the terms were clearly designed by the WCP Parties

4

to entangle the estate indefinitely in the outcome of the separate litigation involving RE1, 423 Kennedy, and the WCP Parties, with the $10,000 being a "payoff" to the estate to bolster the WCP Parties' "core proceeding" argument.  *See also* Section 3(d) of the proposed Settlement Agreement (requiring a future accounting).

### Joinder with Other Objections

16. RE1 and 423 Kennedy join in the arguments of any other objections that are filed to the extent that those other objections supplement, and are not otherwise inconsistent with, this Objection.

### Conclusion

For these reasons, and for any reasons that may be advanced at the hearing on the Motion, RE1 and 423 Kennedy request that the Motion be denied.

Respectfully submitted,

GREENSTEIN DELORME & LUCHS, P.C.

Dated:  June 18, 2025

/s/ James D. Sadowski
James D. Sadowski (DC Bar #446635)
Alexandria J. Smith (DC Bar #1781067)
801 17th Street, N.W., Suite 1000
Washington, D.C.  20006
Phone: (202) 452-1400; Fax: (202) 452-1410
Emails:  jds@gdllaw.com; ajs@gdllaw.com
*Counsel for Developer RE1 and 423 Kennedy St Holdings, LLC*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of June, 2025, a true copy of the foregoing Developer RE1 LLC's and 423 Kennedy St Holdings, LLC's Objection to the Motion for Approval of Settlement Agreement Pursuant to Fed. R. Bankr. P. 9019 was filed electronically and a Notice of Electronic filing should be sent to all persons receiving notices via the Court's CM/ECF system.

/s/ James D. Sadowski
James D. Sadowski

8161\0002\4935-4474-2479.v1