IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In Re:<br><br>CHARLES PAXTON PARET,<br><br>*Debtor*. | Case No.: 23-00217-ELG<br>Chapter 7 |

### OBJECTION OF JOHN W. GOSNELL TO THE TRUSTEE'S MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT PURSUANT TO FED. R. BANKR. P. 9019

Creditor John W. Gosnell ("Gosnell"), by counsel, submits this Objection to the Motion for Approval of Settlement Agreement Pursuant to Fed. R. Bankr. P. 9019 filed on March 28, 2025. Dkt. 158. In support of this Objection, Gosnell states as follows:

1. Gosnell adopts and incorporates by reference the facts and arguments made by objections filed by the 4910 Georgia Avenue Investors, Dkt. 162, Developer RE1 LLC and 423 Kennedy St Holdings LLC, Dkt. 163, and the Welch Family Limited Partnerships and Kenneth Welch, Dkt. 164, to the extent not inconsistent with the position stated herein.[1] Gosnell joins in those objections because they raise serious and well-founded concerns about the adequacy, fairness, and transparency of the proposed compromise.

2. Gosnell has filed a proof of claim in this case in the amount of $3,185,993.40, supported by extensive documentation including four separate loan agreements and guarantees. As one of the largest unsecured creditors in this case, Gosnell has a substantial interest in ensuring

---

[1] This objection is being filed one day after the June 18, 2025 deadline set forth in the Trustee's Notice. Undersigned counsel was informed prior to the deadline that Debtor's counsel would file a position letter on Gosnell's behalf; however, that filing did not occur. In light of the circumstances and the absence of prejudice, Gosnell respectfully requests that the Court consider this objection as timely filed for good cause shown.

that the Trustee's litigation strategy and settlement decisions maximize the value of the estate and are made in accordance with the standards governing approval of compromises under Fed. R. Bankr. P. 9019.

3. The proposed compromise does not meet those standards. It provides for limited near-term cash consideration and purports to grant the estate vague and speculative rights to future proceeds tied to contested loans involving unrelated third parties. The Trustee has not provided any valuation of the claims being released or any meaningful explanation of why this recovery is in line with the estate's potential claims. The asserted partnership interest appears to serve more to support jurisdictional maneuvering by the settling parties than to create real value for creditors.

4. This is particularly concerning where, as here, the Trustee seeks to release all claims against the WCP parties and Daniel Huertas without any reciprocal release or certainty of recovery. *See* Dkt. 158-1, ¶ 5. A blanket release in exchange for speculative upside and modest cash payments is not fair or equitable. Gosnell urges the Court to deny the Motion and require a more fulsome justification or improved settlement that reflects the actual value of the claims at issue.

For these reasons, the reasons stated in the objections filed by the 4910 Georgia Avenue Investors, Dkt. 162, Developer RE1 LLC and 423 Kennedy St Holdings LLC, Dkt. 163, and the Welch Family Limited Partnerships and Kenneth Welch, Dkt. 164, and for any reasons that may be advanced at the hearing on the Motion, Gosnell request that the Motion be denied.

June 19, 2025                                                              Respectfully submitted,

*/s/ Robert W. Angle*
Robert W. Angle (DC Bar #1614979)
Greenberg Traurig, LLP
1750 Tysons Blvd.
Suite 1000
McLean, VA 22102

Tel: (703) 749-1300
Fax: (703) 749-1301
Email: anglew@gtlaw.com
*Counsel for John W. Gosnell*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of June, 2025, a true copy of the foregoing document was filed electronically and a Notice of Electronic filing should be sent to all persons receiving notices via the Court's CM/ECF system.

*/s/ Robert W. Angle*
Robert W. Angle

3