IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF COLUMBIA

IN RE:
Charles Paxton Paret
Debtor.

CASE No. 23-217-ELG
(Chapter 7)

## OBJECTION TO TRUSTEE'S MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT

I, Charles Paxton Paret, the Debtor in the above-captioned case, acting pro se, hereby submit this Objection to the Trustee's Motion for Approval of Settlement Agreement (Doc. 158, filed March 28, 2025) pursuant to Federal Rule of Bankruptcy Procedure 9019. The proposed Settlement Agreement, which resolves the adversary proceeding Webster v. Huertas, et al., Case No. 23-10025-ELG, is not in the best interests of the bankruptcy estate or its creditors and falls below the lowest point in the range of reasonableness. For the reasons set forth below, I respectfully request that the Court deny the Motion.

## I. Preliminary Statement

The Trustee seeks approval of a Settlement Agreement that resolves the adversary proceeding Webster v. Huertas, et al., Case No. 23-10025-ELG, for a payment of $65,000, a limited partnership interest in certain loans, and an additional $10,000, with potential for further recovery contingent on loan performance. The Trustee asserts that this settlement is fair and reasonable, citing litigation risks and costs. However, the Settlement Agreement grossly undervalues the estate's claims, which are grounded in a partnership between myself and Daniel Huertas, as evidenced by extensive documentation, including a September 20, 2019, email and other communications, and supported by District of Columbia partnership law. Moreover, the Trustee's failure to conduct adequate due diligence, including ignoring appraisals and investor outreach, further undermines the settlement's validity. Approving the settlement would deprive the estate of its rightful share of partnership assets, now valued at over $67 million, and prejudice creditors.

If this Objection is filed after the deadline specified in the Court's notice or Local Rule 9013-1, I respectfully request that the Court accept it due to my pro se status and diligent efforts to prepare a comprehensive response based on District of Columbia partnership law, appraisals, and the case record. Good cause exists to consider the Objection to protect the estate's interests, as I was unable to file earlier due to the complexity of reviewing legal documents, appraisals, and coordinating this response without counsel.

1

## II. Legal Standard for Approving Settlements

Under Federal Rule of Bankruptcy Procedure 9019(a), the Court may approve a settlement upon the Trustee's motion after notice and a hearing. The Court must determine whether the settlement is fair, equitable, and in the best interests of the estate, considering factors such as the probability of success in litigation, the complexity and expense of litigation, and whether the settlement falls within the range of reasonableness. In re Frye, 216 B.R. 166, 174 (Bankr. E.D. Va. 1997); In re Austin, 186 B.R. 397, 400 (Bankr. E.D. Va. 1995). A settlement should not be approved if it falls "below the lowest point in the range of reasonableness." Cosoff v. Rodman (In re W.T. Grant Co.), 699 F.2d 599, 608 (2d Cir. 1983). The Court is not to substitute its judgment for the Trustee's but must canvass the issues to ensure the settlement is reasonable. Id.

## III. The Settlement Agreement Is Not in the Best Interests of the Estate

The Settlement Agreement fails to meet the requisite standard for approval because it significantly undervalues the estate's claims, ignores compelling evidence of a partnership under District of Columbia law, and dismisses the potential for a substantial recovery through litigation in Case No. 23-10025-ELG. The Trustee's assertion that the settlement is reasonable is unsupported by the facts and law, as detailed below.

### A. The Estate's Partnership Claims Are Strong Under D.C. Law

The District of Columbia's Uniform Partnership Act of 2010 (D.C. RUPA), codified at D.C. Code §§ 29-601.01 to -611.01, governs partnership formation and obligations. A partnership exists when "two or more persons ... intend to associate together to carry on as co-owners for profit." Beckman v. Farmer, 579 A.2d 618, 627 (D.C. 1990); D.C. Code § 29-601.02(9). The customary attributes of a partnership include profit and loss sharing, joint control of decision-making, and capital contributions, but these are merely guideposts. Beckman, 579 A.2d at 627. The existence of a partnership is a question of fact, determined by the parties' intent as evidenced by their agreement, conduct, and surrounding circumstances. Id. at 628.

