The order below is hereby signed.

Signed: July 3 2025



Elizabeth L. Gunn
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF COLUMBIA

**In re:**                                          **Case No. 23-00217-ELG**

**Charles Paxton Paret,**                           **Chapter 7**
**Debtor.**

## ORDER ESTABLISHING DEADLINES AND SETTING
## <u>EVIDENTIARY HEARING ON SETTLEMENT MOTION</u>

On June 25, 2025, the Court held an initial hearing on the *Motion for Approval of Settlement Agreement Pursuant to Fed. R. Bankr. P. 9019* (ECF No. 158) (the "Settlement Motion") and the responses filed thereto. This order establishes important deadlines and sets an evidentiary hearing on the Settlement Motion. Deadlines set forth herein shall not be modified without further order of the Court.

Therefore, it is **ORDERED**, **ADJUDGED**, and **DECREED** that:

1)      An evidentiary hearing on the Conversion Motion shall be held on **August 12, 2025, at 9:00 a.m.** The hearing will be held in Courtroom 1, United States Courthouse, 333 Constitution Ave NW, Washington, DC 20001.

2)      Discovery shall be limited to written discovery requests, except for a one-day deposition of Wendell W. Webster, chapter 7 trustee (the "Trustee"). The deadline for the parties to issue written discovery requests is **July 9, 2025**. The deadline for the parties to complete written discovery is **July 30, 2025**.

3)      The deadline for the parties to complete the deposition of the Trustee is **August 6, 2025**. On or before **August 8, 2025**, the parties shall file a list of witnesses and a list of proposed exhibits and the proposed exhibits in accordance with Federal Rules of Bankruptcy Procedure 7026(a)(3)(A) and Local Bankruptcy Rule 9070-1. The list of exhibits and list of witnesses may be combined as set forth in Local Bankruptcy Rule 9070-1(a)(1).

4)      Should the parties reach agreement on material facts, they shall file a joint stipulation of such material facts on or before **August 11, 2025**.

5)      Pursuant to Local Bankruptcy Rule 9019-2, the Court encourages the parties to meet and consult with each other to achieve settlement. The use of mediation as an alternative dispute resolution process in all adversary proceedings, contested, and other matters is authorized. A motion for Court approval of non-judicial or neutral mediation is not required. However, such mediation shall not alter any deadlines in an applicable scheduling order absent further order of the Court. The parties should refer to Local Bankruptcy Rule 9019-2 as to alternative dispute resolution options and procedures for participating in the Circuit Court's Mediation Program.

6)      If the parties reach a settlement, they shall promptly file a motion pursuant to Bankruptcy Rule 9019 and Local Bankruptcy Rule 9019-1 requesting approval of the settlement.

7)      Parties should contact the Court's courtroom deputy prior to the hearing for Zoom instructions and familiarize themselves with General Order 2024-03, *Order Establishing Hearing Protocols Before Judge Gunn*.

[Signed and dated above.]

Copies to: Parties who receive electronic notice.