IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | Bankruptcy Case No.: 23-00217-ELG |
| CHARLES PAXTON PARET, | ) | Adversary Case No.: 23-10025-ELG |
| | ) | |
| Debtor. | ) | Chapter 7 |
| | ) | |

CREDITORS WELCH FAMILY LIMITED PARTNERSHIP FOUR, WELCH FAMILY LIMITED PARTNERSHIP FIVE, WELCH FAMILY LIMITED PARTNERSHIP NINE, WELCH FAMILY LIMITED PARTNERSHIP TWENTY-ONE, AND KENNETH WELCH'S FIRST SET OF INTERROGATORIES TO DANIEL HUERTAS, WASHINGTON CAPITAL PARTNERS, DP CAPITAL, LLC, AND WCP FUND I, LLC

Pursuant to Rule 7033 of the Federal Rules of Bankruptcy Procedure and Rule 33 of the Federal Rules of Civil Procedure, and the Court's order permitting discovery concerning the Motion to Approve Settlement, Dkt. 173, Creditor Welch Family Limited Partnership Four, Welch Family Limited Partnership Five, Welch Family Limited Partnership Nine, Welch Family Limited Partnership Twenty-One, And Kenneth Welch ("Welch") hereby serves the following Interrogatories on the Defendants to the Litigation supra, namely Daniel Huertas, Washington Capital Partners, DP Capital, LLC, and WCP Fund I, LLC. Each Defendant is required to answer the Interrogatories separately and fully under oath, and to serve responses within the time prescribed by the applicable rules or any scheduling order of the Court.

DEFINITIONS

1. "You," and "Your," means Daniel Huertas, Washington Capital Partners, DP Capital, LLC, or WCP Fund I, LLC, and includes, where applicable, that Defendant's agents,

employees, members, officers, directors, representatives, attorneys, and any other persons or entities acting or purporting to act on their behalf.

2. WCP, and includes its agents, representatives, attorneys, accountants, consultants, and any other persons acting or purporting to act on his behalf.

3. "Bankruptcy Estate" means the estate created upon the filing of the bankruptcy petition in Case No. 23-00217-ELG, including all property, rights, claims, causes of action, or other interests of the Debtor, Charles Paxton Paret, that are or were property of the estate.

4. "Debtor" means Charles Paxton Paret, the debtor in Bankruptcy Case No. 23-00217-ELG.

5. "Litigation" means the action captioned *Webster v. Huertas, et al.*, Adv. Proc. No. 23-10025-ELG (Bankr. D.D.C.), including all versions of the complaint (including the Third Amended Complaint), and all related pleadings, discovery, motions, hearings, or other proceedings.

6. "Third Amended Complaint" means the Third Amended Complaint filed by the Trustee in the Litigation, and includes all allegations, exhibits, attachments.

7. "Settlement Agreement" means the document titled Settlement Agreement, attached as Exhibit A to the Motion for Approval of Settlement Agreement Pursuant to Fed. R. Bankr. P. 9019, Dkt. 158, in Bankruptcy Case No. 23-00217-ELG, and includes any drafts, related correspondence, and side agreements or understandings related thereto.

8. "Motion to Approve" means the Trustee's Motion for Approval of Settlement Agreement Pursuant to Fed. R. Bankr. P. 9019, filed on or about March 28, 2025, at Dkt. 158 in Bankruptcy Case No. 23-00217-ELG.

9. "Huertas" means Daniel Huertas, a named defendant in the Litigation, and includes any persons or entities acting or purporting to act on his behalf, including employees, agents,

attorneys, representatives, or affiliates.

10. "WCP" means the entity or trade name identified as a defendant in the Litigation as Washington Capital Partners and includes any affiliated entities or d/b/a operations, and all persons or entities acting or purporting to act on its behalf, including agents, employees, officers, directors, representatives, or attorneys.

11. "DP Capital" means DP Capital, LLC, a named defendant in the Litigation, and includes its officers, directors, employees, members, agents, representatives, affiliates, and any other person or entity acting or purporting to act on its behalf.

12. "WCP Fund I" means WCP Fund I, LLC, a named defendant in the Litigation, and includes its officers, directors, employees, members, agents, representatives, affiliates, and any other person or entity acting or purporting to act on its behalf.

13. "Defendants" means collectively and individually Huertas, WCP, DP Capital, and WCP Fund I, as well as any other affiliated entities or trade names used by or associated with the foregoing Defendants.

14. "Document" shall have the broadest meaning under Federal Rule of Civil Procedure 34 and Federal Rule of Bankruptcy Procedure 7034, and includes without limitation all writings, records, memoranda, reports, contracts, emails, letters, notes, presentations, spreadsheets, text messages, communications, data compilations, electronically stored information, and any other tangible or recorded information, regardless of format.

15. "Communication" means any oral or written exchange of information, including but not limited to meetings, conversations, telephone calls, emails, letters, text messages, voicemails, or other forms of interaction or correspondence.

16. "Identify" when used with respect to a person, means to provide their full name,

title, current or last known address, and their relationship to the matter at issue. When used with respect to a document, it means to state the type of document, its title or subject, its date, author(s), recipient(s), and its present or last known location or custodian.

17. "Relating to," "Referring to," "Concerning," or "Regarding" means directly or indirectly mentioning, describing, reflecting, evidencing, constituting, supporting, refuting, contradicting, summarizing, memorializing, or otherwise pertaining to the subject matter of the request.

