IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| IN RE: | ) | Case No. 23-217-ELG |
| | ) | |
| Charles Paxton Paret | ) | (Chapter 7) |
| | ) | |
| Debtor. | ) | |
| | ) | |

## Declaration of Daniel Huertas

1. My name is Daniel Huertas, I am over the age of eighteen, and I am competent to testify to the matters set forth herein.

2. I am familiar with various loans made by WCP Fund I LLC and/or DP Capital LLC, to one or more entities under the control of Charles Paret (collectively, the "Paret Entities," with the loans being known as the "Paret Loans").

3. For the avoidance of ambiguity, none of the Paret Loans were actually made to Charles Paret individually; each such loan was made to one or more of the Paret Entities.

4. Each of the Paret Loans was secured by one or more deeds of trust on real property (the "Paret Deeds of Trust").

5. I am aware that many of the Paret Deeds of Trust were subsequently foreclosed, with the correlative properties (the "Paret Properties") being sold at auction.

6. None of the Paret Properties are owned by WCP Fund I LLC, DP Capital LLC or me individually.

7. While some of the Paret Properties are presently held by special purpose entities in which WCP Fund I LLC and/or DP Capital LLC hold an interest, none of the Paret Properties are directly owned by WCP Fund I LLC and/or DP Capital LLC.

8. Every one of the Paret Properties that are currently owned by a special purpose entity in which WCP Fund I LLC and/or DP Capital LLC hold an interest, are also burdened by obligations in favor of a bona fide third party not under common control with WCP Fund I LLC and/or DP Capital LLC, with the exception of 1236 Simms PL, NE, Washington, DC, which is a property that was foreclosed by Capital Bank, National Association and where a special purpose entity controlled by WCP Fund I LLC acquired the asset at public auction.

9. I do not believe that, at any time, I formed a partnership with Charles Paret.

10. At no time did I communicate with legal counsel, for myself, WCP Fund I LLC and/or DP Capital LLC, concerning the formation of an alleged partnership with Charles Paret, until *after* Charles Paret commenced topical litigation.

11. I did not previously communicate with counsel concerning an alleged partnership because I did not ever believe an alleged partnership was actually being formed and, as such, I had no reason to communicate with counsel concerning the drafting of a partnership agreement.

12. If I intended to enter into a partnership with Charles Paret, either in my own name or through any legal entity with which I am associated, I would have directed legal counsel to draft a partnership agreement for both sides' review and execution.

13. For the avoidance of doubt, I do *not* construe the foregoing paragraphs to be a waiver or abrogation of my attorney/client privilege, or of the privilege held by WCP Fund I LLC and/or DP Capital LLC, insofar as the paragraphs only address what was *not* discussed with counsel.

14. I have produced all of my text messages with Charles Paret, from the date on which he indicated an alleged partnership to have been formed through the date on which he was adjudicated to be a debtor in bankruptcy.

15. WCP Fund I LLC and DP Capital LLC have produced to counsel for Wendell Webster, through their own counsel, all documents they believe to be relevant or pertinent to the alleged existence of a partnership, *except* that where Wendell Webster was already in possession of relevant documents (presumably from a third party), redundant copies have not been produced; neither WCP Fund I LLC nor DP Capital LLC is withholding any documents that it believes relevant to the issue, nor am I personally withholding any documents that I believe relevant to the issue.

16. WCP Fund I LLC and DP Capital LLC have, in the aggregate, experienced a net loss of money on the Paret Loans that correlate to Paret Deeds of Trust that were foreclosed after the making of the loans.

17. Further declarant sayeth naught.

I declare under penalty of perjury that the foregoing is true and correct.

Daniel Huertas

3