Substantial evidence supports the existence of a partnership between myself and Daniel Huertas. A September 20, 2019, email authored by Huertas confirms joint control over partnership activities, including the division of debt and management duties, a hallmark of partnership under D.C. law. See Beckman, 579 A.2d at 627; Queen v. Schultz, 747 F.3d 879, 888 (D.C. Cir. 2014). Additional writings and communications, including those related to a Commercial Deed of Trust executed on November 5, 2019, for Washington, D.C. properties, demonstrate our intent to associate as co-owners for profit and Huertas's financial authority within the partnership. Copies of these documents are available for submission to the Court upon request or may be obtained through discovery in Case No. 23-10025-ELG. The D.C. Circuit's ruling in Queen is instructive: the court reversed a summary judgment dismissal of a partnership claim based on less robust evidence than exists here, finding that email communications raised a genuine issue of material fact as to partnership formation. Id. at 881-82. Similarly, the evidence in this case strongly supports the estate's partnership claims, making litigation a viable and potentially lucrative path.

Moreover, D.C. law presumes a partnership where a party shares in the profits of a business, unless those profits are payment for services as an independent contractor or employee. D.C. Code § 29-602.02(c)(3); Beckman, 579 A.2d at 627. No evidence suggests my involvement with Huertas was as an employee or contractor; rather, our dealings reflect co-ownership and profit-sharing. Partners owe fiduciary duties of care and loyalty, including the obligation to account for partnership property and profits. D.C. Code § 29-604.07; Marmac Inv. Co. v. Wolpe, 759 A.2d 620, 626 (D.C. 2000). Huertas's failure to account for partnership assets held by WCP Fund I LLC and DP Capital LLC further strengthens the estate's claims in the adversary proceeding.

B. The Settlement Undervalues the Estate's Potential Recovery

The Settlement Agreement provides the estate with $65,000 in payments, a $10,000 interest in specific loans, and a 50% share of "net proceeds" from those loans after certain deductions, with no guaranteed recovery beyond the initial $75,000. This amount is woefully inadequate given the scope of the partnership's assets. The Trustee's complaint in Case No. 23-10025-ELG alleges that the partnership includes assets held by WCP and DPCL, which include a portfolio of 21 properties with a current appraised value of $67,075,000, reflecting a $31,279,495.37 appreciation from their purchase price of $35,795,504.63. The Settlement Agreement's "limited recognition of a partnership" for only four loans tied to two properties (5501-5505 1st Street, NW, and 423 Kennedy Street, NW) is oxymoronic and cherry-picks assets without justification, ignoring the broader partnership portfolio and opportunities. This limited scope fails to address Huertas's fiduciary duty to account for all partnership assets under D.C. Code § 29-604.07.

The Trustee acknowledges that recovery in litigation may be limited by the "underperformance" of partnership assets (Motion, ¶ 8), but this assumption is speculative and contradicted by appraisals showing significant value realization. If the partnership is proven, the estate could recover a substantial portion of profits, interest, and fees from all partnership activities, potentially millions, not merely a fraction of proceeds from four loans. The Queen case illustrates the potential for substantial recovery: the plaintiff sought a share of income from a television show based on a partnership agreement, and the court remanded for a jury to assess the claim. Id. at 881-82. Here, the estate's claims are similarly robust, and the Trustee's decision to settle for a nominal amount dismisses the likelihood of a favorable outcome in Case No. 23-10025-ELG.

C. Litigation Risks Do Not Justify the Settlement

The Trustee argues that litigation in Case No. 23-10025-ELG is risky due to potential defenses and reliance on my cooperation and credibility (Motion, ¶ 15). However, these concerns are overstated. The documentary evidence, including Huertas's emails and the Commercial Deed of Trust, provides a strong foundation for the partnership claim, reducing reliance on my testimony. The D.C. Circuit's holding in Queen demonstrates that such evidence can withstand summary judgment and warrant a trial. Id. at 888. Additionally, the complexity and cost of litigation do not justify abandoning a meritorious claim. The estate's potential recovery, given the $67,075,000 portfolio value, far outweighs the costs,

3

cP

especially given the statutory presumption of partnership and the Defendants' fiduciary obligations.