## INTERROGATORIES

1. Identify all individuals who participated in any discussions, negotiations, or communications with Trustee Webster regarding the proposed compromise that is the subject of the Motion to Approve Compromise filed in Bankruptcy Case No. 23-00217-ELG, including each individual's name, title, employer, role in the process, and the specific matters discussed.

2. Describe in detail all financial or other consideration that you have offered or agreed to provide to the bankruptcy estate in connection with the proposed compromise, including the valuation methodology used to determine such amounts.

3. Identify all documents, communications, and information you provided to Trustee Webster concerning the claims against you in Adversary Case No. 23-10025-ELG, including when and how each item was provided.

4. Describe your financial condition and ability to satisfy a judgment if the claims against you in Adversary Case No. 23-10025-ELG were litigated to conclusion rather than settled, including identifying all assets, liabilities, income sources, and financial constraints.

5. Identify all communications you had with any representative of the Debtor, Charles Paxton Paret, regarding the claims against you or the proposed compromise from the filing of the bankruptcy petition to the present.

6. Describe all facts, information, and legal arguments you presented to Trustee Webster regarding the probability of success in litigation of the claims against you in Adversary Case No. 23-10025-ELG.

7. Identify all alternative settlement terms or proposals that you offered or discussed with Trustee Webster before reaching the proposed compromise, including the terms of each alternative and why they were not ultimately agreed upon.

8. Describe all communications you had with Trustee Webster regarding the complexity, expense, and likely duration of litigation if the claims against you were pursued rather than settled.

9. Identify all communications you had with any creditor of the bankruptcy estate regarding the proposed compromise prior to the filing of the Motion to Approve Compromise.

10. Describe all facts and information you provided to Trustee Webster regarding your defenses to the claims against you in Adversary Case No. 23-10025-ELG.

11. Identify all individuals who participated in the valuation of the claims against you in Adversary Case No. 23-10025-ELG for settlement purposes, including each individual's name, title, employer, role in the process, and the specific analyses they performed.

12. Describe all communications you or your representative had with Trustee Webster regarding the proposed compromise.

13. Identify all documents and information you provided to Trustee Webster regarding the proposed compromise or the Litigation.

14. Identify all professionals, including attorneys, accountants, or financial advisors, who assisted you in evaluating or negotiating the proposed compromise, including their names, qualifications, and the specific tasks they performed.

15. Identify all meetings, telephone conferences, or other direct communications between you or your representatives and Trustee Webster regarding the proposed compromise, including the date, time, location, participants, and matters discussed.

16. Identify all individuals with knowledge of the facts underlying the claims against you in Adversary Case No. 23-10025-ELG whom you identified to Trustee Webster.

Respectfully submitted,

/s./Todd Lewis\_\_\_\_\_
Todd Lewis, Esq. DC Bar No. 497852
Kitsune Lyon, PLC
1007 N. Federal Highway, Suite 2005
Fort Lauderdale, FL 33304
(202) 550-9898
todd.lewis@tllgpc.com
*Counsel for the Welch Group*

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of July, 2025, a true and correct copy of the foregoing document was served via electronic mail on the following:

Justin P. Fasano
McNamee Hosea, P.A.
6404 Ivy Lane, Ste 820, Greenbelt, MD 20770
jfasano@mhlawyers.com
*Counsel for Trustee Wendell Webster*

Kellee Baker
KB Law Firm, 7600 Ora Glen Drive #1691, Greenbelt, MD 20768
kblawfirm@gmail.com
*Counsel for Yi Rong Jean LLC*

Kenneth J. Barton, Jr.
Steptoe & Johnson PLLC, 1250 Edwin Miller Blvd, Ste 300, Martinsburg, WV 25404
kenneth.barton@steptoe-johnson.com
*Counsel for United Bank*

Alexandra DeSimone
David Gaffey
Whiteford Taylor & Preston LLP
adesiomone@wtplaw.com
dgaffey@whitefordlaw.com
*Counsel for Rajat Batra*

Daniel K. Eisenhauer
ecfaccount@orlans.com
*Counsel for Servis One, Inc. d/b/a BSI Financial Services*

Alan D. Eisler
aeisler@e-hlegal.com
*Counsel for Calliecorp, LLC*

Robert W. Angle
anglew@gtlaw.com
*Counsel for John W. Gosnell*

Vanessa Carpenter Lourie
vlourie@carpenterlourie.com
*Counsel for Luke Kamel*

Jeffery T. Martin
John E. Reid
jeff@martinlawgroup.com / jack@martinlawgroup.com
*Counsel for Debtor Charles Paret*

Mark Meyer
bankruptcy@rosenberg-assoc.com
*Counsel for Servis One, Inc.*

Gregory C. Mullen
bankruptcy@bww-law.com
*Counsel for Pennymac Loan Services, LLC*

James D. Sadowski – *Counsel for Manik Chamarthy, Manjula Sure, and others*
jds@gdllaw.com

Donald M. Temple
dtemplelaw@gmail.com
*Counsel for Debtor Charles Paret*

Maurice B. VerStandig
mac@mbvesq.com
*Counsel for Petitioning Creditors, incl. DP Capital LLC and WCP Fund I LLC*

                                                */s/ Todd Lewis*
                                                Todd Lewis