The Trustee's assertion that the Defendants "might otherwise prevail" (Motion, ¶ 15) is speculative and ignores the prematurity of summary judgment, as noted in Beckman: determining partnership status based on conduct and circumstances is fact-intensive and rarely resolved as a matter of law. Beckman, 579 A.2d at 630. The Settlement Agreement's release of all claims against the Defendants (Settlement Agreement, § 5) further harms the estate by foreclosing recovery of additional partnership assets, contrary to the Trustee's duty to maximize estate value.

## IV. The Settlement Falls Below the Range of Reasonableness

The Settlement Agreement falls below the lowest point in the range of reasonableness because it surrenders valuable claims in Case No. 23-10025-ELG for a fraction of their potential value. The estate's partnership interest, supported by D.C. law and substantial evidence, entitles it to a share of all partnership profits and assets, including a portfolio now valued at $67,075,000, not merely a limited interest in four loans. The Trustee's decision to settle reflects an overly cautious approach that undervalues the estate's position and disregards the strength of the partnership claim. Approving the settlement would prejudice creditors and reward the Defendants for breaching their fiduciary duties.

## V. The Trustee's Lack of Due Diligence Undermines the Settlement's Validity

The Trustee's failure to conduct thorough due diligence further renders the Settlement Agreement unreasonable and contrary to the estate's interests. The Trustee claims to have reviewed "various documents" and negotiated with the Defendants (Motion, ¶ 8), yet there is no evidence that the Trustee examined critical appraisals conducted by Huertas and Washington Capital Partners, which demonstrate the realized value of the partnership's 21-property portfolio, now appraised at $67,075,000. These appraisals, attached hereto as Exhibits A through U, reflect a $31,279,495.37 appreciation from the original purchase price of $35,795,504.63, underscoring the partnership's significant asset base. The Trustee's failure to consider these appraisals, which were prepared by the Defendants themselves, calls into question the adequacy of the investigation and the assertion that partnership assets are "underperforming."

Moreover, the Trustee has failed to engage with investors and prior attorneys who reached out with offers of funds to support the litigation or purchase estate assets. These parties, whose identities and correspondence are summarized in Exhibit V (Declaration of Charles Paxton Paret), expressed willingness to provide financial backing or acquire partnership interests, potentially increasing the estate's recovery beyond the settlement's $75,000. The Trustee's lack of response to these overtures suggests a disregard for maximizing estate value, a core fiduciary duty under 11 U.S.C. § 704(a)(1). By ignoring these opportunities and failing to conduct a comprehensive analysis of the partnership's assets, including a full accounting as required by D.C. Code § 29-604.07, the Trustee has not fulfilled the obligation to act in the best interests of creditors.

4

The Trustee's limited recognition of a partnership for only four loans (Settlement Agreement, § 3) is not only legally deficient but also a direct result of this inadequate investigation. A proper review of the appraisals and investor correspondence would have revealed the partnership's true scope and value, compelling a more robust litigation strategy rather than a premature settlement. The Court should not approve a settlement based on such deficient due diligence, as it fails to meet the reasonableness standard under In re Frye, 216 B.R. at 174.

## VI. Request for Relief

For the foregoing reasons, I respectfully request that the Court:

1. Deny the Trustee's Motion for Approval of Settlement Agreement (Doc. 158); 2. Direct the Trustee to pursue the adversary proceeding, Webster v. Huertas, et al., Case No. 23-10025-ELG, to protect the estate's partnership interests; 3. Order the Trustee to conduct a full accounting of the partnership's assets, including a review of all appraisals and investor correspondence; and 4. Grant such other and further relief as the Court deems just and proper.

Dated: June 18, 2025

Respectfully submitted,
/s/ Charles Paxton Paret
Charles Paxton Paret, Pro Se
343 First St
Berryville, VA 22611
202-834-7673
charles_paret@hotmail.com



## CERTIFICATE OF SERVICE

I hereby certify that on June 18, 2025, I served a copy of the foregoing Objection and attached Exhibits A through V via first-class mail, postage prepaid, upon all parties on the case mailing matrix, including:

Justin P. Fasano
Janet M. Nesse
McNamee Hosea
6404 Ivy Lane, Suite 820
Greenbelt, MD 20770

Due to the volume of Exhibits A–U, parties may request copies from the undersigned.

/s/ Charles Paxton Paret
Charles Paxton Paret
343 First St
Berryville, VA 22611

202-834-7673
charles_paret@hotmail.com

6

